# Exhibit A

ORIGINAL

FILED

APR 06 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Summons iss

1  Linda J. Thayer, Esq. (SBN 195,115)
   linda.thayer@finnegan.com
2  Jeffrey E. Danley, Esq. (SBN 238,316)
   jeff.danley@finnegan.com
3  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
4  Stanford Research Park
   3300 Hillview Avenue
5  Palo Alto, California  94304-1203
   Telephone:    (650) 849-6600
6  Facsimile:    (650) 849-6666

7  Attorneys for Plaintiffs
   FINANCIAL FUSION, INC. and SYBASE, INC.
8
9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12  FINANCIAL FUSION, INC., and SYBASE, INC.   CASE NO. C 06 - 02451 PVT

13            Plaintiffs,                      COMPLAINT FOR DECLARATORY
                                               JUDGMENT OF NON-
14       v.                                    INFRINGEMENT

15  ABLAISE LTD., and GENERAL INVENTORS        DEMAND FOR JURY TRIAL
    INSTITUTE A, INC.
16
            Defendants.
17

18

19                    __Introduction and Background__

20       1.    Financial Fusion, Inc. ("FFI") and Sybase, Inc. ("Sybase") (together "Plaintiffs")

21  hereby bring this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General

22  Inventors Institute A, Inc. ("GIIA") (together "Defendants").  Specifically, Plaintiffs seek, among

23  other things, declaratory judgments of non-infringement of U.S. Patent No. 6,961,737 ("the '737

24  patent"), titled "Serving Signals."

25       2.    Pursuant to a licensing and development agreement with First Tennessee Bank

26  National Association ("First Tennessee"), Home Financial Network, Inc. ("HFN") provided web-

27  based software for performing financial transactions and website development services to First

28

                                                                      COMPLAINT

1  Tennessee and First Horizon National Corporation ("First Horizon").  On information and belief,

2  First Horizon is First Tennessee's parent company.

3        3.     The license agreement between HFN and First Tennessee includes an indemnification

4  provision allowing HFN to defend and settle claims of infringement involving software developed

5  under the agreement.

6        4.     In 2000, HFN merged with the Financial Server Software division of Sybase, Inc.,

7  creating FFI, a wholly-owned subsidiary of Sybase, Inc.

8        5.     FFI provided website development and hosting services to Bank of America

9  Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification

10  provision allowing FFI to defend and settle claims of infringement involving software developed

11  under the agreement

12        6.     On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to

13  BATO alleging that its militarybank.bankofamerica.com website implements "core features" of the

14  '737 patent.  On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually

15  identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also

16  practice the invention of the '737 patent.  With both letters, Ablaise provided what it called a

17  "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the

18  accused websites.  The "infringement analysis" came in the form of a CD-ROM entitled "Ablaise

19  Patent Information Kit," that compared elements of claim 1 to each of the subject websites.  Each

20  CD-ROM contained a section titled "Infringement of Ablaise's '737 patent."

21        7.     In both letters, Ablaise stated it has initiated "a licensing program" in the United

22  States in 2005.  As part of this "licensing program," Ablaise has licensed one or more of its U.S.

23  patents, including the parent of the '737 patent, U.S. Patent No. 6,295,530 ("the '530 patent"), to at

24  least the following corporations:  CDW Corporation, Citigroup Corporation, Salesforce.com, and

25  Shopping.com.  On information and belief, Salesforce.com is a corporation residing in this district in

26  San Francisco, CA and Shopping.com is a company residing in this district in Brisbane, CA.

27        8.     First Horizon promptly responded to Ablaise's U.S. counsel on February 16, 2006,

28  indicating that it would consider the applicability of the '737 patent to its websites and respond to

1

COMPLAINT

1    Ablaise shortly.  First Horizon then contacted FFI, which began its own analysis of Ablaise's claims.

2    BATO also provided a copy of the patent demand letter and materials it received from Ablaise to

3    FFI.

4         9.      Before FFI had completed its analysis, and only a little more than a month after

5    sending the initial notice letters, Ablaise sent First Horizon a second letter on March 24, 2006,

6    threatening the initiation of a lawsuit for patent infringement.  A true and correct copy of this letter is

7    attached as Exhibit A.  The letter indicates that Ablaise received the February 16, 2006,

8    correspondence from First Horizon, and thus knew that First Horizon was considering its claims.

9         10.     Defendants Ablaise and GIIA have filed at least four separate lawsuits in United

10   States District Courts alleging infringement of the '530 patent, the parent to the '737 patent.

11   Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in

12   October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade

13   Securities, LLC. in the Northern District of California in February, 2005, and September, 2005,

14   respectively.  The fact that Defendants have on two occasions chosen to file lawsuits in the Northern

15   District of California involving related subject matter indicates Defendants' willingness to subject

16   themselves to jurisdiction in this forum.

17                                        **Parties**

18        11.     Plaintiff Sybase is a Delaware corporation with a place of business at One Sybase

19   Drive, Dublin, CA, and doing business in this district.  For over twenty years, Sybase has been a

20   leader in developing and expanding innovative database technology for emerging markets, including

21   financial services, telecommunications, health care, and government.

22        12.     Plaintiff FFI is a Delaware corporation with a place of business at One Sybase Drive,

23   Dublin, CA, and doing business in this district.  FFI is a wholly-owned subsidiary of Sybase, Inc.

24        13.     Defendant Ablaise is, on information and belief, a British corporation with its

25   principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

26        14.     Defendant GIIA is, on information and belief, a British Virgin Islands corporation

27   with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British

28   Virgin Islands.

COMPLAINT

## Jurisdiction

15.     Plaintiffs bring this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgments of non-infringement with respect to the '737 patent.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

17.     On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum. Defendants Ablaise and GIIA have purposefully availed themselves of the privilege of doing business in California by negotiating and granting licenses with Salesforce.com, a company residing in San Francisco, CA, and Shopping.com, a company residing in Brisbane, CA, and presumably deriving income therefrom. Defendants have also initiated litigation against two California corporations, Salesforce.com, and E*Trade Securities, LLC, in the Northern District of California in February, 2005, and September, 2005, respectively. Both litigations alleged infringement of the '530 patent, the parent of the '737 patent.

18.     In addition, jurisdiction is proper in Northern District of California under Fed. R. Civ. P. 4(k)(2). The cause of action arises under federal law. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States in the form of the '737 and '530 patents, announced that they have granted licenses to a number of major United States companies under one or more patents and are presumably deriving income therefrom, entered into negotiations with United States companies to license the '737 patent and related patents, and initiated litigation against United States companies in various United States District Courts, including the Northern District of California. Furthermore, Defendant Ablaise has used U.S. counsel to send notice letters to both First Horizon and BATO falsely alleging that they infringe the '737 patent.

19.     Venue is proper in this court under 28 U.S.C. § 1391(d).

COMPLAINT

**INTRADISTRICT ASSIGNMENT**

20.     The San Jose Division of the Northern District of California is the proper division to hear this matter because Plaintiffs do business in the San Jose division and Plaintiffs have suffered injury in this Division.

**Count One:**
**Declaratory Judgment of No Infringement of the '737 Patent**

21.     Plaintiffs restate and re-allege the allegations set forth in paragraphs 1 through 20 and incorporate them by reference.

22.     On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to BATO alleging that the militarybank.bankofamerica.com website implements "core features" of the '737 patent.  On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent.  With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites.

23.     In the correspondence of March 24, 2006, U.S. counsel for Defendant Ablaise threatened to initiate a suit for patent infringement against First Horizon for infringing the '737 patent.  The websites implicated by Ablaise in its notice letters were developed at least in part by FFI, a wholly-owned subsidiary of Sybase, or its predecessors, under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software.

24.     Plaintiffs do not infringe, directly, indirectly, contributorily, or otherwise, the '737 patent.

25.     As evidenced by the threatening letter of March 24, 2006 from counsel for Defendant Ablaise to First Horizon and the willingness of Defendants Ablaise and GIIA to initiate litigation involving related patents, and owing to the indemnification provision allowing FFI to defend and settle, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

COMPLAINT

**Prayer for Relief**

Wherefore, Plaintiffs FFI and Sybase pray that this Court:

A. Declare that Plaintiffs FFI, Sybase, and their customers, First Tennessee, First Horizon, and BATO, have not infringed the '737 patent either directly or indirectly;

B. Declare this case exceptional under 35 U.S.C. § 285 and award Plaintiffs their costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court;

C. Award Plaintiffs any other and further relief as this Court may deem just and proper.

**Demand for Jury Trial**

Plaintiffs demand a trial by jury on all matters properly tried by jury.


Dated: April 6, 2006

By: _Linda J. Thayer_
Linda J. Thayer
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:(650) 849-6600
Facsimile: (650) 849-6666


Attorneys for Plaintiffs,
FINANCIAL FUSION, INC., and SYBASE, INC.

5

COMPLAINT

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET · SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. MCANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

March 24, 2006

### VIA FEDERAL EXPRESS

James P. Googe, Jr.
Senior Vice President & Counsel
First Horizon National Corporation
165 Madison Avenue
Memphis, Tennessee 38103

**Re:    *First Horizon – Ablaise Ltd. (US Patent No. 6,961,737)***

Dear Mr. Googe:

We are writing further to our February 7, 2006 letter addressed to Mr. Ken Glass.

Since receiving your February 16, 2006 letter, we have not heard further from First Horizon. This is troubling and, in the absence of some response, we will have no recourse but to initiate a suit for patent infringement.

Please contact me at your earliest convenience.

Sincerely yours,

*Tom Scavone (mm)*

Thomas G. Scavone

TGS:mm
cc:    Mark Bernstein (by email)
       Ablaise