# Exhibit B

Linda J. Thayer (SBN 195,115)
Lily Lim (SBN 214,536)
Jeffrey E. Danley (SBN 238,316)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666
Email:  linda.thayer@finnegan.com
Email:  lily.lim@finnegan.com
Email:  jeff.danley@finnegan.com

Attorneys for Plaintiff
FINANCIAL FUSION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC.<br><br>              Plaintiff,<br><br>       v.<br><br>ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC.<br><br>              Defendants. | CASE NO. C06-02451 PVT<br><br>**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date:  December 12, 2006<br>Time: 10:00 a.m.<br>Judge: Honorable Patricia V. Trumbull |

1    PLEASE TAKE NOTICE that on December 12, 2006, at 10:00 a.m., or as soon thereafter as

2   the matter may be heard before the Honorable Patricia V. Trumbull, Plaintiff Financial Fusion, Inc.

3   (FFI) will and hereby does move this Court for an Order granting Plaintiff leave to file a Second

4   Amended Complaint in this litigation.  FFI brings this Motion to add counts seeking declaratory

5   judgments of non-infringement and invalidity of U.S. Patent No. 6,295,530 ("the '530 Patent"), the

6   parent patent to U.S. Patent No. 6,961,737 ("the '737 Patent) that is already at issue in this litigation.

7    This motion is based upon this Notice of Motion, the accompanying Memorandum of Points

8   and Authorities, the Declaration of Linda Thayer, all papers and pleadings on file, and such

9   additional argument and evidence as may be presented to the Court at or prior to the hearing on this

10   Motion.

11   **MEMORANDUM OF POINTS AND AUTHORITIES**

12   **I.    INTRODUCTION**

13    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff FFI seeks an order

14   granting leave to amend its complaint that already seeks declaratory judgments of non-infringement

15   and invalidity of the '737 Patent to add additional claims of non-infringement and invalidity of the

16   '530 Patent that is the parent patent to the '737 Patent.  A copy of FFI's proposed Second Amended

17   Complaint is attached to this brief as Exhibit 1.

18    On April 6, 2006, after Declaratory Judgment Defendants Ablaise Ltd. and General

19   Inventions Institute A, Inc., (collectively, "Defendants") asserted that FFI's customers using FFI's

20   products, including Bank of America, allegedly infringe the Defendants' '737 Patent, FFI filed a

21   declaratory judgment action to defend its customers pursuant to an indemnification agreement.  In

22   disregard for FFI's first-filed action in this jurisdiction, Defendants subsequently filed suit against

23   FFI's customer, Bank of America, in Delaware on August 28, 2006, charging Bank of America with

24   infringing the same '737 Patent.  On October 10, 2006, Defendants amended their Delaware

25   complaint to add a claim of infringement of the '530 Patent against Bank of America.  FFI now

26   seeks to add the parent '530 Patent to this litigation -- the first-filed action between these parties on

27   this subject matter.

28

MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
C06-02451 PVT

The Ninth Circuit instructs that courts should be extremely liberal in allowing plaintiffs to amend their complaints, particularly at an early stage in the litigation. Thus, the burden is upon Defendants to show that FFI's complaint should not be amended. Defendants must prove that (a) Plaintiffs have acted in bad faith, (b) that this motion is untimely, (c) Defendants would suffer prejudice as a result of this amendment, and (d) the proposed amendment would be futile. Defendants cannot meet their burden, and therefore this motion should be granted.

All the evidence shows that FFI acted in good faith, notifying Defendants of its intention to add the '530 Patent. FFI acted promptly within days of learning that Defendants had accused its customer of infringing the '530 Patent. Defendants would suffer no prejudice because this litigation is in the very early stages, with the Case Management Conference previously scheduled for September 26, 2006 continued to a yet to be determined date. To date, no discovery has been served or taken that would require amendment upon entry of this Second Amended Complaint. Moreover, the proposed amendment would not be futile.

Furthermore, the '530 Patent is the parent of the '737 Patent already at issue in this litigation, and this Court has already determined that it has jurisdiction of the '737 Patent and these parties. Judicial economy would be served by allowing the issues of non-infringement and invalidity of the parent '530 Patent to be resolved by this Court at the same time as the non-infringement and invalidity of the child '737 Patent.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff FFI and its parent Sybase, Inc. filed a Complaint on April 6, 2006 ("Complaint") seeking a declaratory judgment of non-infringement of the '737 Patent, a continuation of the '530 Patent. *See* Complaint, ¶ 1. They requested declaratory relief after Defendants sent letters to two customers of FFI, including Bank of America, accusing the customers' websites designed by FFI of infringing the '737 patent. Before Defendants filed an Answer, Plaintiffs filed an Amended Complaint adding a request for declaration judgment of invalidity of the '737 Patent for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112. *See Amended Complaint,* ¶ 25.

**MOTION FOR LEAVE TO FILE A**
**SECOND AMENDED COMPLAINT**
C06-02451 PVT

On July 26, 2006, in lieu of an answer, Defendants filed a Motion to Dismiss the Amended Complaint, alleging that this Court lacked subject matter jurisdiction on the basis that Defendants had never contacted FFI or Sybase directly, only its customers, such as Bank of America.  Plaintiffs filed their Opposition to the Motion on August 22, 2006, citing their fear that if this action were not allowed to proceed in this judicial district, Defendants would be free to continue harassing their customers, including Bank of America, by filing suit in other judicial districts.

On August 28, 2006, Defendants did just that, filing suit against Bank of America in Delaware, alleging infringement of the '737 Patent, the same patent already at issue in this litigation. *See* Declaration of Linda J. Thayer ("Thayer Decl."), ¶1, Ex. A (*Ablaise et al. v. Bank of America*, Civil Action No. 06-530-SLR (D. Delaware) ("the Delaware action")).  Defendants' Complaint in the Delaware action so broadly describes the allegedly infringing Bank of America technology that it encompasses the same Military Bank website that FFI is already defending against infringement in the instant action.  Thayer Decl., ¶1.

Rejecting Defendants' arguments that this Court should decline jurisdiction and allow its second-filed action to proceed in Delaware, on September 27, 2006, this Court denied Defendants' Motion to Dismiss as to FFI, finding that jurisdiction was proper in this judicial district, where FFI could defend all of its customers, including Bank of America and its Military Bank website, in one lawsuit. *See Order Denying Motion to Dismiss*, pp. 5-6.  As neither side had focused on the issue of the propriety of Sybase as a party during oral argument, this Court gave Sybase two weeks from the date of the Order to submit additional briefing on the subject, or be dismissed as a party. *Id.*  Sybase chose not to present additional briefing and therefore, two weeks later, on October 11, 2006, the tentative dismissal of Sybase became the final order of the court.  Thayer Decl., ¶2.

Despite this Court's denial of Defendants' Motion to Dismiss and the first-filed status of this present action concerning the '737 patent, Defendants are continuing their action on the '737 Patent in Delaware.  Thayer Decl., ¶3.  In fact, on October 10, 2006, Defendants filed a First Amended Complaint in the Delaware action, adding a claim of infringement of the '530 Patent against Bank of America to which, as mentioned above, FFI must respond in light of its indemnity agreement with Bank of America.  Thayer Decl., ¶3, Ex. B (Defendants' First Amended Complaint in Delaware).

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
C06-02451 PVT

1    On October 26, 2006, after Defendants accused Bank of America of infringing the '530

2 Patent in the Delaware action, FFI asked Defendants to stipulate to FFI's filing of a Second

3 Amended Complaint in this action. Thayer Decl., ¶¶4-5, Ex. C (Thayer email to Defendants'

4 counsel). FFI informed Defendants that it was seeking to add a claim of invalidity of the '530 Patent

5 in light of the fact that Defendants had amended their complaint in Delaware to allege that FFI's

6 customer, Bank of America, which uses a website designed by FFI, infringes the '530 Patent. *Id.*

7 FFI suggested to Defendants that because they had not yet filed an Answer to FFI's Amended

8 Complaint -- which had been due the previous day, October 25, 2006 -- it would be most economical

9 for Defendants to stipulate to FFI's filing of its Second Amended Complaint and answer just the

10 newly amended complaint. *Id.* Mr. Martin Fineman, counsel for Defendants, deferred his response,

11 stating that he needed time to confer with his client. *Id.* On October 27, 2006, counsel for FFI

12 reminded Defendants by email that FFI was waiting to hear if Defendants would stipulate to FFI's

13 filing of a Second Amended Complaint, but received no response. Thayer Decl., ¶5, Ex. C.

14    Without responding to FFI's requests of October 26 and 27, Defendants filed their Answer to

15 the FFI's Amended Complaint on October 30, 2006. Thayer Decl., ¶6. Defendants have still not

16 responded to FFI's request to stipulate to the filing of FFI's Second Amended Complaint, causing

17 FFI to file this Motion. Thayer Decl., ¶6.

18 **III.    LEAVE TO AMEND THE COMPLAINT SHOULD BE FREELY GRANTED**

19    Federal Rule of Civil Procedure 15(a) directs a court to freely grant a party leave to amend its

20 complaint "when justice so requires" and "should be applied with 'extreme liberality.'" *DCD*

21 *Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). The Ninth Circuit advises that there

22 is a "strong policy permitting amendment." *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir.

23 1995). Additionally, a motion to amend a complaint to add claims should be granted more liberally

24 than a motion to amend to add additional parties. *See Union Pac. R.R. Co. v. Nev. Power Co.*, 950

25 F.2d 1429, 1432 (9th Cir. 1991). Generally, the Ninth Circuit considers four relevant factors when a

26 party moves to amend its pleading. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

27 Because Defendants will be unable to meet its burden of showing any of the four factors support that

28 FFI's motion to amend should not be granted—that Plaintiffs have acted with bad faith, the motion

**MOTION FOR LEAVE TO FILE A**
**SECOND AMENDED COMPLAINT**
C06-02451 PVT

4

is untimely, Defendants would suffer prejudice, or the proposed amendment would be futile—FFI's

motion should be granted.

### A.  Plaintiffs Have Not Acted in Bad Faith in Seeking Leave to Amend

The Supreme Court has defined "bad faith" as it concerns motions to amend to mean that the

plaintiff has filed its motion to amend solely for delay or improper purpose.  *Abels v. JBC Legal*

*Group, P.C.,* 229 F.R.D. 152, 156 (N.D. Ca. 2005) (citing *Forman v. Davis,* 371 U.S. 178, 182

(1962)).  In the present case, Defendants cannot argue that the present motion to amend has been

filed for delay.  Defendants added a claim of infringement of the '530 Patent against Bank of

America in their Amended Complaint filed on October 10, 2006, in the Delaware action.  FFI met

and conferred with Defendants regarding its request to amend less than three weeks later, before the

Case Management Conference in this matter has been rescheduled and before any discovery has

been served or taken.  No joint case management statement has been adopted by this Court, so there

is no schedule that would be disturbed by granting this motion for leave to amend.  Additionally,

Defendants cannot point to any improper purpose for filing this motion to amend, especially

considering that Defendants caused FFI to amend by recently adding a claim of infringement of the

'530 Patent against Bank of America in the Delaware action.  In fact, by ensuring that all claims can

be before this Court during one litigation, FFI has a proper purpose for filing the present motion.

### B.  Defendants Cannot Claim Prejudice if This Motion to Amend is Granted

An amendment's potential prejudice to the opposing party "carries the greatest weight among

the four factors in determining whether to grant leave to amend."  *Eminence Capital, LLC v. Aspeon,*

*Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  "To deny leave, the prejudice must be substantial."

*Abels,* 229 F.R.D. at 156.

Defendants would be hard-pressed to come forth with any possible prejudice that they would

suffer if this Court were to grant FFI leave to amend its Complaint, as courts freely do.  In the

present case, the additional claim for relief that FFI seeks to add concerns the invalidity of the '530

Patent which shares a virtually identical specification with its parent, the '737 Patent, already at

issue in this litigation.  By adding a claim of infringement of the '530 Patent against Bank of

America in Delaware, Defendants made it necessary that FFI move to amend its complaint in this

MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
C06-02451 PVT

jurisdiction to include the '530 Patent.  Thus, Defendants can hardly claim unfair prejudice or surprise that FFI seeks to have the validity of these two related patents decided at the same time and in the same forum—the site of the first-filed action.  In any event, discovery has yet to occur.  Defendants, therefore, cannot argue that they would be prejudiced if this motion to amend is granted.

### C.  Amending This Action to Add the Additional Claim of Invalidity is Not Futile

An amendment is futile if a claim's defeat on summary judgment would be inevitable.  *See Roth*, 942 F.2d at 628-29.  An amendment may also be futile where the moving party seeks to amend only frivolous arguments.  *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  In the present case, FFI seeks leave to add a claim of invalidity of the '530 Patent on the basis of prior art of which it has become aware.  Defendants cannot reasonably argue that this claim would be defeated on summary judgment or that it is frivolous.  Moreover, the '530 Patent is the parent of the '737 Patent already at issue in this litigation, and this Court has already determined that it has jurisdiction of the '737 Patent and these parties.  Accordingly, Defendants cannot reasonably argue any futility if this motion is granted.

## IV.    CONCLUSION

For at least the foregoing reasons, FFI's motion for leave to file a Second Amended Complaint to add the claim of invalidity of the '530 Patent should be granted.


Dated:  November 2, 2006                    By:_____/s/Linda J. Thayer_____

                                            Linda J. Thayer
                                            FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, L.L.P.
                                            3300 Hillview Avenue
                                            Palo Alto, California  94304-1203
                                            Telephone:(650) 849-6600
                                            Facsimile: (650) 849-6666


                                            Attorneys for Plaintiff
                                            FINANCIAL FUSION, INC.