# Exhibit C

David M. Barkan (CSB No. 160825/barkan@fr.com)
Craig R. Compton (CSB No. 215491/compton@fr.com)
Jonathan J. Lamberson (CSB No. 239107/lamberson@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
YODLEE, INC.

**E-Filing**

ORIGINAL FILED
NOV 21 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BZ

C 06 7222

| YODLEE, INC. | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY** |
| v. | |
| ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION AND BACKGROUND

1.  Yodlee, Inc. ("Yodlee") hereby brings this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA"). Specifically, Yodlee seeks, among other things, declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals," and declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals Including Commands for Browser Execution."

2.  Yodlee is a software company that was founded by four software engineers who invented a new technology that collects personal information from various sites throughout the Internet so that the information can be presented to an end user in one location. Although Yodlee

itself is hardly a household name, its patented software has been adopted by dozens of well-known financial institutions, such as Bank of America and Compass Bank. Yodlee has 20 United States patents and more than 35 pending U.S. applications related to its data aggregation technology.

3. Upon information and belief, Ablaise is a patent holding company that makes no products and whose principal business is licensing and enforcing patents. GIIA and Ablaise claim to collectively own the '737 and '530 patents at issue in this suit. The '737 patent purports to be a continuation of the '530 patent.

4. On or about July 26, 2006, counsel for Ablaise sent a letter to Bank of America alleging that the "My Portfolio" facility of the Bank of America web site "practice[s] the method recited in claim 1 of the '737 patent." This letter included a purported "infringement analysis," which compared screenshots from Bank of America's website to Claim 1 of the '737 patent. This letter also referred Bank of America to an Ablaise licensing proposal.

5. On August 28, 2006, Ablaise and GIIA filed suit against Bank of America in the District of Delaware, alleging that Bank of America "infringed one or more claims of the '737 patent by making, using, and operating its bankofamerica.com and related websites throughout the United States," and seeking damages, preliminary and permanent injunctions. On October 10, 2006, Ablaise and GIIA filed a first amended complaint adding the '530 patent to that suit.

6. Bank of America is a customer of Yodlee. Specifically, Bank of America and Yodlee are parties to an agreement entitled "Aggregation Services Agreement No. 23373-001" whereby Yodlee agreed to provide and Bank of America agreed to use certain Yodlee products to provide Bank of America's customers online information.

7. The "My Portfolio" facility of the Bank of America website identified by Ablaise in its July 26th letter to Bank of America was created by, developed by, provided by and supported by Yodlee under its agreements with Bank of America. Yodlee and Bank of America have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Bank of America for claims made against those portions of the Bank of America website provided by Yodlee.

8. On or about April 10, 2006, counsel for Ablaise sent a letter to Compass Bank ("Compass"), alleging that its "compassweb.com website practices the inventions claimed in the '737 patent." This letter included a "representative infringement analysis for Claim 1 of the '737 patent," which compared screenshots from the compassweb.com website to elements in Claim 1 of the '737 patent. The letter also noted that "the compassweb.com website infringes a number of other '737 patent claims."

9. Compass Bank is also a customer of Yodlee. As early as June 22, 2001, Compass and Yodlee signed a "Standard Co-Branded Service Agreement" whereby Yodlee agreed to provide and Compass agreed to use Yodlee's products to provide Compass' customers online information on the compassweb.com website.

10. The portions of the Compass website identified by Ablaise in the presentation it sent along with its April 10th letter to Compass involved those portions of the Compass website created by, developed by, provided by and supported by Yodlee under its agreements with Compass. Compass and Yodlee have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Compass for claims made against the portions of the compassweb.com website provided by Yodlee.

11. In addition to the Bank of America litigation, upon information and belief Ablaise and GIIA have also filed suits and/or have been involved in litigation against a number of other companies alleging infringement of the '737 and/or '530 patents, including: CDW Corporation; J&R Electronics; Lowe's Home Centers, Inc.; Investools, Inc.; Salesforce,com, Inc.; E*Trade Securities, LLC; Financial Fusion, Inc.; Lycos, Inc.; and Dow Jones & Company, Inc. Upon information and belief, the Salesforce.com, E*Trade Securities, and Financial Fusion litigations were all filed in the Northern District of California.

## THE PARTIES

12. Yodlee is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

13. Upon information and belief, Ablaise is a British corporation with its principal place of business at 40 Queen Anne Street, London, W1G9EL, United Kingdom.

14. Upon information and belief, GIAA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

## JURISDICTION AND VENUE

15. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the causes of action stated herein pursuant to 35 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a) and 2201.

16. Upon information and belief, Ablaise and GIIA are subject to personal jurisdiction in this forum because they have purposefully availed themselves of the privilege of doing business in California, including negotiating and granting licenses in California, and engaging in litigation in the Northern District of California.

17. Alternatively, jurisdiction is proper in the Northern District of California under Fed. R. Civ. P. 4(k)(2). This cause of action arises under the patent laws of the United States. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction in any particular state. Additionally, Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States including the '737 and '530 patents, granted licenses to a number of major United States companies and presumably derive income from those licenses, entered into negotiations with United States companies to license the '737 and '530 patents, engaged in litigation against United States companies in various United States District Courts, including the Northern District of California, and used attorneys located in the United States to send notice letters to U.S. companies including Bank of America and Compass Bank.

1  18.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and
2  1400(b) because Ablaise and GIIA are alien corporations, Yodlee is located in this judicial district,
3  several acts that allegedly constitute infringement took place in this judicial district, and
4  defendants have engaged in significant activity in this district, including negotiating and granting
5  licenses and engaging in litigation in this district.

**COUNT ONE: NON-INFRINGEMENT OF THE '737 PATENT**

19.   Yodlee incorporates by reference and realleges paragraphs 1 through 18 above as if fully set forth herein.

20.   The products and services provided by Yodlee and utilized by its customers do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '737 patent.

21.   As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

22.   Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the '737 patent.

**COUNT TWO: INVALIDITY OF THE '737 PATENT**

23.   Yodlee incorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.   The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

25.   As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real,

1  substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

26. Yodlee is entitled to a judgment declaring that the '737 patent is invalid.

### COUNT THREE: UNENFORCEABILITY OF THE '737 PATENT

27. Yodlee incorporates by reference and realleges paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants are barred by the equitable doctrine of unclean hands from enforcing the '737 patent against Yodlee and its customers.

29. Defendants are also barred by the equitable doctrine of prosecution laches from enforcing the '737 patent against Yodlee and its customers. Specifically, the inventors and assignees of the '737 patent unreasonably and inexcusably delayed the prosecution of several claims of the '737 patent, including at least claim 1 of the '737 patent. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

30. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

31. Yodlee is entitled to a judgment declaring that the '737 patent is unenforceable due to unclean hands and/or prosecution laches.

## COUNT FOUR: NON-INFRINGEMENT OF THE '530 PATENT

32. Yodlee incorporates by reference and realleges paragraphs 1 through 31 above as if fully set forth herein.

33. The products and services provided by Yodlee do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '530 patent.

34. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

35. Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the '530 patent.

## COUNT FIVE: INVALIDITY OF THE '530 PATENT

36. Yodlee incorporates by reference and realleges paragraphs 1 through 35 above as if fully set forth herein.

37. The claims of the '530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

38. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

39. Yodlee is entitled to a judgment declaring that the '530 patent is invalid.

## COUNT SIX: UNENFORCEABILITY OF THE '530 PATENT

40. Yodlee incorporates by reference and realleges paragraphs 1 through 39 above as if fully set forth herein.

41. Defendants are barred by the equitable doctrines of unclean hands from enforcing the '530 patent against Yodlee and its customers.

42. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

43. Yodlee is entitled to a judgment declaring that the '530 patent is unenforceable due to unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Yodlee prays for judgment against Ablaise and GIIA as follows:

(a) Declare that Yodlee and its customers have not infringed any claim of the '737 and '530 patents;

(b) Declare that the '737 and '530 patents are invalid and unenforceable;

(c) Declare this case exceptional under 35 U.S.C. § 285 and award Yodlee its costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court;

(d) Award Yodlee any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Yodlee hereby demands a trial by jury of all issues in this action.

Dated: November 21, 2006                    FISH & RICHARDSON P.C.

By: /s/ David M. Barkan
David M. Barkan

Attorneys for Plaintiff
YODLEE, INC.