# Exhibit G

Linda J. Thayer (SBN 195,115)
Lily Lim (SBN 214,536)
Jeffrey E. Danley (SBN 238,316)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone:    (650) 849-6600
Facsimile:     (650) 849-6666
Email: linda.thayer@finnegan.com
Email: lily.lim@finnegan.com
Email: jeff.danley@finnegan.com

Attorneys for Plaintiffs
FINANCIAL FUSION, INC. and SYBASE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. and SYBASE, INC.<br><br>            Plaintiffs,<br><br>    v.<br><br>ABLAISE LTD., and GENERAL INVENTORS INSTITUTE A, INC.<br><br>            Defendants. | CASE NO. C06-02451 PVT<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>Date: September 12, 2006<br>Time: 10:00 a.m.<br>Courtroom: 5, Fourth Floor<br>Judge: The Honorable Patricia Trumbull |

## I. INTRODUCTION

Plaintiffs properly brought this declaratory judgment action to stop Defendants from threatening Financial Fusion's customers with patent infringement lawsuits. In February 2006, Defendants sent notice letters to two customers, First Horizon and Bank of America, accusing their websites of infringing. While Plaintiffs were investigating their claims, and only a few weeks after receiving the initial notice letter, Defendants grew impatient and explicitly threatened to file suit. Before Defendants could follow through with that threat, or threaten other customers, Plaintiffs filed this declaratory judgment action on behalf of FFI's customers.

After directly threatening FFI's customer with a patent infringement suit, Defendants now FFI and its parent, Sybase, out of this lawsuit. The law, however, does not allow patent holders to engage in "scare-the-customer-and-run tactics" that can chill a competitive environment with uncertainty and insecurity. A primary purpose of the Declaratory Judgment Act is to allow product suppliers to resolve claims of patent infringement on behalf of themselves and their customers, reducing piecemeal serial litigation and preventing inconsistent results in multiple judicial districts. Plaintiff FFI, and its parent Sybase, have indemnity obligations to FFI's customers and wish to resolve these matters for themselves and the customers in one lawsuit and in one forum, as the Declaratory Judgment Act intended. For at least these reasons, Defendants' Motion to Dismiss should be denied.

## II.  FACTUAL BACKGROUND

Defendants Ablaise Ltd. and General Inventions Institute A, Inc. acknowledge sending notice letters in February 2006 to two customers of FFI, namely, First Horizon and Bank of America, accusing their websites of infringing U.S. Patent No. 6,961,737 ("the '737 patent"). Defendants' Memorandum in Support of Motion to Dismiss ("Memo"), p. 2. When Plaintiffs investigated the Defendants' claims, they learned that Defendants had filed at least four other lawsuits in United States District Courts in the previous year. Declaration of Linda J. Thayer ("Thayer Decl."), ¶2. Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade Securities, LLC. in the Northern District of California in February, 2005, and September, 2005, respectively. *Id.*; *see also* Plaintiffs' Amended Complaint ("AC"), ¶10. These lawsuits alleged infringement of U.S. Pat. No. 6,295, 530, the parent to the '737 patent which had only recently issued in November 2005. *Id.* When Defendants sent a letter to First Horizon explicitly threatening to file a suit for patent infringement (Amended Complaint, Exh. A), Plaintiffs reasonably feared that litigation with Defendants was imminent and quickly filed the instant action. Thayer Decl., ¶3.

Plaintiffs Financial Fusion, Inc. ("FFI") and its parent Sybase are ultimately responsible for resolving this dispute on behalf of the customers. As Plaintiffs alleged in their Amended Complaint,

Home Financial Network, Inc. ("HFN") provided web-based software for performing financial transactions and website development services to customer First Tennessee and its parent company, First Horizon National Corporation ("First Horizon"), pursuant to a licensing and development agreement. AC, ¶2. The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement. AC, ¶3. In 2000, HFN merged with the Financial Server Software division of Sybase, Inc., creating FFI, a wholly-owned subsidiary of Sybase. AC, ¶4.

FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement. AC, ¶5.

As alleged in Plaintiffs' Complaint, both websites implicated by Ablaise in its notice letters were developed at least in part by FFI, a wholly-owned subsidiary of Sybase, or its predecessors, under license and development agreements containing indemnification provisions allowing or requiring FFI to defend and settle claims of infringement relating to the provided software.[1] Furthermore, FFI has provided, and continues to provide, software to other unnamed customers that may later be implicated by Defendants given their broad reading of the scope of the claims.

### III. THERE IS A REAL, IMMEDIATE AND JUSTICIABLE CONFLICT BETWEEN DEFENDANTS AND PLAINTIFFS FFI AND SYBASE

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

---

[1] As Defendants correctly note, this last sentence appeared in ¶23 of Plaintiffs' Complaint but appears to have been inadvertently omitted from Plaintiffs' Amended Complaint. Thayer Decl., ¶4. Plaintiffs would happily file a Second Amended Complaint to cure this inadvertent omission. *Id.*

"The sole requirement for jurisdiction under the Act is that the conflict be real and immediate, i.e., that there be a true, actual 'controversy' required by the Act." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227; 239-241 (1937).

The Federal Circuit requires that two elements exist to maintain a declaratory judgment action in a patent case: "(1) acts of defendant indicating an intent to enforce its patent; and (2) acts of plaintiff that might subject it **or its customers** to suit for patent infringement." *Arrowhead Indus.*, 846 F.2d at 737 (emphasis added); *see also Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006).

### A. Defendants' Actions Against FFI's Customers Gave Rise to a Reasonable Apprehension of a Patent Infringement Suit by Plaintiffs and Their Customers

Defendants sent notice letters alleging infringement of the '737 patent to two customers of FFI. Memo, p. 2. In accordance with agreements between the parties, both customers sent copies of the notice letters to FFI, which shares a legal department with Sybase. Thayer Decl., ¶1. When Plaintiffs' counsel investigated the Defendants and their claims, they became aware that Defendants had filed at least four other patent infringement lawsuits in United States District Courts in the previous year involving either the '737 patent or its parent, and so advised the customers. Thayer Decl., ¶2. When Defendants sent a letter to First Horizon explicitly threatening to file a suit for patent infringement, Plaintiffs and their customers feared, with good reason, that Defendants would imminently file suit, as they had threatened and as they had done on at least four previous occasions. Thayer Decl., ¶3.

### B. Defendants' Threats Against Customers Are Sufficient to Constitute Actual Controversy With Plaintiffs Who Supplied Allegedly Infringing Software

The Federal Circuit and a plethora of other courts have held that a supplier or manufacturer need not sit by as its customers are threatened or sued by a patent holder who chooses to avoid confronting the supplier head on. Whether Defendants knew who provided the allegedly infringing software when they sent the notice letters or whether Defendants communicated directly with either

FFI or Sybase thereafter is irrelevant. Plaintiffs have established in their Complaints that both First Horizon and BATO are customers of FFI and, ultimately, of parent Sybase. The Federal Circuit and other courts have repeatedly held that suits or threats against customers provide the required actual controversy for a supplier's declaratory judgment action, whether or not the patent holder has directly threatened or even communicated with the plaintiff supplier:

> That a competitor is suing a third party and asking the court to find one's company a co-infringer can hardly contribute to euphoria. The law does not require enterprises to keep their heads in the sand while a patentee picks them off one by one and at its leisure.

*Arrowhead Indus*. 846 F.2d at 738; *see*, *e.g.*, *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783-84 (7th Cir. 1979); *Sigma-Tau Industrie Farmaceutiche Riunite, S.p.A. v. Lonza Ltd.*, 36 F. Supp. 2d 26, 30 n.5 (D.D.C. 1999) ("The threat of infringement does not have to be directed against plaintiffs specifically. It is sufficient to create a reasonable apprehension if plaintiffs' customers, or other competitors, are threatened."); *M. Dickey v. B & H Mfg., Inc.*, No. CV-F-91-481 OWW, 1991 WL 322239, at *2 (E.D. Cal. Dec. 18, 1991) ("Suits or threats of suits for patent infringement against a plaintiffs' customers create sufficient grounds for plaintiff to bring a declaratory action against a patent holder.").

Suits or threats against a supplier's customers satisfy the case or controversy requirement because "the manufacturer is the true defendant in the customer suit. … [I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of and adverse ruling against its products." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). As the Federal Circuit noted in approving the Seventh Circuit's decision in *Grafon*:

> Rightly respecting the realities of business life, for example, the court employed a test requiring an apprehension that plaintiff or its "*customers* face an infringement suit or *threat* of one."

*Arrowhead* 846 F.2d at 736 (emphasis in original) Similarly, in *Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938 (9th Cir. 1981), the Ninth Circuit reversed

the district courts dismissal of a supplier's declaratory judgment action, holding that the patent holders' threats to sue the plaintiff's customer established the required controversy.

## C. Defendants' Lack of Direct Contact With Plaintiffs is Irrelevant

When determining whether reasonable apprehension of a lawsuit exists, the Federal Circuit instructs courts to consider the totality of the circumstances. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 (Fed. Cir. 1992); *see also Arrowhead Indus.*, 846 F.2d at 736. In considering the totality of the circumstances, "a reasonable apprehension may be found in the absence of *any* communication from defendant to plaintiff." *See Arrowhead Indus.*, 846 F.2d at 736 (emphasis in original).

Defendants' reliance on *West Interactive* for the proposition that a patentee must contact Plaintiffs directly to create a reasonable apprehension of litigation in Plaintiffs in misplaced. In *West Interactive*, the court found no controversy existed because the alleged threats were found to be merely unauthorized statements by a non-employee of the patentee, directed at a third-party unrelated to the plaintiff, and therefore could not be attributable to, and form the required conduct of, the patentee. *See West Interactive Corp. v. First Data Res.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992). The *West Interactive* court found that, coupled with a lack of evidence that the patent holder took any steps to enforce the patents, the purported apprehension was unreasonable. *Id.* The *West Interactive* court did note, however, reasonable apprehension may be found when, as is the case here, the patent holder has demonstrated a willingness to enforce its patents. *Id.*

Defendants micharacterize on *Shoom, Inc. v. Electronic Imaging Systems of America, Inc.*, No. C05-03434 (MJJ), 2006 U.S. Dist. LEXIS 39594, at *8-9 (N.D. Cal. June 1, 2006) and, in any event, the case is inapposite. In *Shoom*, the Court granted a motion to dismiss after finding no actual controversy where: 1) the patent holder sent only form letters to customers, and the letters merely offered a license, but did not allege infringement; 2) the form letters and allegedly threatening statements were not from legal counsel; and 3) no evidence was provided that the patent holder ever filed an action for patent infringement to enforce any of its patents. *Id.* at *7. In stark contrast, Defendants in the instant action sent what they describe as "multimedia infringement analysis" packages providing a representative example of infringement. The infringement analysis packages

were sent by Defendants' patent counsel, and it was known at the time of filing of the declaratory judgment action that Defendants had previously filed at least four other lawsuits alleging patent infringement.

### D. Plaintiffs Have Standing to Obtain Declaratory Relief As Indemnitors and/or Based on Possible Liability for Indirect Infringement

At the time this declaratory judgment action was filed, Defendants were actively claiming that two of FFI's customers were directly infringing the patents in suit. In their Amended Complaint, Plaintiffs stated two facts: 1) that FFI developed and provided software to its customers that is potentially implicated by Defendants allegations; 2) that FFI has indemnity obligations to the customers on the basis of the allegedly infringing software. Plaintiffs have standing to bring this action for at least these reasons.

First, as Defendants correctly hypothesize in their Motion, if FFI supplied one or more components of a system that is found to be directly infringing, FFI may be liable for inducing infringement under 35 U.S.C. § 271(b) or contributory infringement under 35 U.S.C. § 271(c). Standing to seek declaratory relief does not require that the plaintiff's potential liability be as a direct infringer. The Federal Circuit has long held that declaratory relief is equally available to those who may be liable as indirect infringers. *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479 (Fed. Cir. 1998) (holding that party allegedly inducing infringement had standing to bring a declaratory judgment action).

Second, Plaintiffs also state in their Amended Complaint that FFI provided software to the customers pursuant to underlying agreements that contain indemnification provisions which allow or require FFI to defend and settle claims of infringement involving software developed under the agreement. As the Federal Circuit noted, the Declaratory Judgment Act provides a remedy for those parties "at *legal risk* because of an unresolved dispute to obtain judicial resolution of that dispute." *See Microchip Tech. Inc.*, 441 F.3d at 943 (emphasis in original). This legal risk may arise because of a *legal relationship* between the declaratory judgment plaintiff and a customer having an interest adverse to the interests of the patentee. *See Microchip Tech.*, 441 F.3d at 943. An indemnification agreement may create this legal relationship. *See Microchip Tech.*, 441 F.3d at 943. Accordingly,

1   the indemnification agreement alone creates "a substantial controversy . . . of sufficient immediacy

2   and reality to warrant the issuance of a declaratory judgment." *See Microchip Tech.*, 441 F.3d at 942

3   (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)); *see also Joseph Bancroft*, 268

4   F.2d at 523; *Minebea Co.*, 13 F. Supp. 2d at 39-40; *Wallace & Tiernan*, 291 F. Supp. at 222.

5         In short, Defendants have alleged that FFI's customers are infringing, and Defendants

6   maintain that at least Bank of America is still infringing. FFI has indemnity obligations to its

7   customers, and FFI is a wholly-owned subsidiary of Sybase. Therefore, Plaintiffs have standing in

8   this action either as an indemnitor or based on possible asserted liability for contributory or induced

9   infringement. *See BP Chems. v. Union Carbide Corp.*, 4 F.3d 975, 981 (Fed. Cir. 1993).

10        **E.    As a Parent Corporation, Sybase is Properly a Party**

11        A common technique of those seeking to waylay an entire industry with dubious patents is to

12  proceed up the "food chain" by pursuing customers first, suppliers or manufacturers second, and

13  ultimately parent corporations. While Defendants may now argue that they never made any threat or

14  charge of infringement against Plaintiffs directly, they never disavowed their intentions to do so at a

15  later date. As Defendants admit, before Plaintiffs filed this action, Ablaise had never heard of FFI or

16  its software and did not know of Sybase's relationship to FFI and its customers. (Defs. Mot. to

17  Dismiss 2.) Now that it has, the only way for Defendants to eliminate Plaintiffs' reasonable

18  apprehension of being sued is by making a covenant not to sue, promising never to bring suit against

19  either FFI or Sybase for direct or indirect infringement of the '530 or '737 patents. *Fina Research*,

20  141 F.3d at 1483-84 (*citing Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059

21  (Fed. Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991)). If

22  Plaintiffs were truly interested in mooting this declaratory judgment action, they should offer to so

23  covenant. If they do not, Plaintiffs FFI and Sybase and their customers would remain in reasonable

24  apprehension of lawsuit if this action were dismissed.

25  **IV.    THE COURT SHOULD EXERCISE ITS DISCRETIONARY JURISDICTION TO
         ENSURE THAT THIS MATTER IS LITIGATED BETWEEN THE PROPER
26       PARTIES AND IN THE PROPER FORUM**

27        FFI, as a provider of the allegedly infringing software, and its parent Sybase, properly

28  brought this action to quickly and efficiently to clarify their rights and the rights of their customers.

This suit fits precisely the purpose of the Declaratory Judgment act. *Minnesota Mining and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 673-74 (Fed. Cir. 1991) ("3M is currently threatened in its business, and the Declaratory Judgment Act gives it certain means for resolving its uncertainties. For the court to fail to hear 3M's case and forego the opportunity to resolve a matter well within its capability pursuant to the role entrusted to it by the Declaratory Judgment Act is an abuse of discretion.")

Plaintiffs, on behalf of their customers, are prepared to resolve this matter in this forum, home of parent Sybase and the development division of FFI. FFI, as an indemnitor, and its parent, Sybase, are proper parties to this matter. Were this matter dismissed, Sybase, FFI and its customers would remain in fear that Defendants would subsequently file patent infringement actions in multiple judicial districts, working their way up the food chain and chilling the marketplace. The Court should exercise its discretion to prevent that injustice.

## V. CONCLUSION

For the reasons set for above, Plaintiffs respectfully request that this Court exercise its unique and substantial discretion to hear this declaratory judgment action and deny Defendants' Motion to Dismiss.

Dated: August 22, 2006

By:_____/s/_____
    Linda J. Thayer

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666