1  MARTIN L. FINEMAN (CA State Bar No. 104413)
   DAVIS WRIGHT TREMAINE LLP
2  505 Montgomery Street, Suite 800
   San Francisco, California 94111
3  Telephone:  (415) 276-6500
   Facsimile:  (415) 276-6599
4  E-Mail:     martinfineman@dwt.com

5  RONALD J. SCHUTZ, Member of the N.D. California Bar
   JAKE M. HOLDREITH, Admitted Pro Hac Vice
6  CYRUS A. MORTON, Admitted Pro Hac Vice
   PATRICK M. ARENZ, Admitted Pro Hac Vice
7  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   2800 LaSalle Plaza
8  800 LaSalle Avenue
   Minneapolis, MN 55402
9  Telephone:  (612) 349-8500
   Facsimile:  (612) 339-4181
10 E-Mail:     camorton@rkmc.com

11 Attorneys for Defendants
   Ablaise Ltd. and General Inventions Institute A, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC, | CASE NO. C06-02451 SBA |
| Plaintiff, | **ABLAISE'S MOTION FOR A CASE MANAGEMENT ORDER** |
| v. | |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | **Date: 3/4/2008**<br>**Time: 1:00 P.M.**<br>**Courtroom: 3**<br>**Before the Honorable Judge Armstrong** |
| Defendants. | |
| YODLEE, INC., | **RELATED CASE** |
| Plaintiff, | CASE NO. C06-07222 SBA |
| v. | |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | |
| Defendants. | |

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222
SBA; C06-07222 SBA

ABLAISE'S MOTION FOR A
CASE MANAGEMENT ORDER

| | |
|---|---|
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>Defendant. | **RELATED CASE**<br><br>CASE NO. C07-001995 SBA |

PLEASE TAKE NOTICE that on March 4, 2008, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise") will move this Court for a Case Management Order limiting the scope of Financial Fusion, Inc.'s ("FFI") and Yodlee, Inc.'s ("Yodlee") declaratory judgment actions against Ablaise and allowing Ablaise to amend its pleadings.

Ablaise requests that this Court limit FFI's and Yodlee's declaratory judgment actions to only the Bank of America website and dismiss without prejudice FFI's and Yodlee's claims for non-infringement and invalidity of U.S. Patent No. 6,295,530 ("the '530 patent"). In conjunction therewith, Ablaise moves this Court to allow it to amend its answers and counterclaims against FFI and Yodlee to limit its infringement allegations only to the services that FFI and Yodlee provide to Bank of America. In the alternative, Ablaise seeks to compel discovery responses from FFI and Yodlee that will permit an analysis of infringement of other customers besides Bank of America. Ablaise further seeks leave to amend its preliminary infringement contentions against Bank of America Corporation ("Bank of America").

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

These related cases are undefined and at risk of mushrooming beyond control. These cases, accordingly, are in need of judicial intervention to structure and limit these cases to prevent them from becoming unmanageable. In order keep them manageable, FFI's and Yodlee's declaratory judgment actions should be limited to Bank of America's website and only U.S. Patent No. 6,961,737 ("the '737 patent"). This is because FFI's and Yodlee's lawsuits, and this Court's jurisdiction, is based upon Ablaise's accusation that Bank of America infringes the '737

patent. Ablaise's corresponding request in this motion will keep the cases focused and on track for resolution, and prevent the unfairness that Ablaise currently faces.

As it stands now, FFI and Yodlee seek declarations of non-infringement for all their customers. But, first of all, FFI and Yodlee will not tell Ablaise who all their customers are. Second, of the customers that Ablaise is aware of, Ablaise cannot determine what portions of those websites FFI or Yodlee provide or service. Indeed, Ablaise had no way of knowing Yodlee and FFI had developed different infringing portions of Bank of America's website. This information is not publicly available or ascertainable. Nevertheless, FFI and Yodlee have both and simultaneously 1) refused discovery requesting a list of all their customers, and 2) refused to represent that the products and services that each provides to Bank of America is representative of the products and services each provide to their other customers. Third, and to complicate and prejudice Ablaise even more, some of the websites that FFI, and likely Yodlee, provide—especially in the banking industry, for instance—are not publicly available. Only individuals with private accounts with a bank, for instance, can monitor and assess whether the website infringes Ablaise's patents. Finally, FFI and Yodlee do not provide or supply a standard product. They do customized website design, development, and service. This is why Ablaise cannot simply provide infringement contentions to cover all customers that infringe.

These four factors, therefore, make it impossible for Ablaise to fully defend the actions that FFI and Yodlee are pursuing. Ablaise, therefore, requests that this Court limit FFI's and Yodlee's actions to the Bank of America website. In the alternative, Ablaise requests that this Court compel FFI and Yodlee to answer Ablaise's discovery requests regarding the services and products each FFI and Yodlee provide their additional customers—the same customers and services that FFI and Yodlee seek declarations of non-infringement regarding.

FFI's and Yodlee's declarations of non-infringement of the '530 patent is similarly unfair. Ablaise has never accused FFI or Yodlee of infringing the '530 patent. Indeed, the only portion of Bank of America's website that Ablaise has accused of infringement was provided by yet an additional software provider. FFI's and Yodlee's actions, therefore, are improper. They seek a declaration of non-infringement on a patent that Ablaise has not accused. Nor are FFI and Yodlee

interested in pursuing their declarations of invalidity of the '530 patent. Neither has submitted preliminary invalidity contentions for the '530 patent. And neither is seeking construction of any terms in the '530 patent. FFI's and Yodlee's actions, therefore, should be limited to the '737 patent.[1]

The only relevance that the '530 patent has to these related cases is to Bank of America. Ablaise asserted the '530 patent against Bank of America for an infringement that Bank of America has since removed from its website. As the Bank of America action is still in its early stages, Ablaise requests leave to amend its preliminary infringement contentions to assert its claim for past damages.

## **FACTUAL AND PROCEDURAL BACKGROUND**

These cases all started from one letter to Bank of America regarding the '737 patent. On February 6, 2006, Ablaise sent a letter to Bank of America accusing the "military bank" feature of Bank of America's website of infringing the '737 patent.[2] Ablaise was, at the time, unaware that Bank of America hired at least two vendors to construct portions of its website. FFI apparently provided website development and hosting services to Bank of America Technology and Operations, Inc. under an agreement that included an indemnification provision.[3] With knowledge of the letter Ablaise sent and in light of its indemnification obligation, FFI initiated an action for declaratory judgment of non-infringement of the '737 Patent on April 6, 2006.[4] On June 14, 2006, FFI filed an amended complaint seeking declaratory judgments of non-infringement and invalidity of the '737 Patent.[5]

On July 26, 2006, Ablaise moved to dismiss for lack of subject matter jurisdiction for the FFI declaratory judgment action. Magistrate Judge Trumbull, on September 28, 2006, denied Ablaise's motion, finding a sufficient legal relationship between FFI and its customers to create reasonable apprehension of suit.[6] Importantly, however, the only three FFI customers considered

---

[1] Of course, should discovery reveal an infringement of the '530 patent, Ablaise reserves the right to move to amend and add that to the lawsuit.
[2] Morton Declaration, Ex. 3.
[3] FFI Complaint ¶5 (Docket No. 1-1).
[4] *See id.*
[5] *See* FFI Amended Complaint (Docket No. 5-1).
[6] Order Denying Motion to Dismiss, at 4 (Docket No. 29).

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222
SBA; C06-07222 SBA

- 4 -

ABLAISE'S MOTION FOR A
CASE MANAGEMENT ORDER

in Magistrate Judge Trumbull's Order were the Bank of America Corporation, First Horizon, and First Tennessee.[7] First Horizon has since removed the infringing features from its website. And Ablaise has never contacted First Tennessee, nor did FFI include First Tennessee in its jurisdictional allegation.[8] Therefore, only the alleged Bank of America infringements remain as a basis for FFI's declaratory judgment subject matter jurisdiction.

On August 28, 2006, Ablaise sued Bank of America in the District of Delaware alleging infringement of the '737 Patent by the Bank of America website. Ablaise later amended its complaint to assert the '530 Patent. As a result, FFI requested and was granted leave to add the '530 Patent to its complaint.[9]

Meanwhile, on November 21, 2006, Yodlee filed a declaratory judgment action in this Court seeking declaratory judgment that its products do not infringe either the '530 Patent or the '737 Patent.[10] While Yodlee sought non-infringement for all of its customers, Yodlee only specifically identified two customers, Compass Bank and Bank of America, in its complaint.[11]

In order to determine the extent of FFI's and Yodlee's infringement, Ablaise sought discovery of the customers and portions of websites that FFI and Yodlee served to clients other than Bank of America.[12] But both FFI and Yodlee refused to answer Ablaise's discovery requests, contending that the information is premature before the *Markman* hearing, set for May 28, 2007.[13] The *Markman* hearing, nonetheless, is scheduled well after the parties served their preliminary infringement and invalidity contentions on November 1, 2007 and December 17, 2007 respectively.

Further complicating these actions, the actual maker of products that infringe is difficult to ascertain due to the nature of the technology involved. The developer of a website or parts thereof may, or may not, be the owner of the website. Indeed, Ablaise first learned of FFI's and Yodlee's involvement with the Bank of America website when they initiated their respective

---

[7] *Id*. at p. 2; *see also* FFI Amended Complaint at ¶ 6.
[8] FFI Second Amended Complaint at ¶27 (Docket No. 53-1).
[9] *See* FFI Second Amended Complaint at ¶¶ 32-36 (Docket No. 33-1).
[10] *See* Yodlee Complaint (Docket No. 1).
[11] *See id.* ¶ 2.
[12] Morton Decl., Exhs. 4-5.
[13] *See* Yodlee Complaint ¶ 2 (Docket No. 1).

declaratory judgment actions. As a result, Ablaise is unable to identify additional infringing customers, products, or services of the declaratory judgment plaintiffs without discovery. FFI and Yodlee, moreover, have refused to state whether the services or products they provide to Bank of America are representative of the services or products they provide to their unnamed customers.[14] The reasonable inference is that Yodlee and FFI do not simply supply a standard product. Rather, each works with customers to develop customized websites which may or may not include features that Ablaise would contend infringes.

Ablaise sought to discuss with the Court the reasons why these actions must be limited to the Bank of America website during its Case Management Conference on September 19, 2007. Due to limited time, however, Ablaise was unable to raise these issues. This Court, as a result, welcomed a motion addressing the issues. In bringing this motion, Ablaise has met and conferred with counsel for Yodlee, FFI, and Bank of America.[15] But the respective counsel for each has not agreed to limit the scope of these actions or allow Ablaise to amend its pleadings or preliminary infringement contentions.[16] Ablaise, therefore, now seeks relief from this Court.

## ARGUMENT

### I. FFI's and Yodlee's Declaratory Judgment Actions Should Be Limited to the Bank of America Website and The '737 Patent.

FFI's and Yodlee's declaratory judgment actions should be limited to the Bank of America website and the '737 patent. This Court lacks subject matter jurisdiction over FFI's and Yodlee's actions for customers other than Bank of America as well as the '530 patent. Even if this Court did have jurisdiction, however, this Court should exercise its discretion and limit FFI's and Yodlee's actions to the Bank of America website and the '737 patent.

In order to maintain a declaratory judgment action, FFI and Yodlee each must prove "under all the circumstances an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that that is of **sufficient immediacy and reality** to warrant the issuance of a declaratory judgment."[17] Because federal courts are courts of limited jurisdiction,

---

[14] Morton Decl. ¶ 7.
[15] *Id.* ¶10.
[16] *Id.*
[17] *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals, Corp.,* 482 F.3d 1330, 1338 (Fed. Cir. 2007)

FFI and Yodlee always bear the burden of establishing subject matter jurisdiction.[18]

Even assuming that jurisdiction exists for FFI and Yodlee customers other than Bank of America and the '530 patent, this Court should exercise its discretion to limit these cases to only Bank of America and the '737 patent. This Court has that discretion. "The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested part,' not that it *must* do so."[19] Indeed, "[e]ven if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction."[20] With the authority to deny a declaratory judgment action altogether, this Court, *a fortiori*, has the authority to accept and limit the scope of a declaratory judgment action. While this Court has accepted jurisdiction over FFI's and Yodlee's actions, this Court should retain jurisdiction only as it relates to the Bank of America website. This focused scope will keep this litigation on a manageable track and prevent unfair prejudice to Ablaise.

### A. FFI's and Yodlee's Actions Should Be Limited to the Services They Provide to Bank of America As A Matter of Law and Discretion.

FFI and Yodlee cannot maintain declaratory judgment actions against Ablaise for services and products unrelated to the Bank of America website. This Court previously found subject matter jurisdiction in the FFI action because FFI had indemnity agreements with two customers that received letters from Ablaise and, therefore, FFI established subject matter jurisdiction to maintain a declaratory judgment action. Since that time, one of the customers that FFI identified, First Horizon, has removed the infringing portion of its website. FFI, therefore, does not have an "actual or imminent injury" caused by Ablaise that could be redressed by this Court in regards to First Horizon. FFI's only basis for subject matter jurisdiction, therefore, relates to Bank of America. FFI has not pled any other indemnity agreements with customers who have received licensing letters from Ablaise. Nor will FFI admit or deny that the services FFI provides to Bank of America are representative to the services it provides to its other customers. As such, this

---

(emphasis added). This standard reflects the standard adopted by the U.S. Supreme Court in *MedImmune, Inc. v. Genetech, Inc.,* and not the previous two-part reasonable apprehension of suit test.

[18] *See, e.g.*, *Hernandez v. McClanahan*, 996 F. Supp. 975, 977 (N.D. Cal. 1998).
[19] *MedImmune, Inc. v. Genetech, Inc.,* 127 S.Ct. 764, 776 (2007) (internal citations omitted).
[20] *Sandisk Corp. v. Audio MPEG, Inc.,* No. C-06-02655 RMW, 2007 WL 30598, *3 (N.D. Cal. Jan. 3, 2007) (quoting *Teva Pharm. USA, Inc. v. Pfizer Inc.,* 395 F.3d 1324, 1331 (Fed. Cir. 2005)); *see also Medimune,* 127 S.Ct. at 777 (remanding action where declaratory judgment was permissible, but within the discretion of the district court to accept).

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222 SBA; C06-07222 SBA
- 7 -
ABLAISE'S MOTION FOR A CASE MANAGEMENT ORDER

Court is without subject matter jurisdiction to proceed over FFI's action relating to any customer other than Bank of America.

Yodlee, similarly, can only establish jurisdiction for a declaratory judgment action relative to Bank of America's website. Yodlee also only identified two customers that it has an indemnity agreement with who received licensing letters from Ablaise: Compass Bank and Bank of America. But Compass Bank has changed its website since Ablaise contacted Compass Bank on April 10, 2006. Ablaise can no longer confirm infringement without a Compass Bank user account. As such, and as Compass Bank has implemented these impediments, Yodlee cannot show an "actual or imminent" injury that requires "sufficient immediacy" for this Court to remedy.

The only active controversy relating to Ablaise that both FFI and Yodlee are involved in pertain to the Bank of America website. This Court, therefore, only has jurisdiction over FFI's and Yodlee's declaratory judgment actions that relate to Bank of America.

But even if there was jurisdiction broader than just the Bank of America website, this Court should limit these cases. These related cases all revolve around Bank of America's website. And these cases are all in suit because Ablaise sent a letter to Bank of America regarding the '737 patent. These cases are on schedule for resolution—as the actions relate to Bank of America. If the scope of these cases remains broader than Bank of America, however, the schedule for these cases will derail. This will result in undue expense and delay for this Court and the parties.

Ablaise is not aware of the number or identity of FFI or Yodlee customers that have an infringing website—the infringing portion, of which, is serviced or provided by FFI or Yodlee. Indeed, Ablaise cannot find this information out. Websites do not always advertise what company services or provides the website and, in particular, what company services or provides specific portions of a website. The Bank of America website is a perfect example. Ablaise contacted Bank of America because Bank of America's website infringed Ablaise's '737 patent. It was only after FFI and Yodlee sued Ablaise did Ablaise learn what companies served and provided Bank of America's websites and which of those companies served and provided which

portions of the website. Among the parties in these actions, only FFI and Yodlee know who their customers are, what products or services they offer, and what portions of their customers' websites they provide or serve. But FFI and Yodlee have refused to provide Ablaise with this information.

FFI and Yodlee, in fact, will not represent that the services they each offer Bank of America are representative of the services or products that they offer other customers. The reasonable inference is that Yodlee and FFI do not simply supply a standard product. Rather, each works with customers to develop customized websites which may or may not include features that Ablaise would contend infringes. Nor will FFI and Yodlee answer Ablaise's discovery requests addressing what products and services FFI and Yodlee provide that are usable in an html format along with the URL. This information would identify additional FFI and Yodlee customers that infringe Ablaise's patents. But FFI and Yodlee do not want to provide this information—at least, if at all—until after the *Markman* hearing.

After the *Markman* hearing, however, will be too late. The parties have already exchanged their preliminary infringement and invalidity contentions. And discovery will be focused—as this case always has been—solely on the Bank of America website. If these cases are not limited and FFI and Yodlee start identifying additional infringing websites that they service or provide during discovery, then these cases will expand beyond control. Once FFI and Yodlee identify additional infringing websites, then additional parties may need to be joined, the parties will move to amend the pleadings, Ablaise will need to amend its preliminary infringement contentions, and discovery will greatly increase. These cases, which were born from a letter to Bank of America, therefore, will turn into a titanic lawsuit involving an untold number of infringers and websites and further complicating an already complex case.

Indeed, Yodlee, for instance, boasts that it provides products and services to "[o]ver 100 top financial institutions."[21] Two of these customers, by way of example, are America Online and Microsoft. America Online and Microsoft own and operate two of the largest and highest-trafficked websites in the world: aol.com and msn.com. Discovery into the services that Yodlee

---

[21] Morton Decl., Exh. 6.

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222 SBA; C06-07222 SBA

- 9 -

ABLAISE'S MOTION FOR A CASE MANAGEMENT ORDER

provides to these customers and which portions of the websites they provide is the subject of a lawsuit alone—indeed, the subject of two lawsuits alone. And yet, if these cases are not limited to Bank of America's website, America Online and Microsoft will be among the many customers that will be the subject of discovery.

And it could get worse. If, for instance, Ablaise learns through discovery that FFI and/or Yodlee provide or service a website other than Bank of America that infringes Ablaise's patents, then the next question that will arise is whether to bring the owners of that website into these related actions. Instead of just three parties—FFI, Yodlee, and Bank of America—for instance, the number of parties potentially joined to this lawsuit could greatly expand. Even more alarming is the corresponding question of whether these actions would then address all of the new parties' websites—not just those provided by FFI or Yodlee. In short, without FFI's and Yodlee's actions limited to Bank of America's website, these actions have the potential to explode to an unmanageable state and perpetually delay these cases from trial and resolution. This Court's discretion, therefore, is needed now to control these cases and prevent these needless costs and delay from materializing.

In addition to preventing excessive costs and delay, these actions must be limited to prevent Ablaise from the unfair prejudice it is subject to now. Ablaise will suffer unfair prejudice if these actions are not limited because it will be forced into an expansive litigation that it could not have anticipated. Ablaise offered a license to Bank of America. That letter has already subjected Ablaise to lawsuits by two companies that Ablaise had no idea were related to Bank of America. If these cases remain unlimited, Ablaise could be faced with a lawsuit involving scores of infringing websites. This is simply unfair.

In contrast to the unfair prejudice that Ablaise will suffer if these actions are not limited to Bank of America, FFI and Yodlee will not suffer unfair prejudice if these actions are so limited. This motion is brought as the parties are preparing for *Markman* issues and looking forward to discovery. FFI and Yodlee will still be allowed to challenge the validity of the Ablaise patents and seek a judgment of non-infringement for the Bank of America website—the customer who is the reason for this litigation. FFI and Yodlee, furthermore, cannot be heard to complain about the

limiting of these cases because they have refused to affirm or deny whether their services to Bank of America are representative of the services provided to other customers, and because they have refused to respond to discovery requests seeking identification of other services and products that may infringe.

**B.    These Cases Should Be Limited to the '737 Patent.**

In addition to limiting these cases to services provided to Bank of America, FFI's and Yodlee's action should be limited to the '737 patent. Ablaise has not accused any portion of Bank of America's website of infringing the '530 patent that either FFI or Yodlee provides or services. As such, neither FFI nor Yodlee can establish subject matter jurisdiction in this Court to proceed on their declaratory judgment actions involving the '530 patent. FFI's and Yodlee's claims of non-infringement and invalidity of the '530 patent should be dismissed without prejudice.

Subject matter jurisdiction initially came up when FFI sought leave to amend its first amended complaint to add the '530 patent. Magistrate Judge Trumbull determined that amendment would not be futile because there was an actual controversy involving the '530 patent.[22] But this conclusion has been belied by the record to date, which shows that neither FFI nor Yodlee have suffered any actual or imminent injury sufficient to establish jurisdiction in this Court. FFI and Yodlee, of course, always bear the burden of establishing and maintaining subject matter jurisdiction—which can be challenged at any time.[23]

Since Magistrate Judge Trumbull's order permitting FFI to add the '530 patent, however, the facts have further solidified showing that FFI and Yodlee cannot maintain jurisdiction for a declaratory judgment action involving the '530 patent. First, with regards to Bank of America, Ablaise has never asserted that any portion that Ablaise knows FFI or Yodlee provides infringes the '530 patent. Indeed, Ablaise is not equivocating about this; Ablaise did not serve any preliminary infringement contentions asserting the '530 patent against any portion of Bank of

---

[22] Order Granting Motion for Leave to File Second Amended Complaint and Granting Motion to Relate Cases, Case 5:06-cv-02451-PVT (Document No. 52).

[23] *See, e.g., Hansen v. Dept. of Treasury*, --- F.3d ----, 2007 WL 1309688, *2 (9th Cir. May 7, 2007) ("'[t]he defense of lack of subject matter jurisdiction cannot be waived,' and may 'be raised at any time during the proceedings'") (internal citations omitted).

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222
SBA; C06-07222 SBA

- 11 -

ABLAISE'S MOTION FOR A
CASE MANAGEMENT ORDER

America's website serviced or provided by FFI or Yodlee. Ablaise faced a compulsory counterclaim of infringement after FFI's and Yodlee's sued for non-infringement of the '530 patent.[24] But without discovery into what FFI or Yodlee provides its customers, Ablaise is unable to analyze whether the '530 patent is infringed, or submit corresponding preliminary infringement contentions. Second, as FFI and Yodlee have refused to disclose through discovery or communications with counsel who their customers are and what services they provide, FFI and Yodlee have suffered no injury and are not imminently to be injured by the '530 patent to justify suit because Ablaise does not know this information. Third, neither FFI nor Yodlee have filed any preliminary invalidity contentions,[25] nor are they seeking construction of any terms in the '530 patent.[26] The fact that FFI and Yodlee are not even pursing their declarations of invalidity of the '530 patent underscore that they have not suffered any injury, nor do they fear that they will imminently suffer injury in regards to the '530 patent.

These facts show that jurisdiction is not only lacking over the '530 patent, but that even if this Court could hear FFI's and Yodlee's actions relating to the '530 patent, it should not. These related actions, quite simply, are about the '737 patent, not the '530 patent. Indeed, a manifest unfairness to Ablaise would result if the '530 patent continued to be at issue in the FFI and Yodlee actions.

At this stage, without knowledge of FFI's and Yodlee's customers and the produces or services that they provide, Ablaise was limited to the Bank of America website when it served its preliminary infringement contentions against FFI and Yodlee. And because Ablaise has not identified any '530 infringements by FFI or Yodlee on Bank of America's website, Ablaise did not have any preliminary infringement contentions to serve regarding the '530 patent. But FFI and Yodlee want declarations of non-infringement of the '530 patent for all of their customers, not just Bank of America. FFI and Yodlee should not be entitled to such a free pass. Such a

---

[24] *See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937 (Fed. Cir. 2003) (citing *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795 (Fed. Cir. 1999) ("When the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived.")).
[25] Morton Decl., Exh. 7 at 3, Exh. 8 at 3.
[26] *Id.* Exh. 9, Exh. 10 at 2.

broad declaration of non-infringement—without notice of FFI's and Yodlee's customers and therefore without the opportunity to defend FFI's and Yodlee's lawsuits in full—would rise to the level of constitutional significance, as a due process violation.[27]

In order to ensure due process, Ablaise would need discovery into all of FFI's and Yodlee's customers and services and products that they offer. But this is needlessly inefficient for the reasons identified in section I above. Upon the discovery of any '530 infringements (of which there would be numerous FFI and Yodlee customers to take discovery of), for instance, Ablaise would then need to amend its preliminary infringement contentions. This, again, would derail the schedule that these actions are on and further prolong a resolution.

FFI's and Yodlee's actions solely involve the '737 patent. Indeed, as shown above, FFI and Yodlee are not pursuing their declaratory judgment actions of invalidity on the '530 patent. When this Court, therefore, balances the active pursuit of the '530 patent and FFI's and Yodlee's illusory fear of the '530 patent with the endless discovery that would be required and the delay that will be result if the '530 patent remains in these actions, discretion warrants limiting FFI's and Yodlee's actions to the '737 patent. This Court, accordingly, should dismiss the '530 patent without prejudice from FFI's and Yodlee's actions.

### C. Ablaise Should Be Permitted to Amend Its Pleadings To Limit Its Infringement Claims to the Bank of America Website and The '737 Patent.

In conjunction with Ablaise's arguments set forth above requesting that this Court limit these actions to the Bank of America website and the '737 patent, Ablaise requests leave to amend its pleadings to reflect these limitations. Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." [28] Leave to amend should be granted with "extreme liberality."[29] Only a limited set of factors including undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party, may justify a court's denial of leave to amend a pleading.[30] "Of these factors, prejudice to

---

[27] *See, e.g.*, *Acticon Techs. LLC v. Pretec Electronics Corp.*, No. C 07-4507 JF, 2007 WL 4554330, *2 (N.D. Cal. Dec. 20, 2007) ("Due process of law requires that defendants be afforded notice of proceedings involving their interest and an opportunity to be heard.").
[28] Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
[29] *Morongo Valley Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).
[30] *See Foman,* 371 U.S. at 231; *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991).

the opposing party is the most important."[31] Moreover, the burden of proof on the presence of such factors is on the nonmoving party.[32] Where, as here, the party opposing the motion cannot meet its burden, "the leave should, as the rules require, be 'freely given.'"[33]

When deciding whether to grant leave to amend, the Court should balance the opposing factors, if any are present, against any harm to the movant if leave is not granted.[34] The Court should also consider judicial economy and the most efficient way to dispose of the merits of the current litigation.[35] In the related cases, Ablaise proposes to amend its pleadings to limit these actions to the Bank of America infringements. As already discussed, Ablaise will suffer harm if this motion is not granted. It will be forced to carry on infringement actions against unknown customers. But as also discussed, limiting this action to the Bank of America infringements will not prejudice FFI and Yodlee. Thus, there is no unfair prejudice.

Just as FFI and Yodlee cannot show unfair prejudice, it cannot show undue delay, bad faith, or futility of amendment. Ablaise brings this motion at the early stages of discovery, while the case is solely focused on the Bank of America website. Therefore, FFI and Yodlee cannot complain that Ablaise has delayed too long in bringing this motion. Similarly, by bringing the motion at an early stage, Ablaise has not acted in bad faith. Finally, this proposed amendment will allow the parties to efficiently resolve this case on its merits.

**II.  In The Alternative to Limiting the Case, Ablaise Moves to Compel FFI and Yodlee to Respond to Ablaise's Interrogatory and Request for Inspection.**

**A.  The Legal Standard for Motion to Compel Discovery.**

Federal Rule Civil Procedure 26(b)(1) allows discovery "of any matter, not privileged, that is relevant to the claim or defense of any party" in the case.[36] Information sought during discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible

---

[31] *Gardner v. Blue Bird, Corp.,* No. C 06-0828 SBA, 2006 U.S. Dist. LEXIS 54375 at *4 (N.D. Cal. July 25, 2006) (*citing Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)*; Zenith Radio Corp. v. Hazeltine Research*, *Inc.,* 401 U.S. 321, 330-31 (1971)).
[32] *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); s*ee also Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (9th Cir. 1986) (holding that the nonmoving party must demonstrate unfair prejudice).
[33] *Foman,* 371 U.S. at 231.
[34] *Id.*
[35] *See Lundy v. Morgan Stanley & Co.,* 1991 U.S. Dist. LEXIS 18207, at *3 (9th Cir. 1991) (stating that "the important policy consideration of judicial economy" should be considered in tandem with the circumstances surrounding the proposed amendment).
[36] Fed. R. Civ. P. 26(b)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984).

evidence."[37]  Doubt regarding whether particular discovery is relevant should be decided in favor of relevancy and allowing the discovery sought.  The discovery rules permit the court the compel discovery where a party has shown that the requested discovery is relevant and should be produced.[38]

### B. If FFI and Yodlee Want Declarations of Non-Infringement For All The Products and Services They Provide Their Customers, Then FFI and Yodlee Must Provide that Information to Ablaise.

This is a simple discovery dispute.  FFI and Yodlee sued Ablaise for declarations of non-infringement.  Ablaise, accordingly, simply requested that FFI and Yodlee state what services they provide that would relate to Ablaise's patents.  Specifically, Ablaise served the following discovery requests on FFI and Yodlee, which FFI and Yodlee responded as shown below.

---

**REQUEST FOR PRODUCTION NO. 1 [FFI]**

Produce for inspection every product or service that Financial Fusion provides that is usable in an html environment.  Include with this production any necessary passwords, logins, and any other necessary credentials to allow for inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

FFI objects to the request as overly broad and unduly burdensome to the extent it seeks "*every* product or service that Financial Fusion provides that is usable in an html environment" without limitation.  FFI further objects to the request as irrelevant and not reasonable calculated to lead to the discovery of admissible evidence to the extent the request is not limited to the asserted patents and is therefore outside the scope of this litigation.  FFI further objects to the request as vague and ambiguous as "usable in an html environment" is not defined.  FFI further objects to the request to the extent it seeks information that is not in FFI's custody or control, such as customer passwords and login information. FFI further objects to the request to the extent it seeks information that is publicly available and accessible to Defendants.  FFI further objects to the request as premature, to the extent that Defendants have not yet served their preliminary infringement contentions, and FFI cannot provide relevant documents until Defendants identify what products or services are infringing.  Finally, FFI further objects to the request because, as stipulated in the Joint Case Management Statement filed with the Court on September 6, 2007 (Dkt.#38), the parties agreed to limit discovery to claim construction until after the Markman hearing.  This request for information regarding FFI's products is clearly outside the scope of claim construction issues and is therefore premature and in violation of the parties' written agreement.

---

[37] *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986).
[38] Fed. R. Civ. P. 26(b)(1) and 37.

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222 SBA; C06-07222 SBA

- 15 -

ABLAISE'S MOTION FOR A CASE MANAGEMENT ORDER

Subject to and without waiving any of its General and Specific Objections, FFI responds as follows:

FFI will not produce any information in response to this request until after the Markman hearing, as agreed upon by the parties.

**INTERROGATORY NO. 1  [FFI]**

Identify each and every product or service that Financial Fusion provides that is usable in an html environment, including, if available, the current URL on which it can be located.

**RESPONSE TO INTERROGATORY NO. 1**

FFI objects to the interrogatory as overly broad and unduly burdensome to the extent it seeks "*each and every* product or service that Financial Fusion provides that is usable in an html environment" without limitation. FFI further objects to the interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent the interrogatory is not limited to the asserted patents and is therefore outside the scope of this litigation. FFI further objects to the interrogatory as vague and ambiguous as "usable in an html environment" is not defined. FFI further objects to the request to the extent it seeks information that is publicly available and accessible to Defendants. FFI further objects to the interrogatory as premature, to the extent that Defendants have not yet served their preliminary infringement contentions, and FFI cannot provide relevant information until Defendants identify what products or services are infringing. Finally, FFI further objects to the interrogatory because, as stipulated in the Joint Case Management Statement filed with the Court on September 6, 2007 (Dkt.#38), the parties agreed to limit discovery to claim construction until after the Markman hearing. This interrogatory for information regarding FFI's products is clearly outside the scope of claim construction issues and is therefore premature and in violation of the parties' written agreement.

Subject to and without waiving any of its General and Specific Objections, FFI responds as follows:

FFI will not produce any information in response to this interrogatory until after the Markman hearing, as agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 1  [Yodlee]**

Produce for inspection every product or service that Yodlee provides that is usable in an html environment. Include with this production any necessary passwords, logins, and any other necessary credentials to allow for inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Yodlee incorporates its General Objections and further objects to this Request on the ground that it is premature. The parties in their Joint Case Management Conference Statement expressly agreed that "[d]iscovery shall be limited to issues relating to claim construction until after the Markman hearing."

Yodlee also objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks "every product or service that Yodlee provides that is usable in an html environment." The subject matter of the Request is far broader than the scope of Defendants' patent infringement claims, and the Request lacks any meaningful subject matter or temporal limitations. The Request accordingly is not reasonably calculated to lead to the discovery of admissible evidence.

Yodlee further objects to this request to the extent it seeks products or services that are publicly available and accessible to the Defendants.

**INTERROGATORY NO. 1  [Yodlee]**

Identify each and every product or service that Yodlee provides that is usable in an html environment, including, if available, the current URL on which it can be located.

**RESPONSE TO INTERROGATORY NO. 1**

Yodlee incorporates its General Objections, and further objects to this Interrogatory on the ground that it is premature. The parties in their Joint Case Management Conference Statement expressly agreed that "[d]iscovery shall be limited to issues relating to claim construction until after the Markman hearing."

Yodlee also objects to this interrogatory on the grounds that it is overbroad and unduly burdensome in that it seeks the identity of "every product or service that Yodlee provides that is usable in an html environment." The subject matter of the Interrogatory is far broader than the scope of Defendants' patent infringement claims, and the Interrogatory lacks any meaningful subject matter or temporal limitations. The Interrogatory accordingly is not reasonably calculated to lead to the discovery of admissible evidence.

Yodlee further objects to this interrogatory to the extent it seeks information that is publicly available and easily accessible to the Defendants.

In the event that the Defendants narrow the scope of the Interrogatory to seek the identification of products and services reasonably related to the scope of the Defendants' patent infringement claims, then Yodlee will provide such an identification after the Markman hearing in accordance with the Joint Case Management Conference Statement.

---

This information is undeniably relevant. If FFI and Yodlee want declarations that they do not infringe Ablaise's patents, then they must—as an initial matter—tell Ablaise what products or services they provide that relate to Ablaise's patents. Otherwise, this situation is similar to a boxer that challenges another boxer to a fight, but then refuses to get in the ring. FFI and Yodlee have picked their fight and they must now proceed with it. If FFI and Yodlee do not want to disclose all their products and services, they of course should have sued Ablaise for non-

infringement of the services and products that they supply to Bank of America, or agreed with Ablaise to limit the case as such. Having not done either, FFI and Yodlee must now disclose the products or services that they want to declare do not infringe Ablaise's patents.

FFI's and Yodlee's contention that the requested information is premature is unpersuasive. As explained in Section I above, the issue of what FFI and Yodlee provide to whom is an enormous and complicated issue. If discovery addressing this is not addressed until after the *Markman* hearing, then these actions will be unnecessarily delayed. If, for instance, Ablaise contests as infringing some of the products or services that FFI or Yodlee provide, then preliminary infringement contentions will need to be amended. There is no reason why this should be put off to later which could be done now.

FFI's and Yodlee's contention that discovery is limited to *Markman* issues is also unavailing. As an initial matter, knowledge of the accused product or process provides meaningful context for claim construction.[39] The Federal Circuit explained in *Lava Trading, Inc. v. Sonic Trading Mgmt, LLC* that "Without knowledge of the accused products, [the] court lacks a proper context for an accurate claim construction."[40] The products and services that FFI and Yodlee provide and seek declarations of non-infringement for are, therefore, relevant to claim construction issues. But even if this information did not relate to *Markman*, the requested discovery poses a unique issue to the parties that must be resolved now. The scope of FFI's and Yodlee's declaratory judgment actions cannot be postponed. This Court, therefore, should compel FFI and Yodlee to fully answer Ablaise's Interrogatory Number 1 and Request for Inspection Number 1.

### III. Ablaise Requests Leave to Amend Its Preliminary Infringement Contentions Against Bank of America to Add A Past '530 Infringement.

Ablaise asserted the '530 patent against Bank of America in October 2006. Since that time, Bank of America has removed the infringing portion of the '530 patent from its website. Ablaise is, nonetheless, still entitled to damages for this past infringement.

---

[39] *See Wilson Sporting Goods, Co. v. Hillerach & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006)
[40] *Lava Trading, Inc. v. Sonic Trading Mgmt, LLC*, 445 F.3d 1348, 1350 (Fed. Cir. 2006).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

This Court grants leave to amend a party's preliminary infringement contentions pursuant to Patent Local Rule 3-7 upon a showing of good cause. This Court routinely grants leave to amend where the patentee moves for leave early on in the case.[41] Here, Ablaise makes this motion less than three months after Ablaise served its preliminary infringement contentions and is ready to file its amended preliminary infringement contentions immediately.[42] This Court granted leave in *General Atomics*, for instance, where the patentee had sought leave three months after it had served its preliminary infringement contentions.[43] In addition to a lack of delay, Ablaise was in the process of determining the scope of these actions around the time its preliminary infringement contentions were filed. Indeed, two days before Ablaise served its preliminary infringement contentions, FFI and Yodlee served their discovery responses refusing to provide the names of their customers who they provide similar products or services to. Good cause, therefore, exists for Ablaise to amend its preliminary infringement contentions.

## CONCLUSION

Ablaise respectfully requests that (1) this Court limit FFI's and Yodlee's declaratory judgment actions to only the Bank of America website and dismiss without prejudice FFI's and Yodlee's non-infringement and invalidity claims regarding the '530 patent; and in conjunction therewith, (2) allow Ablaise to amend its counterclaims against FFI and Yodlee to limit its infringement allegations only to the services that FFI and Yodlee provide to Bank of America. In the alternative, Ablaise seeks to compel discovery responses from FFI and Yodlee that will permit an analysis of infringement of other customers besides Bank of America. Ablaise, additionally, requests leave to amend its preliminary infringement contentions to add a '530 infringement against Bank of America.

---

[41] *See, e.g.*, *General Atomics v. Axis-Shield ASA*, No. C 05-04074, 2006 WL 2329464, at *1-2 (N.D. Cal. Aug. 9, 2006).
[42] *See* Morton Decl., Exh. 11.
[43] *Id.* at *1-2.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

| | |
|---|---|
| DATED: January 9, 2008 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| | By: /s/ Cyrus A. Morton |
| |     Ronald J. Schutz, Esq. |
| |     Jake H. Holdreith, Esq. |
| |     Cyrus A. Morton, Esq. |
| |     Patrick M. Arenz, Esq. |
| | 2800 LaSalle Plaza |
| | 800 LaSalle Avenue |
| | Minneapolis, MN 55402-2015 |
| | 612-349-8500 |
| | **DAVIS WRIGHT TREMAINE LLP** |
| | Martin L. Fineman, Esq. |
| | (CA State Bar No. 104413) |
| | 505 Montgomery Street |
| | Suite 800 |
| | San Francisco, California 94111 |
| | 415-276-6500 |
| | **ATTORNEYS FOR ABLAISE LTD. AND GENERAL INVENTORS INSTITUTE A, INC.** |

MP3 20255698.2
CASE NOS. C06-02451 SBA; C06-07222 SBA; C06-07222 SBA

- 20 -

ABLAISE'S MOTION FOR A
CASE MANAGEMENT ORDER

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS