# EXHIBIT 2

MARTIN L. FINEMAN, California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Phone: (415) 276-6500
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com

RONALD J. SCHUTZ, Member of the N.D. California Bar
JAKE M. HOLDREITH, Admitted Pro Hac Vice
CYRUS A. MORTON, Admitted Pro Hac Vice
TREVOR J. FOSTER, Admitted Pro Hac Vice
SETH A. NORTHROP, Admitted Pro Hac Vice
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimle:   (612) 339-4181
E-Mail:     camorton@rkmc.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| YODLEE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC.<br><br>        Defendants. | Case No. C 06 7222 SBA<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, AND JURY DEMAND**<br><br>DEMAND FOR JURY TRIAL |

Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Defendants"), answer the Complaint of Plaintiff, Yodlee, Inc. ("Plaintiff"), as follows:

**INTRODUCTION AND BACKGROUND**

1. Yodlee, Inc. ("Yodlee") hereby brings this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA"). Specifically, Yodlee seeks, among other things, declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals," and declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals Including Commands for Browser Execution."

**RESPONSE:**

 Admitted.

2. Yodlee is a software company that was founded by four software engineers who invented a new technology that collects personal information from various sites throughout the Internet so that the information can be presented to an end user in one location. Although Yodlee itself is hardly a household name, its patented software has been adopted by dozens of well-known financial institutions, such as Bank of America and Compass Bank. Yodlee has 20 United States patents and more than 35 pending U.S. applications related to its data aggregation technology.

**RESPONSE:**

 Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 2 and therefore deny the same.

3. Upon information and belief, Ablaise is a patent holding company that makes no products and whose principal business is licensing and enforcing patents. GIIA and Ablaise claim to collectively own the '737 and '530 patents at issue in this suit. The '737 patent purports to be a continuation of the '530 patent.

**RESPONSE:**

 Defendants admit that they claim ownership of the '737 and '530 patents at issue in this suit and that the '737 patent is a continuation of the '530 patent. Denied as to the remaining averments in paragraph 3.

4. On or about July 26, 2006, counsel for Ablaise sent a letter to Bank of America alleging that the "My Portfolio" facility of the Bank of America web site "practice[s] the method recited in claim 1 of the '737 patent." This letter included a purported "infringement analysis," which compared screenshots from Bank of America's website to Claim 1 of the '737 patent. This letter also referred Bank of America to an Ablaise licensing proposal.

**RESPONSE:**

 Admitted.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

5. On August 28, 2006, Ablaise and GIIA filed suit against Bank of America in the District of Delaware, alleging that Bank of America "infringed one or more claims of the '737 patent by making, using, and operating its bankofamerica.com and related websites throughout the United States," and seeking damages, preliminary and permanent injunctions. On October 10, 2006, Ablaise and GIIA filed a first amended complaint adding the '530 patent to that suit,

**RESPONSE:**

Admitted.

6. Bank of America is a customer of Yodlee. Specifically, Bank of America and Yodlee are parties to an agreement entitled "Aggregation Services Agreement No. 23373-001" whereby Yodlee agreed to provide and Bank of America agreed to use certain Yodlee products to provide Bank of America's customers online information.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 6 and therefore deny the same.

7. The "My Portfolio" facility of the Bank of America website identified by Ablaise in its July 26th letter to Bank of America was created by, developed by, provided by and supported by Yodlee under its agreements with Bank of America. Yodlee and Bank of America have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Bank of America for claims made against those portions of the Bank of America website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 7 and therefore deny the same.

8. On or about April 10, 2006, counsel for Ablaise sent a letter to Compass Bank ("Compass"), alleging that its "compassweb.com website practices the inventions claimed in the '737 patent." This letter included a "representative infringement analysis for Claim 1 of the '737 patent," which compared screenshots from the compassweb.com website to elements in Claim 1 of the '737 patent. The letter also noted that "the compassweb.com website infringes a number of other '737 patent claims."

**RESPONSE:**

Admitted.

9. Compass Bank is also a customer of Yodlee. As early as June 22, 2001, Compass and Yodlee signed a "Standard Co-Branded Service Agreement" whereby Yodlee agreed to provide and Compass agreed to use Yodlee's products to provide Compass' customers online information on the compassweb.com website.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 9 and therefore deny the same,

10. The portions of the Compass website identified by Ablaise in the presentation it sent along with its April 10th letter to Compass involved those portions of the Compass website created by, developed by, provided by and supported by Yodlee under its agreements with Compass. Compass and Yodlee have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Compass for claims made against the portions of the compassweb.com website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 10 and therefore deny the same.

11. In addition to the Bank of America litigation, upon information and belief Ablaise and GIIA have also filed suits and/or have been involved in litigation against a number of other companies alleging infringement of the '737 and/or '530 patents, including: CDW Corporation; J&R Electronics; Lowe's Home Centers, Inc.; Investools, Inc.; Salesforce.com, Inc.; E*Trade Securities, LLC; Financial Fusion, Inc.; Lycos, Inc.; and Dow Jones & Company, Inc. Upon information and belief, the Salesforce.com, E*Trade Securities, and Financial Fusion litigations were all filed in the Northern District of California.

**RESPONSE:**

Admitted.

**THE PARTIES**

12. Yodlee is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in. paragraph 12 and therefore deny the same.

13. Upon information and belief, Ablaise is a British corporation with its principal place of business at 40 Queen Anne Street, London, WIG9EL, United Kingdom.

**RESPONSE:**

Admitted.

14. Upon information and belief, GIAA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

Admitted.

## JURISDICTION AND VENUE

15. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the causes of action stated herein pursuant to 35 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a) and 2201.

**RESPONSE:**

Admitted that Yodlee has jurisdiction under the Declaratory Judgment Act to seek non-infringement with respect to the products and services it provided to the Bank of America Corporation and as part of that limited scope is able to seek invalidity of the '737 patent. Denied as to the remainder of the averments in paragraph 15.

16. Upon information and belief, Ablaise and GIIA are subject to personal jurisdiction in this forum because they have purposefully availed themselves of the privilege of doing business in California, including negotiating and granting licenses in California, and engaging in litigation in the Northern District of California.

**RESPONSE:**

Admitted.

17. Alternatively, jurisdiction is proper in the Northern District of California under Fed. R. Civ. P. 4(k)(2). This cause of action arises under the patent laws of the United States. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction in any particular state. Additionally, Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States including the '737 and '530 patents, granted licenses to a number of major United States companies and presumably derive income from those licenses, entered into negotiations with United States companies to license the '737 and '530 patents, engaged in litigation against United States companies in various United States District Courts, including the Northern District of California, and used attorneys located in the United States to send notice letters to U.S. companies including Bank of America and Compass Bank.

**RESPONSE:**

Admitted.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b) because Ablaise and GIIA are alien corporations, Yodlee is located in this judicial district, several acts that allegedly constitute infringement took place in this judicial district, and defendants have engaged in significant activity in this district, including negotiating and granting licenses and engaging in litigation in this district.

**RESPONSE:**

Admitted.

### COUNT ONE: NON-INFRINGEMENT OF THE '737 PATENT

19. Yodlee incorporates by reference and realleges paragraphs 1 through 18 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-18 of Plaintiffs Complaint.

20. The products and services provided by Yodlee and utilized by its customers do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '737 patent.

**RESPONSE:**

Denied with respect to Yodlee's customer, the Bank of America Corporation. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 20 as they relate to other customers of Yodlee and therefore deny the same.

21. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '737 patent resulting from Plaintiff's involvement with the Bank of America Corporation. Denied as to the remainder of the averment.

22.  Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the '737 patent.

**RESPONSE:**

Denied with respect to Yodlee's customer, the Bank of America Corporation. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 22 as they relate to other customers of Yodlee and therefore deny the same.

### COUNT TWO: INVALIDITY OF THE '737 PATENT

23.  Yodlee incorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-22 of Plaintiff's Complaint.

24.  The claims of the '737 patent are invalid for failure to satisfy the requirements of Part U of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

25.  As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of the '737 patent. Denied as to the other averments in paragraph 25.

26.  Yodlee is entitled to a judgment declaring that the '737 patent is invalid.

**RESPONSE:**

Denied.

# COUNT THREE; UNENFORCEABILITY OF THE '737 PATENT

27. Yodlee incorporates by reference and realleges paragraphs 1 through 26 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-26 of Plaintiff's Complaint.

28. Defendants are barred by the equitable doctrine of unclean hands from enforcing the '737 patent against Yodlee and its customers.

**RESPONSE:**

Paragraph 28 includes conclusions of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 28.

29. Defendants are also barred by the equitable doctrine of prosecution laches from enforcing the '737 patent against Yodlee and its customers. Specifically, the inventors and assignees of the '737 patent unreasonably and inexcusably delayed the prosecution of several claims of the '737 patent, including at least claim 1 of the '737 patent. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others -- developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

**RESPONSE:**

Paragraph 29 includes conclusions of law to which Defendants are not required to respond. To the extent a response is required, Defendants admit that the prosecution file history of the '737 patent is a matter of public record. Plaintiffs characterizations of that record, in paragraph 29, which are not contained in the '737 prosecution file history, are denied.

30. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of the '737 patent. Denied as to the other averments in paragraph 30.

31. Yodlee is entitled to a judgment declaring that the '737 patent is unenforceable due to unclean hands and/or prosecution laches.

**RESPONSE:**

Denied.

### COUNT FOUR: NON-INFRINGEMENT OF THE '530 PATENT

32. Yodlee incorporates by reference and realleges paragraphs 1 through 31 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-31 of Plaintiff's Complaint.

33. The products and services provided by Yodlee do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '530 patent.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 33 and therefore deny the same.

34. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '737 patent resulting from Plaintiff's involvement with the Bank of America Corporation. Denied as to the remainder of the

1  averments in paragraph 34.

2      35.    Yodlee is entitled to a judgment declaring that Yodlee and its customers do not
3  infringe any claim of the '530 patent.

4  **RESPONSE:**

5      Denied.

6  

## COUNT FIVE: INVALIDITY OF THE '530 PATENT

7      36.    Yodlee incorporates by reference and realleges paragraphs 1 through 35 above as
8  if fully set forth herein.

9  **RESPONSE:**

10      Defendants repeat and incorporate their responses to paragraphs 1-35 of Plaintiff's
11  Complaint.

12      37.    The claims of the '530 patent are invalid for failure to satisfy the requirements of
13  Part II of Title 35 of the United States Code, including, without limitation the requirements of one
14  or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

15  **RESPONSE:**

16      Denied.

17      38.    As evidenced by the threatening letters to Yodlee's customers, including Bank of
18  America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer
Bank of America and against other defendants in this and other judicial districts, there is a real,
19  substantial, and continuing justiciable controversy between the parties regarding the validity of
Defendants' patents.

20  **RESPONSE:**

21      Admitted that there is a real, substantial, and continuing justiciable controversy between
22  the parties regarding Plaintiff's infringement of the '737 patent resulting from Plaintiff's
23  involvement with the Bank of America Corporation. Denied as to the remainder of the averments
24  in paragraph 38.
25  

26      39.    Yodlee is entitled to a judgment declaring that the '530 patent is invalid.

27  **RESPONSE:**

28      Denied.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

SFO SFO 356431v1 0067939-000005MP3
Yodlee v. Abalise Case No. C06-7222 SBA
Document No. 20252655.1

10

DEFENDANTS' FIRST AMENDED ANSWER TO
COMPLAINT,
COUNTERCLAIMS, AND JURY DEMAND

# COUNT SIX: UNENFORCEABILITY OF THE '530 PATENT

40. Yodlee incorporates by reference and realleges paragraphs 1 through 39 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-39 of Plaintiff's Complaint.

41. Defendants are barred by the equitable doctrines of unclean hands from enforcing the '530 patent against Yodlee and its customers.

**RESPONSE:**

Paragraph 41 includes conclusions of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 41.

42. As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '737 patent resulting from Plaintiff's involvement with the Bank of America Corporation. Denied as to the remainder of the averment.

43. Yodlee is entitled to a judgment declaring that the '530 patent is unenforceable due to unclean hands.

**RESPONSE:**

Denied.

# COUNTERCLAIMS

## COUNT ONE

Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Ablaise"), bring this counterclaim for infringement of the '737 patent:

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

2. Ablaise is a British corporation.

3. GIIA is a British Virgin Islands Corporation.

4. On information and belief, Plaintiff-counter-defendant Yodlee, Inc. ("Yodlee") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

5. Ablaise owns and has standing to sue for infringement of United States Patent No. 6,961,737 ("the '737 patent") (Ex. A.), entitled, "Serving Signals."

6. The '737 patent was duly and legally issued by the United States Patent and Trademark Office on November 1, 2005.

7. Yodlee has infringed, induced, or contributed to the infringement of one or more claims of the '737 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the United States by making, using, selling, offering to sell, supplying, and causing to be supplied web-based software for performing financial transactions and website development services to the Bank of America Corporation, such as those described in paragraphs 2 and 7 of plaintiffs Complaint. On information and belief, FFI knew or should have known its actions would induce actual infringement of the '737 patent by the Bank of America Corporation.

8. Yodlee's infringement of the '737 patent will continue unless enjoined by this Court.

9. On information and belief, Yodlee's infringement of the '737 patent has always been deliberate and willful.

10. Ablaise has been damaged by the infringing acts of Yodlee.

11. Ablaise will continue to be damaged unless and until Yodlee is restrained from its infringing acts by this Court. WHEREFORE, Ablaise prays for judgment as set forth below.

## COUNT TWO

Ablaise brings this counterclaim for infringement of the '530 patent:

12. Ablaise incorporates by reference and realleges paragraphs 1 through 10 above as if fully set forth herein.

13. Ablaise owns and has standing to sue for infringement of United States Patent No. 6,295,530 ("the '530 patent") (Ex. B,), entitled, "Internet Service of Differently Formatted Viewable Data Signals Including Commands For Browser Execution."

14. The '530 patent was duly and legally issued by the United States Patent and Trademark Office on September 25, 2005.

15. Yodlee has infringed, induced, or contributed to the infringement of one or more claims of the '530 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the United States by making, using selling, offering to sell, supplying, and causing to be supplied web-based software for performing financial transactions and website development services, such as those described in paragraphs 2 and 7 of plaintiff's Complaint, throughout the United States, including this judicial district. On information and belief, FFI knew or should have known its actions would induce actual infringement of the '530 patent by others.

16. Yodlee's infringement of the '530 patent will continue unless enjoined by this Court.

17. On information and belief, Yodlee's infringement of the '530 patent has always been deliberate and willful.

18. Ablaise has been damaged by the infringing acts of Yodlee.

19. Ablaise will continue to be damaged unless and until Yodlee is restrained from its

1  infringing acts by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ablaise demands judgment against Yodlee, including Yodlee's affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

(a) Dismissal of Plaintiff's Complaint and denial of all the relief sought in such Complaint;

(b) An order enjoining Yodlee from infringing, inducing others to infringe, and/or contributing to the infringement of the '737 and '530 patents or, in the alternative, entry of a compulsory license;

(c) An award to Ablaise of such damages as it shall prove at trial against Yodlee, after a full accounting of all damages that Ablaise has suffered as a result of Yodlee's unlawful conduct, said damages to be no less than a reasonable royalty;

(d) An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

(e) A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

(f) Such other relief as this Court and/or a jury may determine to be proper and just.

## DEMAND FOR JURY TRIAL

Ablaise and General Inventions Institute hereby demand a trial by jury of all issues in this action.

///
///
///
///
///
///

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

|   |   |
|---|---|
| Dated: _____, 2008 | Respectfully Submitted, |
|   | _____ |
|   | Martin L. Fineman |
|   | DAVIS WRIGHT TREMAINE LLP |
|   | One Embarcadero Center, Suite 600 |
|   | San Francisco, California 94111-3834 |
|   | Phone: (415) 276-6500 |
|   | Fax: (415) 276-6599 |
|   | Email: martinfineman@dwt.com |
|   |   |
|   | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
|   |   |
|   | Ronald J. Schutz, Esq. |
|   | Jake H. Holdreith, Esq. |
|   | Cyrus A. Morton, Esq. |
|   | Trevor J. Foster, Esq. |
|   | Seth Northrop, Esq. |
|   | 2800 LaSalle Plaza |
|   | 800 LaSalle Avenue |
|   | Minneapolis, MN 55402-2015 |
|   | 612-349-8500 |
|   |   |
|   | Attorneys for Defendants |
|   | ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC. |