# EXHIBIT 7

Linda J. Thayer (SBN 195,115/linda.thayer@finnegan.com)
Lily Lim (SBN 214,536/lily.lim@finnegan.com)
Jeffrey Danley (SBN 238,316/jeff.danley@finnegan.com)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Plaintiff/Counter-Defendant
FINANCIAL FUSION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>   Defendants. | Case No. C06-02451 SBA<br><br>**FINANCIAL FUSION, INC.'S PRELIMINARY INVALIDITY CONTENTIONS** |
| YODLEE, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>   Defendants. | **RELATED CASE**<br><br>Case No. C06-07222 SBA |
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>   Defendant. | **RELATED CASE**<br><br>Case No. C06-001995 SBA |

1

Pursuant to Patent L.R. 3-3, Financial Fusion, Inc. ("Financial Fusion") hereby serves its Preliminary Invalidity Contentions on Plaintiffs Ablaise Ltd. Corporation ("Ablaise") and General Inventions Institute A, Inc. ("GIIA"). In the absence of a claim construction order from the Court, Financial Fusion has based its Preliminary Invalidity Contentions in part upon the apparent constructions of the asserted claims of U.S. Patent No. 6,961,737 B2 ("the '737 patent") as advanced by Ablaise and GIIA in its Preliminary Infringement Contentions served on November 1, 2007, to the extent any such claim constructions are suggested by Ablaise's and GIIA's contentions. However, nothing herein should be construed as an admission that Financial Fusion agrees with Ablaise's and GIIA's apparent claim constructions. Financial Fusion expressly reserves the right to propose alternative constructions to those advocated by Ablaise and GIIA and to request Ablaise and GIIA's actual claim construction positions.

Financial Fusion's investigation regarding invalidity of the asserted patents, including those based on prior publication, public use, or on sale bar under 35 U.S.C. § 102(b), improper inventorship and derivation, or prior invention, obviousness under 35 U.S.C. § 103(a), and failure to comply with 35 U.S.C. § 112 is ongoing. Prior art not included in this disclosure, whether or not now known to Financial Fusion, may become relevant depending on the claim constructions that Ablaise and GIIA asserts and on the claim constructions that the Court may adopt. Financial Fusion's investigations may also uncover additional prior art. The obviousness combinations of references provided below under 35 U.S.C. § 103 are merely exemplary and are not intended to be exhaustive. Additional obviousness combinations of the references identified below are possible, and Financial Fusion reserves the right to use any such combination(s) in this litigation. In particular, Financial Fusion is currently unaware of the extent, if any, to which Ablaise and GIIA will contend that limitations of the claims at issue are not disclosed in the art identified by Financial Fusion as anticipatory. To the extent that an issue arises with any such limitation, Financial Fusion reserves the right to identify other references which would have made obvious the addition of the allegedly missing limitation to the disclosed device or method of operation.

Accordingly, Financial Fusion specifically reserves the right to modify or supplement these Invalidity Contentions in accordance with this Court's Orders and the Local Rules, including the Patent Local Rules, in light of the Court's claim construction, as additional documents and information become available (including documentation and information that Ablaise has not yet produced or provided or any supplementation by Ablaise of its Infringement Contentions), and as discovery and investigation proceed. Financial Fusion further reserves the right to introduce and use such supplemental materials at trial.

## I.   IDENTIFICATION OF PRIOR ART

Pursuant to Patent L.R. 3-3(a), and in light of Ablaise and GIIA's infringement contentions set forth in the Preliminary Infringement Contentions and accompanying claim charts served on November 1, 2007, Financial Fusion lists below the prior art now known to Financial Fusion that it contends anticipates or renders obvious claims 1, 3, 4, and 6 (collectively, "the asserted claims") of the '737 patent.

To this date, Ablaise and GIIA have not served any infringement contentions relating to U.S. Patent No. 6,295,530 ("the '530 patent"). Patent L.R. 3-3(a) requires Financial Fusion to identify each item of prior art that anticipates or renders obvious each asserted claim. As Ablaise and GIIA have failed to assert any claims from the '530 patent, the Patent Local Rules do not require Financial Fusion to identify any prior art contentions at this time.

Financial Fusion believes that Count Two of Ablaise and GIIA's counterclaims which asserts infringement of the '530 patent should be dismissed from this case with prejudice because Ablaise and GIIA have failed to comply with Patent L.R. 3-1, which requires any party claiming patent infringement to identify asserted claims and serve infringement contentions on all parties no later than 10 days after the Initial Case Management Conference. In the event Ablaise and GIIA are allowed to raise infringement contentions relating to the '530 patent, Financial Fusion specifically reserves the right to provide its invalidity contentions for those claims at the appropriate time.

### A.   Prior Art Patents and Publications Under 35 U.S.C. §§ 102(a), (b), and/or (e)

Pursuant to Patent L.R. 3-3(a), Financial Fusion identifies the following United States patents

and publications as prior art that anticipate or render obvious the asserted claims of the '737 patent.

**Patents**

| Number | Country of Origin | Date of Issue |
|---|---|---|
| U.S. Pat. No. 5,675,507 | United States | October 7, 1997 |
| U.S. Pat. No. 5,819,284 | United States | October 6, 1998 |
| U.S. Pat. No. 5,761,662 | United States | June 2, 1998 |
| U.S. Patent No. 5,537,586 | United States | July 16, 1996 |
| U.S. Patent No. 5,715,314 | United States | February 3, 1998 |
| EP 0 718 783 | European application (contracting states DE, FR, GB, IT, NK, SE) | June 6, 1998 |

**Publications**

| |
|---|
| Anja Haake, Christoph Huser, and Klaus Reichenberger, *The Individualized Electronic newspaper: an example of an active publication*, Electronic Pub., Vol. 7(2), pp. 89-111 (June 1994). |
| F.J. Burkowski, Michael A. Shepherd, and C.R. Watters, *Delivery of Electronic News: A Broadband Application*, Proceedings of the 1994 Conference of the Centre For Advanced Studies on Collaborative Research (October 1994). |
| Carlos A. Varela and Caroline C. Hayes, *Providing Data on the Web: From Examples to Programs*, Second International Conference on the World-Wide Web, Chicago, IL (Oct 17-21, 1994). |
| Douglas B. Koen, *Automated Restructuring of an Electronic Newspaper* (May 19, 1994). |

B.   **Prior Art Products/Systems Under 35 U.S.C. §§ 102(a), (b), and/or (g)**

In addition to the prior art patents and publications identified in section I(A), above, Financial Fusion identifies the Quote.com service as prior art that anticipates or renders obvious the asserted claims of the '737 patent.[1]  This service provided on-line financial and stock data to registered users and subscribers and was known and on sale more than one year before the effective

---

[1] Attached as Exhibit 11 is a claim chart specifically identifying how Quote.com meets each element of each asserted claim.

priority date of the '737 patent. In particular, on information and belief, both free and subscription versions of the service were publicly offered on the Internet by Chris Cooper at least as early as July, 1994. Produced concurrently with Yodlee's Preliminary Infringement Contentions, and incorporated into this response and Financial Fusion's document production by reference, are documents showing online discussions of Quote.com users discussing their use of the system. *See, e.g.*, YODLEE-ABLAISE 24109-24127 (email string including a July 7, 1994 email from a user located in Arizona, where the user signed up for the free version of Quote.com); *see also* YODLEE-ABLAISE 024135-024139 (informational email listing the various Quote.com subscription packages available as of August 25, 1994).

Yodlee produced to Ablaise and GIAA the Quote.com source code at YODLEE-ABLAISE 018041-023643, which is should be deemed produced in this Financial Fusion case. Although the produced version reflects the state of the code at the time it was checked into a Concurrent Versions System in 1996, any changes that were made after June 1994 were specifically identified by comments.

Financial Fusion also identifies the Freshman fishWrap System as prior art that anticipates or renders obvious the asserted claims of the '737 patent.[2] On information and belief, the Freshman fishWrap System constitutes prior art that was publicly known, used by others, sold, and/or offered for sale in the United States before the alleged inventions, or in public use in the United States more than one year before the effective priority date of the '737 patent. In particular, this system was used and/or publicly known at least as early as May 1994. Financial Fusion also relies on the work of those involved in the Freshman fishWrap System, including Benjamin Schoon, Douglas Koen, Pascal Chesnais, Matthew Mucklo, and Jonathan Sheena, as invalidating use. Financial Fusion produces concurrently herewith documents showing the operation of the Freshman fishWrap System with Bates numbers FFI0001407-1723.

Pursuant to Patent L.R. 3-3(a), Financial Fusion identifies the following prior art products

---

[2] Attached as Exhibit 12 is a claim chart specifically identifying how the Freshman fishWrap system meets each element of each asserted claim.

and systems that anticipate or render obvious the asserted claims of the '737 patent.

## Prior Art Products/Systems

| Item | Date of offer or use | Person/entity making the use or making/receiving the offer |
|---|---|---|
| Quote.com | On or before July 1994. | Chris Cooper (inventor) |
| Freshman fishWrap | On or before May 1994. | Pascal Chesnais (inventor); Benjamin Schoon, Douglas Koen, Matthew Mucklo, and Jonathan Sheena |

## II. STATUTORY BASIS FOR INVALIDITY

### A. Anticipation (35 U.S.C. § 102) and Obviousness (35 U.S.C. § 103)

Pursuant to Patent L.R. 3-3(b) and 3-3(c), and in light of Ablaise and GIIA's infringement contentions set forth in the Preliminary Infringement Contentions and accompanying claim charts served on November 1, 2007, Financial Fusion attaches hereto as Exhibits 1-12 the Joint Invalidity Claim Charts of Financial Fusion, Yodlee, and Bank of America. These are exemplary claim charts that identify prior art references that anticipate the asserted claims of the patents in suit as well as combinations of prior art references, which render the asserted claims of the patents in suit obvious. The attached charts identify specifically at least one place where, in each alleged item of prior art, each element of each asserted claim is found.

Local Patent Rule 3-3(b) requires Financial Fusion to identify "the motivation to combine" each item of prior art. Under *KSR International v. Teleflex, Inc.*, to the extent such requirement exists under current law at all, the requirement is minimal. For example, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements." 127 S. Ct. 1727, 1742 (2007). In addition, "common sense" teaches that "a person of ordinary skill often will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 1732. In fact, "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *Id.* at 1739. "[I]f a technique has been used to improve one device, and a person of

ordinary skill would recognize that it would improve similar devices in the same way, [then] using the technique is obvious unless its actual implementation is beyond his or her skill." *Id.* at 1740. Thus, the combined teachings of the prior art listed herein, the knowledge of one of ordinary skill in the art, and the nature of the problem to be solved as a whole would have suggested the claimed combinations of elements to one of ordinary skill in the art at the time of the alleged invention(s).

Moreover, in general, motivation to combine any of the references with others exists within the references themselves, as well as within the knowledge of those of ordinary skill in the art. These references identify and address the same technical issues and suggest very similar solutions to those issues. If and to the extent Ablaise and GIIA challenge the correspondence of any of these references with respect to particular elements of the asserted claims, Financial Fusion reserves the right to supplement these Preliminary Invalidity Contentions to identify motivation to combine particular references with one another with additional particularity. An index identifying the prior art discussed in each of the attached exhibits is provided below.

| Invalidity Charts for the '737 Patent | |
|---|---|
| U.S. Pat. No. 5,675,507 to Bobo | Exhibit 1 |
| U.S. Pat. No. 5,819,284 to Farber, et al. | Exhibit 2 |
| U.S. Pat. No. 5,761,662 to Dasan | Exhibit 3 |
| U.S. Pat. No. 5,537,586 to Amram, et al. | Exhibit 4 |
| U.S. Pat. No. 5,715,314, to Payne, et al. | Exhibit 5 |
| EP 0 718 783 (Hooper et al.) | Exhibit 6 |
| Anja Haake, Christoph Huser, and Klaus Reichenberger, *The Individualized Electronic newspaper: an example of an active publication*, Electronic Pub., Vol. 7(2), pp. 89-111 (June 1994). | Exhibit 7 |
| F.J. Burkowski, Michael A. Shepherd, and C.R. Watters, *Delivery of Electronic News: A Broadband Application*, Proceedings of the 1994 Conference of the Centre For Advanced Studies on Collaborative | Exhibit 8 |

| | |
|---|---|
| Research (October 1994). | |
| Carlos A. Varela and Caroline C. Hayes, *Providing Data on the Web: From Examples to Programs*, Second International Conference on the World-Wide Web, Chicago, IL (Oct 17-21, 1994). | Exhibit 9 |
| Douglas B. Koen, *Automated Restructuring of an Electronic Newspaper* (May 19, 1994). | Exhibit 10 |
| Quote.com (public use and/or sale) | Exhibit 11 |
| Freshman fishWrap Personalized News System (public use and/or sale) | Exhibit 12 |

In charts where Financial Fusion identifies a combination of references, Financial Fusion may rely upon a subset of the references or all of the references depending upon the Court's claim construction and further investigation. Further, Financial Fusion's identification of multiple references in any given chart and contention that various combinations thereof render an asserted claim obvious under 35 U.S.C. § 103 is in no way an admission or suggestion that each reference does not independently anticipate the asserted claims under 35 U.S.C. § 102. The obviousness combinations stated in the attached charts are merely exemplary and are not intended to be exhaustive. Any of the references listed above in Section I for the '737 patent may be combined to render obvious, and therefore invalid, the asserted claims of the '737 patent.

### III. DOCUMENT PRODUCTION ACCOMPANYING PRELIMINARY INFRINGEMENT CONTENTIONS (PATENT L.R. 3-4)

Ablaise and GIAA have accused the Military Bank Online website[3] developed by Financial Fusion for Bank of America in the Preliminary Infringement Contentions directed at Financial Fusion, served on November 1, 2007. Pursuant to Patent L.R. 3-4, Financial Fusion is serving, concurrently with these Preliminary Invalidity Contentions, all documentation required by Patent L.R. 3-4(a) and (b). Produced with Bates numbers FFI0000001–0000925 and FFI0001725-0019062 are documents sufficient to show the operation of the accused website. Financial Fusion also is informed of and incorporates by reference documents produced by Yodlee and Bank of America in

related litigations that are sufficient to show the operation of the instrumentalities accused in Exhibit A of Ablaise and GIIA's Preliminary Infringement Contentions.

## IV.  ADDITIONAL PRIOR ART

In addition to the prior art references identified above, Financial Fusion lists below the following patents, patent applications, and printed publications, which are pertinent to the invalidity of the asserted patents. Financial Fusion has not provided claim charts for each of these references either because at this time Financial Fusion does not intend to rely on them, because they have substantially similar disclosures to other prior art for which invalidity charts have been provided, because they were discovered recently and Financial Fusion has not had a fair opportunity to analyze them, or because they are used as supporting references in an obviousness combination. However, Financial Fusion reserves the right to revise its invalidity contentions to rely on these references to prove the invalidity of the asserted claims of the asserted patents in a manner consistent with the Federal Rules of Civil Procedure and the Court's Local Rules.

| Patent/Application Number or Publication Title | Issue or Publication Date |
| --- | --- |
| U.S. Pat. No. 5,058,000 | October 15, 1991 |
| U.S. Pat. No. 5,204,947 | April 20, 1993 |
| U.S. Pat. No. 5,347,632 | September 13, 1994 |
| U.S. Pat. No. 5,455,948 | October 3, 1995 |
| U.S. Pat. No. 5,530,852 | June 25, 1996 |
| U.S. Pat. No. 5,553,223 | September 3, 1996 |
| U.S. Pat. No. 5,694,546 | December 2, 1997 |
| U.S. Pat. No. 5,694,594 | December 2, 1997 |
| U.S. Pat. No. 5,835,712 | November 10, 1998 |
| U.S. Pat. No. 6,230,202 | May 8, 2001 |
| U.S. Pat. No. 6,336,137 | January 1, 2002 |
| U.S. Pat. No. 5,204,947 | April 20, 1993 |

---

[3] Specifically, Ablaise indicates that the accused website may be found at:
https://militarybankonline.bankofamerica.com/efs/servlet/military/login.jsp. *See* Ablaise's Disclosure of Asserted Claims and Preliminary Infringement Contentions, p. 3.

| | | |
|---|---|---|
| 1 | Adie, *Network Access to Multimedia Information* | August 9, 1993 |
| 2 | Andreesen, NCSA Mosaic Technical Summary, Version 2.1 | May 8, 1993 |
| 3 | Ashton, *The Newspaper of the Future-A Look Beyond the Front Porch* | May 4-6, 1993 |
| 4 | Baker, *Netcloak and WebObjects-Programmable HTML pages* | February 3, 1996 |
| 5 | Bartley, *Personalized Newspaper Project for Residence/Orientation Week* | 1993 |
| 6 | Belkin, *Adaptive Information Retrieval: using a connectionist representation to retrieve and learn about documents* | June 25-28, 1989 |
| 7 | Bender. *Newspace-Mass Media and Personal Computing* | June 10-14, 1991 |
| 8 | Berman, *Today's World News-Creating a Desktop News Delivery System* | May 4-6, 1993 |
| 9 | Bieber, *Issues in Modeling a Dynamic Hypertext Interface for Non-Hypertext Systems* | December, 1991 |
| 10 | Bieber, *On Generalizing the Concept of Hypertext* | March, 1992 |
| 11 | Bieber, *Providing Information Systems with Full Hypermedia Functionality* | October, 1992 |
| 12 | Borenstein, *MIME Part I-Mechanisms for Specifying and Describing the Format of Internet Message Bodies* | September, 1993 |
| 13 | Chelsom, *Database Support for the Production of Reusable Technical Documentation* | October 1, 1993 |
| 14 | Chelsom, *Using SGML to Produce Reusable Technical Documentation* | June 6, 1994 |
| 15 | Chen, *An Intelligent Component Database for Behavioral Synthesis* | June 24-28, 1990 |
| 16 | Chesnais, *The Fishwrap Personalized News System* | May 31, 1995 |
| 17 | Chesnais - *Strategies fo Personal Dynamic Systems: News in the Future* | 1993 |
| 18 | Chesnais, *Strategies for Personal Dynamic Systems: News in the Future* | 1993 |
| 19 | Chesnais, e-mail entitled "Here is pascal profile" | November 17, 1994 |
| 20 | Chesnais, e-mail entitled "Subject: HelpMe.html" | March 5, 1995 |
| 21 | Chesnais, e-mail entitled "Subject: release four is online" | March 17, 1995 |
| 22 | FishWrap "Top of the FishWrap" web page | March 16, 1995 |
| 23 | FishWrap "Welcome" web page | November, 1994 |
| 24 | FishWrap "FishWrap Help" web page | March 4, 1995 |
| 25 | FishWrap "Release Four Information" web page | March 16, 1995 |
| 26 | FishWrap "Top of the FishWrap" web page | April 9, 1996 |
| | FishWrap screenshot of "Daily Me" | |
| | FishWrap computer code | |
| | Garzotto, *HDM: A Model for the Design of Hypertext Applications* | December 1991 |
| 27 | Girgensohn, *Dynamic Forms-An Enhanced Interaction Abstraction Based* | 1995 |

| | | |
|---|---|---|
| 1 | *on Forms* | |
| 2 | Screenshot:GSQL: A Mosaic-SQL Gateway | 1993 |
| 3 | Haan, *IRIS Hypermedia* | January, 1992 |
| 4 | Halasz, *Reflections on Notecards-Seven Issues for the Next Generation of Hypermedia Systems* | July, 1988 |
| 5 | Kaashoek, *Dynamic Documents: Mobile Wireless Access to the WWW* | December, 1994 |
| 6 | Kaashoek, *Dynamic Documents-Extensibility and Adaptability in the WWW* | September 15, 1994 |
| 7 | Koen, Speaking Notes for Presentation at 1993 NeXTWorld Expo | 1993 |
| | Korkea-aho, *Scalability in Distributed Multimedia Systems* | November 5, 1995 |
| 8 | Screenshot: LCS People (by name) HTML document | 1993 |
| 9 | Lippman, *News and Movies in the 50 Megabit Living Room* | November, 1987 |
| 10 | Mallery, *A Common LISP Hypermedia Server* | May 5, 1994 |
| 11 | Marshall, *A Multi-Tiered Approach to Hypertext Integration: Negotiating Standards for a Heterogeneous Application Environment* | January 16-18, 1990 |
| 12 | Maxum Netcloak 1.0 brochure, disk label | 1994 |
| 13 | Mayega, *WWW-Mall of the Future* | December 7, 1994 |
| 14 | Miller, *News On-Demand for Multimedia Networks* | August 1-6, 1993 |
| 15 | Morita, *Information Filtering Based on User Behavior Analysis and Best Match Text Retrieval* | July, 1994 |
| 16 | Newcomb, *Hytime Hypermedia Timebased Document Structuring Language* | November, 1991 |
| 17 | Olim, letter and press release re CDnow! | August 23, 1994 |
| 18 | Orwant, *Doppelgnger Goes to School-Machine Learning for User Modeling* | August 6, 1993 |
| 19 | Orwant, *Heterogeneous Learning in the Doppelganger User Modeling System* | February 14, 1994 |
| 20 | Parunak, *Toward Industrial Strength Hypermedia* | 1991 |
| 21 | Pinckney, *Dynamic Documents: Scalable Access to the WWW* | August 8, 1995 |
| 22 | Putz, *Interactive Information Services Using WWW Hypertext* | May 25-27, 1994 |
| 23 | Ramanathan, *Architectures for Personalized Multimedia* | 1994 |
| | Richard, *Freshman Fishwrap Adds International News, Feature* | November 19, 1993 |
| 24 | Secret, email re WWW-Oracle Gateway | June 16, 1993 |
| 25 | Schoon, *Fishpaper:Automatic Personalized Newspaper Layout* | May, 1994 |
| 26 | Sheena, e-mail entitled "Subject: Editor" | December 28, 1992 |
| 27 | Sheth, *A Learning Approach to Personalized Information Filtering* | February, 1994 |
| 28 | 11 | FFI'S PRELIMINARY INVALIDITY CONTENTIONS<br>Case No. C06-02451 SBA |

| | |
|---|---|
| Swanberg, *Architecture of a Multimedia Information System for Content-Based Retrieval* | November 12-13, 1992 |
| Thomson, *Freshman publishing experiment offers made-to-order newspapers* | May 9, 1994 |
| Trewitt, *Using Tcl to Process HTML Forms* | May, 1994 |
| Turpeinen, *Agent-Mediated personalised multimedia services* | May 22, 1995 |
| Varela, *Zelig-Schema-Based Generation of Soft WWW Database Applications* | May, 1994 |
| Wetherall, *Active Pages- Intelligent Nodes on the WWW* | March 31, 1994 |
| Screenshots: Prior Art System "Stoker" | 1993 |

Dated:  December 17, 2007            By: _____
                                     Linda J. Thayer
                                     Lily Lim
                                     FINNEGAN, HENDERSON, FARABOW,
                                       GARRETT & DUNNER, L.L.P.
                                     3300 Hillview Avenue
                                     Palo Alto, California  94304-1203
                                     Telephone:(650) 849-6600
                                     Facsimile: (650) 849-6666