# EXHIBIT 8

1  David M. Barkan (CSB No. 160825/barkan@fr.com)
   Craig R. Compton (CSB No. 215491/compton@fr.com)
2  Jonathan J. Lamberson (CSB No. 239107/lamberson@fr.com)
   Christina D. Jordan (CSB No. 245944/jordan@fr.com)
3  FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
4  Redwood City, CA 94063
   Telephone: (650) 839-5070
5  Facsimile: (650) 839-5071

6  Attorneys for Plaintiff
   YODLEE, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

| | |
|---|---|
| 12  FINANCIAL FUSION, INC., | Case No. C06-02451 SBA |
| 13          Plaintiff, | **YODLEE, INC.'S PRELIMINARY INVALIDITY CONTENTIONS** |
| 14  v. | |
| 15  ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | |
| 16 | |
| 17          Defendants. | |
| 18  YODLEE, INC., | **RELATED CASE** |
|           Plaintiff, | Case No. C06-07222 SBA |
| 19 | |
| 20  v. | |
| 21  ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | |
| 22          Defendants. | |
| 23  ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | **RELATED CASE** |
| 24          Plaintiffs, | Case No. C06-001995 SBA |
| 25 | |
| 26  v. | |
| 27  BANK OF AMERICA CORPORATION, | |
|           Defendant. | |
| 28 | |

                                    1

Pursuant to Patent L.R. 3-3, Yodlee, Inc. ("Yodlee") hereby serves its Preliminary Invalidity Contentions on Plaintiffs Ablaise Ltd. Corporation ("Ablaise") and General Inventions Institute A, Inc. ("GIIA"). In the absence of a claim construction order from the Court, Yodlee has based their Preliminary Invalidity Contentions in part upon the apparent constructions of the asserted claims of U.S. Patent No. 6,961,737 B2 ("the '737 patent") as advanced by Ablaise and GIIA in its Preliminary Infringement Contentions served on November 1, 2007, to the extent any such claim constructions are suggested by Ablaise's and GIIA's contentions. However, nothing herein should be construed as an admission that Yodlee agrees with Ablaise's and GIIA's apparent claim constructions. Yodlee expressly reserves the right to propose alternative constructions to those advocated by Ablaise and GIIA and to request Ablaise's and GIIA's actual claim construction positions.

Yodlee's investigation regarding invalidity of the asserted patents, including those based on prior publication, public use, or on sale bar under 35 U.S.C. § 102(b), improper inventorship and derivation, or prior invention, obviousness under 35 U.S.C. § 103(a), and failure to comply with 35 U.S.C. § 112 is ongoing. Prior art not included in this preliminary disclosure, whether or not now known to Yodlee, may become relevant depending on the claim constructions that Ablaise and GIIA asserts and on the claim constructions that the Court may adopt. Yodlee's investigations may also uncover additional prior art. The obviousness combinations of references provided below in connection with 35 U.S.C. § 103 are merely exemplary and are not intended to be exhaustive. Additional obviousness combinations of the references identified below are possible, and Yodlee reserves the right to use any such combinations in this litigation. In particular, Yodlee is currently unaware of the extent, if any, to which Ablaise and GIIA will contend that limitations of the claims at issue are not disclosed in the art identified by Yodlee as anticipatory. To the extent that an issue arises with any such limitation, Yodlee reserves the right to identify other references that would have made obvious the addition of the allegedly missing limitation to the disclosed device or method of operation.

Accordingly, Yodlee specifically reserves the right to modify or supplement these Invalidity Contentions in accordance with this Court's Orders and the Local Rules, including the Patent Local Rules, in light of the Court's claim construction, as additional documents and information become available (including documentation and information that Ablaise has not yet produced or provided or any supplementation by Ablaise of its Infringement Contentions), and as discovery and investigation proceed. Yodlee further reserves the right to introduce and use such supplemental materials at trial.

## I.   IDENTIFICATION OF PRIOR ART

Pursuant to Patent L.R. 3-3(a), and in light of Ablaise's and GIIA's infringement contentions set forth in the Preliminary Infringement Contentions and accompanying claim charts served on November 1, 2007, Yodlee lists below the prior art now known to Yodlee which Yodlee contends anticipates or renders obvious claims 1, 3, 4, and 6 (collectively, "the asserted claims") of the '737 patent.

To this date, Ablaise and GIIA have not served any infringement contentions relating to U.S. Patent No. 6,295,530 ("the '530 patent"). Patent L.R. 3-3(a) requires Yodlee to identify each item of prior art that anticipates or renders obvious each asserted claim. As Ablaise and GIIA have failed to assert any claims from the '530 patent, the Patent Local Rules do not require Yodlee to identify any prior art contentions directed at the '530 patent at this time.

Yodlee believes that the '530 patent should be dismissed from this case with prejudice because Ablaise and GIIA have failed to comply with Patent L.R. 3-1, which requires any party claiming patent infringement to identify asserted claims and serve infringement contentions on all parties no later than 10 days after the Initial Case Management Conference. In the event Ablaise and GIIA are allowed to raise infringement contentions relating to the '530 patent, Yodlee specifically reserves the right to provide its invalidity contentions for those claims at the appropriate time.

### A.   Prior Art Patents and Publications Under 35 U.S.C. §§ 102(a), (b), and/or (e)

Pursuant to Patent L.R. 3-3(a), Yodlee identifies the following United States patents and publications as prior art that anticipate or render obvious the asserted claims of the '737 patent.

3

**Patents**

| Number | Country of Origin | Date of Issue |
|---|---|---|
| U.S. Pat. No. 5,675,507 | United States | October 7, 1997 |
| U.S. Pat. No. 5,819,284 | United States | October 6, 1998 |
| U.S. Pat. No. 5,761,662 | United States | June 2, 1998 |
| U.S. Patent No. 5,537,586 | United States | July 16, 1996 |
| U.S. Patent No. 5,715,314 | United States | February 3, 1998 |
| EP 0 718 783 | European application (contracting states DE, FR, GB, IT, NK, SE) | June 6, 1998 |

**Publications**

| |
|---|
| Anja Haake, Christoph Huser, and Klaus Reichenberger, *The Individualized Electronic newspaper: an example of an active publication*, Electronic Pub., Vol. 7(2), pp. 89-111 (June 1994). |
| F.J. Burkowski, Michael A. Shepherd, and C.R. Watters, *Delivery of Electronic News: A Broadband Application*, Proceedings of the 1994 Conference of the Centre For Advanced Studies on Collaborative Research (October 1994). |
| Carlos A. Varela and Caroline C. Hayes, *Providing Data on the Web: From Examples to Programs*, Second International Conference on the World-Wide Web, Chicago, IL (Oct 17-21, 1994). |
| Douglas B. Koen, *Automated Restructuring of an Electronic Newspaper* (May 19, 1994). |

**B.    Prior Art Products/Systems Under 35 U.S.C. §§ 102(a), (b), and/or (g)**

In addition to the prior art patents and publications identified in section I.A, above, Yodlee identifies the Quote.com service as prior art that anticipates or renders obvious the asserted claims of the '737 patent.[1] This service provided on-line financial and stock data to registered users and subscribers and was known and on sale more than one year before the effective priority date of the '737 patent. In particular, on information and belief, both free and subscription versions of the service were publicly offered on the Internet by Chris Cooper at least as early as July, 1994. Produced concurrently with Yodlee's Preliminary Invalidity Contentions are documents showing

4

online discussions of Quote.com users discussing their use of the system. *See, e.g.*, YODLEE-ABLAISE 24109-24127 (email string including a July 7, 1994 email from a user located in Arizona, where the user signed up for the free version of Quote.com); *see also* YODLEE-ABLAISE 024135-024139 (informational email listing the various Quote.com subscription packages available as of August 25, 1994).

The Quote.com source code is produced concurrently with these Preliminary Invalidity Contentions as YODLEE-ABLAISE 018041-023643. Although this version reflects the state of the code at the time it was checked into a Concurrent Versions System in 1996, any changes made after June, 1994 are specifically identified by the comments.

Yodlee also identifies the Freshman fishWrap System as prior art that anticipates or renders obvious the asserted claims of the '737 patent.[2] On information and belief, the Freshman fishWrap System constitutes prior art that was publicly known, used by others, sold, and/or offered for sale in the United States more than one year before the effective priority date of the '737 patent. In particular, this system was used and/or publicly known at least as early as May, 1994. Yodlee also relies on the work of those involved in the Freshman fishWrap System, including Benjamin Schoon, Douglas Koen, Pascal Chesnais, Matthew Mucklo, and Jonathan Sheena, as invalidating use. Yodlee is informed of and incorporates by reference documents showing the operation of the Freshman fishWrap System, produced concurrently with Financial Fusion's Preliminary Invalidity Contentions with Bates numbers FFI 0001407-0001723.

Pursuant to Patent L.R. 3-3(a), Yodlee identifies the following prior art products and systems that anticipate or render obvious the asserted claims of the '737 patent.

**Prior Art Products/Systems**

| Item | Date of offer or use | Person/entity making the use or making/receiving the offer |
|---|---|---|
| Quote.com | On or before July, 1994. | Chris Cooper (inventor) |

---

[1] Attached as Exhibit 11 is a claim chart specifically identifying how Quote.com meets each element of each asserted claim.
[2] Attached as Exhibit 12 is a claim chart specifically identifying how the Freshman fishWrap system meets each element of each asserted claim.

5

| Freshman fishWrap | On or before May, 1994. | Pascal Chesnais (inventor); Benjamin Schoon, Douglas Koen, Matthew Mucklo, and Jonathan Sheena |
|---|---|---|

## II. STATUTORY BASIS FOR INVALIDITY

### A. Anticipation (35 U.S.C. § 102) and Obviousness (35 U.S.C. § 103)

Pursuant to Patent L.R. 3-3(b) and 3-3(c), and in light of Ablaise and GIIA's infringement contentions set forth in the Preliminary Infringement Contentions and accompanying claim charts served on November 1, 2007, Yodlee attaches hereto as Exhibits 1-12 the Joint Invalidity Claim Charts of Financial Fusion, Yodlee, and Bank of America. These are exemplary claim charts that identify prior art references that anticipate the asserted claims of the patents in suit as well as combinations of prior art references which render the asserted claims of the patents in suit obvious. The attached charts identify specifically at least one place where, in each alleged item of prior art, each element of each asserted claim is found.

Local Patent Rule 3-3(b) requires Yodlee to identify "the motivation to combine" each item of prior art. Under *KSR Intern. v. Teleflex, Inc.*, to the extent such a requirement exists under current law at all, the requirement is minimal. For example, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements." *KSR Intern. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1742 (2007). In addition, "common sense" teaches that "a person of ordinary skill often will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 1732.

Moreover, in general, motivation to combine any of the references with others exists within the references themselves, as well as within the knowledge of those of ordinary skill in the art. These references identify and address the same technical issues and suggest very similar solutions to those issues. If and to the extent Ablaise and GIIA challenge the correspondence of any of these references with respect to particular elements of the asserted claims, Yodlee reserves the right to supplement these Preliminary Invalidity Contentions to identify motivation to combine

particular references with one another with additional particularity. An index identifying the prior art discussed in each of the attached exhibits is provided below.

| Invalidity Charts for the '737 Patent | |
|---|---|
| U.S. Pat. No. 5,675,507 | Exhibit 1 |
| U.S. Pat. No. 5,819,284 | Exhibit 2 |
| U.S. Pat. No. 5,761,662 | Exhibit 3 |
| U.S. Patent No. 5,537,586 | Exhibit 4 |
| U.S. Patent No. 5,715,314 | Exhibit 5 |
| EP 0 718 783 | Exhibit 6 |
| Anja Haake, Christoph Huser, and Klaus Reichenberger, *The Individualized Electronic newspaper: an example of an active publication*, Electronic Pub., Vol. 7(2), pp. 89-111 (June 1994). | Exhibit 7 |
| F.J. Burkowski, Michael A. Shepherd, and C.R. Watters, *Delivery of Electronic News: A Broadband Application*, Proceedings of the 1994 Conference of the Centre For Advanced Studies on Collaborative Research (October 1994). | Exhibit 8 |
| Carlos A. Varela and Caroline C. Hayes, *Providing Data on the Web: From Examples to Programs*, Second International Conference on the World-Wide Web, Chicago, IL (Oct 17-21, 1994). | Exhibit 9 |
| Douglas B. Koen, *Automated Restructuring of an Electronic Newspaper* (May 19, 1994). | Exhibit 10 |
| Quote.com (public use and/or sale) | Exhibit 11 |
| Freshman fishWrap Personalized News System (public use and/or sale) | Exhibit 12 |

In charts where Yodlee identifies a combination of references, Yodlee may rely upon a subset of the references or all of the references depending upon the Court's claim construction and further investigation. Further, Yodlee's identification of multiple references in any given chart and contention that various combinations thereof render an asserted claim obvious under 35 U.S.C. § 103 is in no way an admission or suggestion that each reference does not independently anticipate the asserted claims under 35 U.S.C. § 102. The obviousness combinations stated in the

7

attached charts are merely exemplary and are not intended to be exhaustive. Any of the references listed above in Section I for the '737 patent may be combined to render obvious, and therefore invalid, the asserted claims of the '737 patent.

### III. DOCUMENT PRODUCTION ACCOMPANYING PRELIMINARY INFRINGEMENT CONTENTIONS (PATENT L.R. 3-4)

Pursuant to Patent L.R. 3-4, Yodlee has served, concurrently with these Preliminary Invalidity Contentions, all documentation required by Patent L.R. 3-4(a) and (b). Produced with Bates numbers YODLEE-ABLAISE 000001-017851 are documents sufficient to show the operation of the instrumentalities accused of infringement by Ablaise and GIAA in the Preliminary Infringement Contentions directed at Yodlee, served on November 1, 2007.

### IV. ADDITIONAL PRIOR ART

In addition to the prior art references identified above, Yodlee lists below the following patents, patent applications, and printed publications which are pertinent to the invalidity of the asserted patents. Yodlee has not provided claim charts for each of these references either because at this time Yodlee does not intend to rely on them, because they have substantially similar disclosures to other prior art for which invalidity charts have been provided, because they were discovered recently and Yodlee has not had a fair opportunity to analyze them, or because they are used as supporting references in an obviousness combination. However, Yodlee reserves the right to revise its invalidity contentions to rely on these references to prove the invalidity of the asserted claims of the asserted patents in a manner consistent with the Federal Rules of Civil Procedure and the Court's Local Rules.

| Patent/Application Number or Publication Title | Issue or Publication Date |
| --- | --- |
| U.S. Pat. No. 5,058,000 | October 15, 1991 |
| U.S. Pat. No. 5,204,947 | April 20, 1993 |
| U.S. Pat. No. 5,347,632 | September 13, 1994 |
| U.S. Pat. No. 5,455,948 | October 3, 1995 |
| U.S. Pat. No. 5,530,852 | June 25, 1996 |
| U.S. Pat. No. 5,553,223 | September 3, 1996 |
| U.S. Pat. No. 5,694,546 | December 2, 1997 |

| Patent/Application Number or Publication Title | Issue or Publication Date |
|---|---|
| U.S. Pat. No. 5,694,594 | December 2, 1997 |
| U.S. Pat. No. 5,835,712 | November 10, 1998 |
| U.S. Pat. No. 6,230,202 | May 8, 2001 |
| U.S. Pat. No. 6,336,137 | January 1, 2002 |
| U.S. Pat. No. 5,204,947 | April 20, 1993 |
| Adie, *Network Access to Multimedia Information* | August 9, 1993 |
| Andreesen, NCSA Mosaic Technical Summary, Version 2.1 | May 8, 1993 |
| Ashton, *The Newspaper of the Future-A Look Beyond the Front Porch* | May 4-6, 1993 |
| Baker, *Netcloak and WebObjects-Programmable HTML pages* | February 3, 1996 |
| Bartley, *Personalized Newspaper Project for Residence/Orientation Week* | 1993 |
| Belkin, *Adaptive Information Retrieval: using a connectionist representation to retrieve and learn about documents* | June 25-28, 1989 |
| Bender. *Newspace-Mass Media and Personal Computing* | June 10-14, 1991 |
| Berman, *Today's World News-Creating a Desktop News Delivery System* | May 4-6, 1993 |
| Bieber, *Issues in Modeling a Dynamic Hypertext Interface for Non-Hypertext Systems* | December, 1991 |
| Bieber, *On Generalizing the Concept of Hypertext* | March, 1992 |
| Bieber, *Providing Information Systems with Full Hypermedia Functionality* | October, 1992 |
| Borenstein, *MIME Part I-Mechanisms for Specifying and Describing the Format of Internet Message Bodies* | September, 1993 |
| Chelsom, *Database Support for the Production of Reusable Technical Documentation* | October 1, 1993 |
| Chelsom, *Using SGML to Produce Reusable Technical Documentation* | June 6, 1994 |
| Chen, *An Intelligent Component Database for Behavioral Synthesis* | June 24-28, 1990 |
| Chesnais, *The Fishwrap Personalized News System* | May 31, 1995 |
| Chesnais - *Strategies fo Personal Dynamic Systems: News in the Future* | 1993 |
| Chesnais, *Strategies for Personal Dynamic Systems: News in the Future* | 1993 |
| Chesnais, e-mail entitled "Here is pascal profile" | November 17, 1994 |
| Chesnais, e-mail entitled "Subject: HelpMe.html" | March 5, 1995 |
| Chesnais, e-mail entitled "Subject: release four is online" | March 17, 1995 |
| FishWrap "Top of the FishWrap" web page | March 16, 1995 |
| FishWrap "Welcome" web page | November, 1994 |

| Patent/Application Number or Publication Title | Issue or Publication Date |
|---|---|
| FishWrap "FishWrap Help" web page | March 4, 1995 |
| FishWrap "Release Four Information" web page | March 16, 1995 |
| FishWrap "Top of the FishWrap" web page | April 9, 1996 |
| FishWrap screenshot of "Daily Me" | |
| FishWrap computer code | |
| Garzotto, *HDM: A Model for the Design of Hypertext Applications* | December 1991 |
| Girgensohn, *Dynamic Forms-An Enhanced Interaction Abstraction Based on Forms* | 1995 |
| Screenshot:GSQL: A Mosaic-SQL Gateway | 1993 |
| Haan, *IRIS Hypermedia* | January, 1992 |
| Halasz, *Reflections on Notecards-Seven Issues for the Next Generation of Hypermedia Systems* | July, 1988 |
| Kaashoek, *Dynamic Documents: Mobile Wireless Access to the WWW* | December, 1994 |
| Kaashoek, *Dynamic Documents-Extensibility and Adaptability in the WWW* | September 15, 1994 |
| Koen, Speaking Notes for Presentation at 1993 NeXTWorld Expo | 1993 |
| Korkea-aho, *Scalability in Distributed Multimedia Systems* | November 5, 1995 |
| Screenshot: LCS People (by name) HTML document | 1993 |
| Lippman, *News and Movies in the 50 Megabit Living Room* | November, 1987 |
| Mallery, *A Common LISP Hypermedia Server* | May 5, 1994 |
| Marshall, *A Multi-Tiered Approach to Hypertext Integration: Negotiating Standards for a Heterogeneous Application Environment* | January 16-18, 1990 |
| Maxum Netcloak 1.0 brochure, disk label | 1994 |
| Mayega, *WWW-Mall of the Future* | December 7, 1994 |
| Miller, *News On-Demand for Multimedia Networks* | August 1-6, 1993 |
| Morita, *Information Filtering Based on User Behavior Analysis and Best Match Text Retrieval* | July, 1994 |
| Newcomb, *Hytime Hypermedia Timebased Document Structuring Language* | November, 1991 |
| Olim, letter and press release re CDnow! | August 23, 1994 |
| Orwant, *Doppelgnger Goes to School-Machine Learning for User Modeling* | August 6, 1993 |
| Orwant, *Heterogeneous Learning in the Doppelganger User Modeling System* | February 14, 1994 |
| Parunak, *Toward Industrial Strength Hypermedia* | 1991 |

| Patent/Application Number or Publication Title | Issue or Publication Date |
|---|---|
| Pinckney, *Dynamic Documents: Scalable Access to the WWW* | August 8, 1995 |
| Putz, *Interactive Information Services Using WWW Hypertext* | May 25-27, 1994 |
| Ramanathan, *Architectures for Personalized Multimedia* | 1994 |
| Richard, *Freshman Fishwrap Adds International News, Feature* | November 19, 1993 |
| Secret, email re WWW-Oracle Gateway | June 16, 1993 |
| Schoon, *Fishpaper:Automatic Personalized Newspaper Layout* | May, 1994 |
| Sheena, e-mail entitled "Subject: Editor" | December 28, 1992 |
| Sheth, *A Learning Approach to Personalized Information Filtering* | February, 1994 |
| Swanberg, *Architecture of a Multimedia Information System for Content-Based Retrieval* | November 12-13, 1992 |
| Thomson, *Freshman publishing experiment offers made-to-order newspapers* | May 9, 1994 |
| Trewitt, *Using Tcl to Process HTML Forms* | May, 1994 |
| Turpeinen, *Agent-Mediated personalised multimedia services* | May 22, 1995 |
| Varela, *Zelig-Schema-Based Generation of Soft WWW Database Applications* | May, 1994 |
| Wetherall, *Active Pages- Intelligent Nodes on the WWW* | March 31, 1994 |
| Screenshots: Prior Art System "Stoker" | 1993 |

Dated: December 17, 2007

FISH & RICHARDSON P.C.

By: *Christina Jordan* (signature)
Christina D. Jordan

Attorneys for Plaintiff
YODLEE, INC.

50454787.doc

11