1 | *Counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YODLEE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>    Defendants. | Case No. C06-07222 SBA<br><br>**YODLEE, INC., BANK OF AMERICA CORPORATION, AND FINANCIAL FUSION, INC.'S CONSOLIDATED OPPOSITION TO ABLAISE'S MOTION FOR A CASE MANAGEMENT ORDER** |
| FINANCIAL FUSION, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ABLAISE LTD., and GENERAL INVENTORS INSTITUTE A, INC.<br><br>    Defendants. | **RELATED CASE**<br><br>Case No. C06-02451 SBA |
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION,<br><br>    Defendant. | **RELATED CASE**<br><br>Case No. C07-01995 SBA |

# TABLE OF CONTENTS

|     |     |                                                                                                                                                              | Page |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------ | ---- |
| I.  |     | INTRODUCTION                                                                                                                                                 | 1    |
| II. |     | STATEMENT OF FACTS                                                                                                                                           | 2    |
|     | A.  | Ablaise Accuses Financial Fusion's Customers of Infringing; Financial Fusion Sues Ablaise on the '737 Patent in this District                                | 2    |
|     | B.  | Ablaise Accuses Yodlee's Customers of Infringing                                                                                                             | 2    |
|     | C.  | Ablaise Moves to Dismiss the Financial Fusion Litigation; The Court Denies Ablaise's Motion                                                                  | 3    |
|     | D.  | Ablaise Sues Bank of America on the '530 Patent                                                                                                              | 3    |
|     | E.  | Financial Fusion Adds the '530 Patent To Its Suit; Ablaise Counterclaims for Infringement                                                                    | 3    |
|     | B.  | Yodlee Files Suit Against Ablaise on Both Patents; Ablaise Counterclaims for Infringement                                                                    | 3    |
|     | C.  | The Court Relates the Yodlee and Financial Fusion Cases                                                                                                      | 4    |
|     | D.  | The Delaware Case is Transferred to This Judicial District                                                                                                   | 4    |
|     | E.  | This Court Relates All Three Cases                                                                                                                           | 4    |
|     | F.  | This Court Enters a Scheduling Order in All Three Cases                                                                                                      | 5    |
| III.|     | ARGUMENTS                                                                                                                                                    | 5    |
|     | A.  | The Court Should Limit The Yodlee and Financial Fusion Cases To The '737 Patent With Prejudice                                                               | 5    |
|     | B.  | Ablaise Should Not Be Allowed To Amend Its Infringement Contentions Against Bank Of America                                                                  | 8    |
|     | C.  | Allowing Ablaise Leave to Add the '530 Patent Prejudices Bank of America                                                                                     | 9    |
|     | D.  | The Court Should Limit The Yodlee And Financial Fusion Cases To The Bank of America Website With Prejudice                                                   | 10   |
|     | E.  | Ablaise Was Not And Is Not Entitled To Discovery Until After Claim Construction                                                                              | 11   |
|     | F.  | This Court Has Jurisdiction Over Both The '530 & '737 Patents                                                                                                | 12   |
| IV. |     | CONCLUSION                                                                                                                                                   | 14   |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Atmel Corp. v. Information Storage Devices*,
   1998 U.S. Dist. LEXIS 17564 (N.D. Cal. Nov. 5, 1998) ...................................................... 7

*BioGenex Labs. v. Ventana Med. Sys.*,
   2005 U.S. Dist. LEXIS 45531 (N.D. Cal. February 24, 2005) ......................................... 7, 9

*MedImmune, Inc. v. Genentech, Inc.*,
   127 S. Ct. 764 (2007) ........................................................................................................ 13

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ........................................................................................... 7

*Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*,
   347 F.3d 935 (Fed. Cir. 2003) ......................................................................................... 6, 7

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ......................................................................................... 13

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*,
   497 F.3d 1271 (Fed. Cir. 2007) ......................................................................................... 13

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (C.A.Fed.,1995) .......................................................................................... 13

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
   200 F.3d 795 (Fed. Cir. 1999) ............................................................................................. 7

*Wong v. Regents of Univ. of Cal.*,
   410 F.3d 1052 (9th Cir.2005) .............................................................................................. 7

**Statutes**

35 U.S.C. § 271 ............................................................................................................................. 6

**Rules**

Fed. R. Civ. P. 41(b) ..................................................................................................................... 7

Patent Local Rule 3-7 .................................................................................................................... 8

## I.    INTRODUCTION

Ablaise's[1] Motion for a Case Management Order attempts to stand litigation procedure and the Patent Local Rules on their head. In the Yodlee and Financial Fusion declaratory relief actions, Ablaise filed counterclaims specifically alleging that Yodlee and Financial Fusion both infringe U.S. Patent No. 6,961,737 B2 ("the '737 patent") and U.S. Patent No. 6.295,530 ("the '530 patent") by selling products and services to their customers. Indeed, these counterclaims were not surprising since Ablaise had threatened several Yodlee and Financial Fusion customers prior to the filing of the declaratory relief actions. But, when it came time to serve the Patent Local Rule disclosures, Ablaise served Preliminary Infringement Contentions that identified just one patent – the '737 patent – and just one customer – Bank of America. Ablaise did not seek leave from the Court at the time it served Preliminary Infringement Contentions – it simply served a limited set of contentions without explanation.

Ablaise's conduct with respect to the Bank of America litigation is even more unusual. Ablaise initially filed suit against Bank of America in Delaware, alleging infringement of only the '737 patent. In October, 2006, Ablaise went to the trouble of filing an amended Complaint against Bank of America, adding an additional claim for infringement of the '530 patent. One year later, after the matter was transferred to this Court, Ablaise served Preliminary Infringement Contentions against Bank of America that said not one word about the '530 patent.

Unlike a typical motion for relief under the Patent Local Rules, Ablaise does not claim that it learned new information after the due date for Infringement Contentions. Instead, Ablaise comes to the Court asking it to re-write the choices Ablaise intentionally made in serving its Infringement Contentions, and to ignore the well-pleaded declaratory relief claims asserted by Yodlee and Financial Fusion. In short, Ablaise wants to burden these parties with piecemeal litigation, litigating only the '737 patent, now against Yodlee and Financial Fusion while remaining free to sue them (and their customers) on both the '737 and '530 patents in the future. And, with respect to Bank of America, Ablaise wants the Court to let it litigate a claim that it intentionally chose to leave

---

[1]    As used herein, the term "Ablaise" shall refer collectively to Ablaise Ltd. and General Inventors Institute A, Inc., the moving parties in the opposed motion.

out of its Infringement Contentions even though it indisputably knew about the claim a year earlier, having described it with specificity in its Delaware pleadings opposing transfer to this Court.

The Court should deny Ablaise's motion and declare that the allegations Ablaise consciously elected to omit from its Preliminary Infringement Contentions are dismissed from these litigations with prejudice.

## II.    STATEMENT OF FACTS

The procedural history of this case is complex, but critical to understanding the conscious choices Ablaise made in pursuing its case.

### A.    Ablaise Accuses Financial Fusion's Customers of Infringing; Financial Fusion Sues Ablaise on the '737 Patent in this District

On February 6, 2006, Ablaise sent a letter to Bank of America accusing the "militarybank" feature of the Bank of America website of infringing U.S. Patent No. 6,961,737 ("the '737 patent"). (*See* Lamberson Decl.[2], Ex. A).  On February 7 and March 24, 2006, Ablaise sent letters to First Horizon Bank, alleging that its websites infringed the '737 patent and threatening a patent infringement lawsuit.  (Lamberson Decl., Ex. B).  On April 6, 2006, Financial Fusion, Inc. ("Financial Fusion") filed a declaratory judgment action in the Northern District of California, stating that Financial Fusion developed the allegedly infringing Bank of America and First Horizon websites, and seeking a declaration that its products do not infringe the '737 patent.  (Lamberson Decl., Ex. C).

### B.    Ablaise Accuses Yodlee's Customers of Infringing

On April 10, 2006, Ablaise sent a letter to Compass Bank accusing the "compassweb.com" portion of the Compass Bank website of infringing the '737 patent.  (Lamberson Decl., Ex. D).  On July 26, 2006, Ablaise sent a letter to Bank of America accusing the "My Portfolio" feature of the Bank of America website of infringing the '737 patent.  (Lamberson Decl., Ex. E).  The features that Ablaise identified in these two letters were designed, developed, created and supported by Yodlee, Inc. ("Yodlee").

---

[2]    "Lamberson Decl." refers to the Declaration of Jonathan J. Lamberson In Support of Yodlee, Bank of America, and Financial Fusion's Opposition to Ablaise's Motion For A Case Management Order.

**C. Ablaise Moves to Dismiss the Financial Fusion Litigation; The Court Denies Ablaise's Motion**

On July 26, 2006, Ablaise filed a motion to dismiss the Financial Fusion litigation on the grounds that there was no case or controversy between Ablaise and Financial Fusion. (Lamberson Decl., Ex. F). Magistrate Judge Patricia V. Trumbull denied that motion on September 27, 2006. (Lamberson Decl., Ex. G).

**D. Ablaise Sues Bank of America on the '530 Patent**

On August 28, 2006, Ablaise sued Bank of America in the District of Delaware, alleging that the Bank of America website infringed the '737 patent. (Lamberson Decl., Ex. H). On October 10, 2006, before Bank of America had filed an answer, Ablaise filed a First Amended Complaint adding the '530 patent to its suit against Bank of America. (Lamberson Decl., Ex. I). The '737 patent claims to be a continuation of the '530 patent.

**E. Financial Fusion Adds the '530 Patent To Its Suit; Ablaise Counterclaims for Infringement**

On November 2, 2006, Financial Fusion moved for leave to file a Second Amended Complaint adding the '530 patent to its suit. (Lamberson Decl., Ex. J) Ablaise opposed that motion, arguing a lack of case or controversy, but also refused to amend its broadly worded Complaint in the Delaware action to exclude the "militarybank" website. (Lamberson Decl., Ex. K). Magistrate Judge Trumbull granted Financial Fusion's motion on December 18, 2006, citing as reason for her decision Ablaise's Delaware Complaint implicating the militarybank website, and Ablaise's failure to voluntarily amend its Delaware Complaint to exclude the militarybank website. (Lamberson Decl., Ex. L). Ablaise responded to Financial Fusion's Second Amended Complaint on February 5, 2007, raising counterclaims of infringement of the '530 and '737 patent against Financial Fusion. (Lamberson Decl., Ex. M).

**F. Yodlee Files Suit Against Ablaise on Both Patents; Ablaise Counterclaims for Infringement**

On November 21, 2006, Yodlee filed a complaint in the Northern District of California seeking a declaration that its products, as provided by Yodlee and as used by Yodlee's customers,

1  do not infringe the '530 or '737 patents, and that those patents are invalid and unenforceable.
2  (Lamberson Decl., Ex. N). On February 5, 2007, Ablaise responded to that complaint, again raising
3  counterclaims of infringement of the '530 and '737 patent against Yodlee. (Lamberson Decl.,
4  Ex. O).

### G. The Court Relates the Yodlee and Financial Fusion Cases

On December 5, 2006, Financial Fusion filed an Administrative Motion to Relate Cases, requesting that its case be related to the Yodlee litigation. On December 18, 2006, Magistrate Judge Trumbull granted Financial Fusion's Motion to Relate Cases. On January 19, 2007, Ablaise filed a Declination to Proceed Before a Magistrate Judge. On January 22, 2007, both the Yodlee and Financial Fusion litigations were reassigned to this Court.

### H. The Delaware Case is Transferred to This Judicial District

On December 22, 2006, Bank of America filed a motion to stay the Delaware litigation on the grounds that Ablaise's infringement claims will be resolved by these two manufacturer suits in the Northern District of California. On January 25, 2007, Ablaise opposed that motion and specifically relied upon its assertion that a portion of the Bank of America website not supplied by Yodlee or Financial Fusion infringed the '530 patent – an allegation that Ablaise failed to include in its Preliminary Infringement Contentions filed ten months later. (Lamberson Decl., Ex. T at 7). On March 1, 2007, Judge Robinson denied Bank of America's Motion to Stay, and instead transferred the Bank of America litigation to this District, noting that the Yodlee action and the related Financial Fusion litigation "certainly address critical issues" to the Bank of America action, and noting that "it makes practical sense to have one judge manage all of these related cases."

### I. This Court Relates All Three Cases

On April 24, 2007, Financial Fusion filed a second Administrative Motion to relate the Bank of America case with the Financial Fusion and Yodlee litigations. This Court granted that motion on May 7, 2007. There are thus three related cases surrounding the '530 and '737 patents: the first-filed Financial Fusion litigation, the second-filed Bank of America litigation (originally filed by Ablaise in the District of Delaware and later transferred to this District), and the third-filed Yodlee litigation. All are related before this Court.

**J.     This Court Enters a Scheduling Order in All Three Cases**

On September 20, 2007, this Court entered a scheduling order in all three cases setting the deadline for disclosure of Preliminary Infringement Contentions on November 1, 2007. (Lamberson Decl., Ex. P). Despite the fact that the '530 patent was involved in all three suits, and despite the fact that Ablaise brought infringement claims against all parties under that patent, Ablaise only provided contentions for the Bank of America website, and only for the '737 patent. (Lamberson Decl., Exs. Q-S). On January 9, 2008, Ablaise brought its Motion for a Case Management Order, asking this Court to limit its case to the '737 patent and specifically to the Bank of America website.

## III.    ARGUMENTS

The facts show that Ablaise purposefully chose to raise open-ended infringement allegations under the '530 patent, only to later drop those allegations against all the parties in these related suits. Ablaise then chose to provide infringement contentions for one product, the Bank of America website. These were strategic decisions by Ablaise, a savvy patent holding company with experienced trial counsel. This Court should limit the present litigation, but not without prejudice as Ablaise demands. Because Ablaise made the conscious decision to limit its case, this Court should dismiss the '530 patent against all parties with prejudice, and dismiss the '737 patent with prejudice with respect to all customers except Bank of America.

### A. The Court Should Limit The Yodlee and Financial Fusion Cases To The '737 Patent With Prejudice

Ablaise makes several different requests for relief in its Motion for a Case Management Order. Its first request is for this Court to limit its case against Yodlee and Financial Fusion to the '737 patent without prejudice. In other words, Ablaise wants to reserve the right to assert the '530 patent against Yodlee and Financial Fusion in some future litigation involving some future customers, possibly even Bank of America.

This request ignores that Ablaise knowingly and intentionally abandoned its rights under the '530 patent. Ablaise was the first party to raise the '530 patent: it did so in its First Amended Complaint against Bank of America on October 10, 2006. (Lamberson Decl., Ex. I). Ablaise did

not limit that contention to any particular feature or portion of the Bank of America website in its pleading. Instead, Ablaise alleged broadly that, "BofA has infringed one or more claims of the '737 patent and the '530 patent by making, using, and operating its bankofamerica.com *and related websites* throughout the United States, including this judicial district." (*Id*. (emphasis added)). Ablaise made this allegation after Financial Fusion had filed its original complaint against Ablaise, so Ablaise clearly knew that this open-ended infringement allegation under the '530 patent as to the entire bankofamerica.com website and related sites would give Financial Fusion (and any other vendor providing web services to Bank of America) reasonable apprehension that Ablaise intended to assert that their products infringed the '530 patent.

When both Yodlee and Financial Fusion brought declaratory judgment complaints against Ablaise over the '530 patent, Ablaise purposefully chose to counterclaim against both parties alleging infringement. Again, Ablaise did not limit its infringement allegations in any way, instead alleging broadly that each vendor, "has infringed, induced, or contributed to the infringement of one or more claims of the '530 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the United States by making, using selling, offering to sell, supplying, and causing to be supplied web-based software for performing financial transactions and website development services, such as those described in paragraphs 2 and 7 of plaintiff's Complaint, throughout the United States, including this judicial district."[3] (Lamberson Decl., Ex. M at pp. 11-12 and Ex. O at p. 12). Ablaise's claim that Yodlee and Financial Fusion do not currently have a reasonable apprehension of being sued are not credible given that Ablaise *has already sued them* for infringing the '530 patent.

Ablaise argues that its infringement allegations were "compulsory counterclaims." It is true that Ablaise could not save its counterclaims of infringement for a later lawsuit, which was the scenario in the case Ablaise cites. *See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937 (Fed. Cir. 2003) (holding that a party who failed to bring an infringement counterclaim in an earlier litigation could not pursue that same infringement claim in a subsequent litigation). That does not mean that Ablaise could ignore the requirements of Rule 11 or the Patent

---

[3] These pleadings were not made on information and belief.

1  Local Rules of this Court. If Ablaise had no good faith belief that there was infringement, the
2  proper procedural route was to not bring counterclaims under the '530 patent until it had such a
3  belief, and then move to amend its pleadings at that time. Indeed, that is precisely the holding of
4  one of the cases Ablaise cites. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801-
5  803 (Fed. Cir. 1999) (holding that a district court abused its discretion in refusing to allow an
6  amended complaint to raise an infringement counterclaim). At the very least Ablaise could have
7  asked for relief *before* its infringement contentions were due. By seeking a dismissal without
8  prejudice now Ablaise is essentially attempting to do what the patentee in *Polymer* was prohibited
9  from doing – saving its claim of infringement for a later litigation of its choosing, which is
10 improper.
11         Dismissal with prejudice is the appropriate procedural remedy under these circumstances.
12 The Federal Circuit has noted that the Northern District Local Patent Rules are "essentially a series
13 of case management orders," and that, "[p]arties must understand that they will pay a price for
14 failure to comply strictly with scheduling and other orders." *O2 Micro Int'l Ltd. v. Monolithic*
15 *Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (quoting *Wong v. Regents of Univ. of Cal.*,
16 410 F.3d 1052, 1060 (9th Cir.2005)). "If the plaintiff fails to prosecute or to comply with [the
17 Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."
18 FED. R. CIV. P. 41(b).[4] Ablaise purposefully chose not to raise any contentions under the '530
19 patent in its Preliminary Infringement Contentions, even after it plead infringement of this patent
20 against every party. (Lamberson Decl., Exs. Q-S). Furthermore, Ablaise has still not identified any
21 contentions against Yodlee or Financial Fusion arising under the '530 patent. Because Ablaise
22 ignored a clear Order setting the date for providing its infringement contentions, and because

---

[4] Other courts in this District have resolved claims with prejudice due to a plaintiff's failure to plead infringement allegations. In *BioGenex Labs. v. Ventana Med. Sys.*, 2005 U.S. Dist. LEXIS 45531 (N.D. Cal. February 24, 2005), for example, the patentee failed to serve infringement contentions on the required date for one of its patents, failed to seek an extension of time to serve those contentions, and did not provide contentions until the accused infringer filed a motion for summary judgment. *Id*. at *2-8. The Court granted summary judgment in favor of the alleged infringer because the patentee had not timely raised its claims. *Id*. *See also Atmel Corp. v. Information Storage Devices*, 1998 U.S. Dist. LEXIS 17564 (N.D. Cal. Nov. 5, 1998) (refusing to allow patentee to avoid summary judgment by amending infringement contentions).

Ablaise still has not identified any such contentions, this Court should dismiss the '530 patent infringement claims against Yodlee and Financial Fusion with prejudice.

### B. Ablaise Should Not Be Allowed To Amend Its Infringement Contentions Against Bank Of America

With respect to the Bank of America litigation, Ablaise should not be allowed to amend its Preliminary Infringement contentions to assert the '530 patent against Bank of America because it purposefully chose to abandon that contention. Ablaise first raised the '530 patent against Bank of America in October of 2006. (Lamberson Decl., Ex. I). Ablaise clearly had infringement contentions in mind at that time: it described those contentions in its opposition to Financial Fusion's motion to add the '530 patent to its suit on November 20, 2006. (Lamberson Decl., Ex. K at p. 4 (stating that the "mbnanetaccess.com website" was "the only Bank of America website identified to date as infringing the '530 patent")). Ablaise also identified these contentions as a reason to deny Bank of America's Motion to Stay the Delaware litigation on January 25, 2007. (Lamberson Decl., Ex. T at 5 ("Ablaise has an entirely separate interest in litigating against Bank of America because Bank of America's website includes features that were not supplied by Financial Fusion or Yodlee that potentially infringe the '530 and '737 patents")). The MBNA allegation is the exact same allegation that Ablaise now seeks leave to raise in this suit – indeed, its own claim charts say this infringement analysis was "Documented August & September 2006." (*See* Morton Decl., Ex. 11).

Ablaise does not offer any reason, let alone good cause, for allowing an amendment to its infringement contentions. Pursuant to Patent Local Rule 3-7, a plaintiff may only amend its infringement contentions by order of the Court upon a showing of good cause. "This departure from general policy favoring liberality of amendment in civil actions is designed to avoid the 'shifting sands' approach that sometimes was observed in patent litigation prior to adoption of the Patent Local Rules. . . . the Ninth Circuit has held that the focus must be on the diligence of the party seeking amendment. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. The existence or degree of prejudice to the opposing party may be considered; however, the motion turns on the moving party's reasons for seeking modification."

1  *BioGenex*, 2005 U.S. Dist. LEXIS 45531 at *5-6.  In this case, Ablaise offers no explanation for its
2  failure to raise its infringement contention under the '530 patent on the date set by this Court, even
3  though it clearly had that contention for over a year.  Ablaise should be bound by the consequences
4  of the strategic choices it made when it served Preliminary Infringement Contentions in this case.
5  The Court should deny Ablaise's request to amend its Preliminary Infringement Contentions and
6  dismiss the '530 patent against Bank of America with prejudice.

### C. Allowing Ablaise Leave to Add the '530 Patent Prejudices Bank of America

The Parties in this case are far along in the claim construction process, having submitted a Joint Claim Construction Statement on February 25, 2008, with a Markman hearing scheduled for May 28, 2008.  Because Ablaise's Preliminary Infringement Contentions were entirely silent on the '530 patent, Bank of America had no reason to prepare Preliminary Invalidity Contentions with respect to the '530 patent.  Indeed, the Local Rules provide that Invalidity Contentions must address "each asserted claim" – here, there were no asserted claims in the '530 patent in Ablaise's Preliminary Infringement Contentions so there were no claims in the '530 patent for which Bank of America needed to prepare Invalidity Contentions.

If Ablaise's motion for leave to amend its Infringement Contentions to add the '530 patent is granted, Bank of America will then have to prepare Invalidity Contentions 45 days later.  Indeed, while Ablaise has taken the presumptuous and self-serving position of including claim constructions for the '530 patent in its portion of the recently filed Joint Claim Construction Statement, any construction of the '530 patent is plainly premature until Bank of America has had an opportunity to research the state of the art and prepare invalidity contentions.  In short, if Ablaise is allowed to add the '530 patent, either the Court will need to schedule a second *Markman* hearing to address the '530 patent, or the currently scheduled *Markman* hearing will need to be postponed so that both the '737 and '530 patents can be addressed at once.  Either way, the burden to Bank of America and the Court further supports denial of Ablaise's motion for leave to amend its contentions.

/ / /

/ / /

**D. The Court Should Limit The Yodlee And Financial Fusion Cases To The Bank of America Website With Prejudice**

Ablaise next argues that this Court should limit the Yodlee and Financial Fusion cases to the Bank of America website, denying Yodlee and Financial Fusion the opportunity to show that their other customers do not infringe the '737 patent. This relief, however, would ignore the very reason why these two manufacturers brought their declaratory relief suits in the first place. Yodlee and Financial Fusion seek to protect all of their customers, including Bank of America, from harassment and future litigation. Ablaise cannot ask this Court dismiss the relief they seek simply because Ablaise does not want to put forth the effort to investigate these other customers.

Ablaise took affirmative steps to make this case about more than just Bank of America. Through a broad letter-writing campaign, it contacted at least two other customers of Yodlee and Financial Fusion: Compass Bank and First Horizon. (Lamberson Decl., Exs. B-D). Ablaise also sued Bank of America, another Yodlee and Financial Fusion customer. All of these activities gave Yodlee and Financial Fusion reasonable apprehension that other customers could be next, and there was nothing stopping Ablaise from harassing every customer who uses their products.

Throughout this litigation, Ablaise never took steps to limit its contentions to only the Bank of America website. Instead, in all of its pleadings Ablaise made extremely broad counterclaims of infringement, alleging that both Yodlee and Financial Fusion infringed the '737 and '530 patents by providing their products to their customers. If Ablaise was truly concerned about the size or scope of these suits, it should not have brought such broad counterclaims. If Ablaise truly wanted to limit its infringement counterclaims to only Bank of America, again it could have done so. The fact that it did not do so was a conscious choice, not mere inadvertence. Indeed, Ablaise hints in its brief that it may well find other allegedly infringing features to pursue, and wishes to reserve its right to do so at a later date. Again, this defeats the very purpose of allowing declaratory relief.

Ablaise's primary argument for why this case should be limited to Bank of America is that it "cannot know" Yodlee and Financial Fusion's customers, and "cannot know" how they use their products. This argument is a red herring for several reasons. First, Ablaise clearly did know of at least two additional customers: Compass Bank and First Horizon. Ablaise sent these customers

letters accusing both of infringement (*Id.*), and Ablaise certainly could have identified these two customers in its contentions. Even if these sites are no longer offered, as Ablaise represents, it could have presented them as an example of the customers' alleged infringement or pursued claims of past infringement – precisely as it is now attempting to do with its claims under the '530 patent against Bank of America.

More generally, it is simply untrue that Ablaise cannot investigate Yodlee and Financial Fusion, their products, and their customers. Both Yodlee and Financial Fusion have websites that describe their products and list many of their customers, including news articles describing implementations of their products – Ablaise itself cites a page that lists many of these customers. (*See* Morton Decl., Ex. 6). Ablaise argues that these products are not available to the public because they require log-in information, but in reality all Ablaise had to do was open a checking account at these various public financial institutions. A basic checking account typically requires very little to open, and that money is returned once the account is closed. Ablaise brought Federal patent infringement claims against Financial Fusion and Yodlee. It certainly could have set aside a few hundred dollars to open checking accounts at a few financial institutions to investigate their products. Indeed, Yodlee offers a *free* version of its products at its own website. (*See* http://www.yodlee.com). Any Internet user can sign in and access these services for free. All Ablaise had to do was create a free account in order to investigate these products, yet it chose not to do so. Because Ablaise did not raise claims against any customers other than Bank of America in its Preliminary Infringement Contentions, the Court should limit this case to the Bank of America website with prejudice.

**E.     Ablaise Was Not And Is Not Entitled To Discovery Until After Claim Construction**

Ablaise argues that as an alternative to limiting this case, the Court should grant its request to take discovery regarding Yodlee and Financial Fusion's customers.

First, this request is improper because Ablaise knew when it brought its infringement counterclaims that it would have to provide infringement contentions without discovery. Patent Local Rule 3-5 expressly provides that, in declaratory judgment actions, infringement contentions

1  are not required "unless and until a claim for patent infringement is made by a party." If a party
2  does not assert a claim of infringement in its pleadings, invalidity contentions are due ten days after
3  the defendant serves its answer. If a party does raise a claim of infringement, however, it must
4  serve its infringement contentions ten days after the initial case management conference. Ablaise
5  should have known the Patent Local Rules – it has sued and been sued in previous lawsuits in this
6  District over these same patents, and it has retained local counsel in this District. Ablaise should
7  have known that it would only have ten days to provide its infringement contentions, without the
8  benefit of discovery. If Ablaise did not have a sufficient belief that there was infringement without
9  discovery, it should not have raised an infringement counterclaim in its answers.

10  Second, this request for discovery is improper because Ablaise expressly agreed that
11  "discovery shall be limited to issues relating to claim construction until after the Markman hearing."
12  (Lamberson Decl., Ex. U at 7). Ablaise apparently made this agreement because it did not want to
13  search for and produce its own documents, which are located in Great Britain. Now, Ablaise
14  complains about a lack of discovery that it agreed should be stayed. In reality, postponing
15  discovery until after the claim construction proceedings is a common occurrence in patent cases in
16  the Northern District. It is also the approach taken by the Court in the *Dow Jones v. Ablaise*
17  litigation. (Lamberson Decl., Ex. T). It is appropriate here because Ablaise expressly agreed to
18  such a stay. Finally, there is no reason to allow this discovery now because, as discussed above,
19  Ablaise had access to all of the information it needed to raise its infringement claims against
20  Yodlee, Financial Fusion, and their customers. The fact that Ablaise purposefully chose to ignore
21  the publicly available evidence at its disposal does not mean that it is entitled to set aside its prior
22  request to stay discovery until after claim construction.

### F. This Court Has Jurisdiction Over Both The '530 & '737 Patents

24  At various points throughout its brief, Ablaise argues that "jurisdiction is lacking" over the
25  '530 patent and over any sites other than the Bank of America website. Ablaise raises this serious
26  charge without discussing any case law and without providing any support for its allegations. In
27  reality, this Court clearly has jurisdiction over both the '530 and '737 patents.

1       The standard for declaratory judgment jurisdiction was already broad and was recently broadened by the Supreme Court. As the Federal Circuit has explained, "The Supreme Court's opinion in *MedImmune, Inc. v. Genentech, Inc*., 127 S. Ct. 764 (2007), represents a rejection of our reasonable apprehension of suit test." *SanDisk Corp. v. STMicroelectronics, Inc*., 480 F.3d 1372, 1380 (Fed. Cir. 2007); s*ee also Sony Elecs., Inc. v. Guardian Media Techs., Ltd*., 497 F.3d 1271, 1283-84 (Fed. Cir. 2007). Instead of looking only at reasonable apprehension, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 127 S. Ct. at 771. Given the prior contacts from Ablaise to Yodlee and Financial Fusion's customers, and given the lawsuit over both the '530 and '737 patents in Delaware against Bank of America, Yodlee and Financial Fusion identified a clear threat to their customers and their products and acted quickly to resolve that dispute. Their fears were confirmed when Ablaise did in fact sue both Yodlee and Financial Fusion for infringement of both the '737 and '530 patents. These allegations were not limited when Ablaise raised them, and unless Ablaise is willing to provide a covenant not to sue these parties or their customers,[5] these allegations should not be limited now.

      Finally, the Court should know that Ablaise has raised this argument twice before and failed both times. Ablaise first attempted to dismiss the Financial Fusion's complaint on July 26, 2006, arguing that there was no case or controversy between Financial Fusion and Ablaise. (Lamberson Decl., Ex. F). Ablaise later opposed Financial Fusion's motion for leave to add the '530 patent to this case on the grounds that there was no case or controversy regarding that patent. (Lamberson Decl., Ex. K). Magistrate Judge Trumbull agreed with Financial Fusion on both occasions, finding that Ablaise's open-ended infringement allegations against multiple customers gave Financial Fusion sufficient grounds to continue its suit. (Lamberson Decl., Exs. G & L). Ablaise is essentially asking for reconsideration of these two motions without providing any new facts and without citing any new law to support its request for a different result. Ablaise should have known that, given these rulings, the '530 patent was and would remain to be a part of these litigations.

---

[5]   *See Super Sack Mfg. Corp. v. Chase Packaging Corp*., 57 F.3d 1054 (C.A.Fed.,1995) (dismissing declaratory judgment suit only once patentee "unconditionally agreed" not to sue).

Ablaise chose to ignore these rulings, and to ignore the Court's Order setting the date for providing its infringement contentions on that patent. Ablaise must now live with these choices. The Court should limit these cases to the only contention Ablaise did timely raise: infringement of the '737 patent against the Bank of America website.

## IV.     CONCLUSION

At every step of the way, Ablaise made conscious decisions to limit its case without asking this Court for leave and without seeking to preserve its rights. Ablaise chose to limit its case to Bank of America and chose to limit its case to the '737 patent. Ablaise chose to stay discovery until after the claim construction hearing, and chose to omit infringement arguments it had made since October of 2006 from its contentions. Ablaise must live with these decisions. The Court should dismiss the '530 patent from all of these related suits with prejudice. The Court should also limit the Financial Fusion and Yodlee cases to the Bank of America website with prejudice to all of their remaining customers.

Dated:  February 26, 2008

By: */s/ David M. Barkan*
David M. Barkan (CSB No. 160825
barkan@fr.com)
Craig R. Compton (CSB No. 215491
compton@fr.com)
Jonathan J. Lamberson (CSB No. 239107
lamberson@fr.com)
Christina D. Jordan (CSB No. 245944
jordan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs, YODLEE, INC. and Defendant BANK OF AMERICA CORP

Dated:  February 26, 2008

By: */s/ Linda J. Thayer*
Linda J. Thayer (CSB No. 195115
Linda.thayer@finnegan.com)
Gerald F. Ivey (Admitted Pro Hac Vice
gerald.ivey@finnegan.com)
Lily Lim (CSB No. 214536
lily.lim@finnegan.com)
Jeffrey E. Danley (CSB No. 238316
jeff.danley@finnegan.com)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Plaintiff, FINANCIAL FUSION, INC.

/ / /

/ / /

/ / /

14     OPP. TO ABLAISE'S MOT. FOR A CASE MANAGEMENT ORDER
Case Nos. C06-07222 SBA, C07-01995 SBA, C06-02451 SBA

1  Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Linda J. Thayer, counsel for Financial Fusion, Inc.

Dated: February 26, 2008                FISH & RICHARDSON P.C.


                                        By: /s/ David M. Barkan
                                            David M. Barkan

                                        Attorneys for Plaintiffs, YODLEE, INC. and
                                        Defendant BANK OF AMERICA CORP

50467236.doc