# EXHIBIT F

Case 4:07-cv-01995-SBA     Document 55-7     Filed 02/26/2008     Page 1 of 8

Martin L. Fineman (California State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
One Embarcadero Center, Suite 600
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: martinfineman@dwt.com

Thomas G. Scavone, Member of the N.D. Cal. Bar
Matthew G. McAndrews, Pro Hac Vice Application Pending
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 239-3137
E-Mail: scavone@nshn.com
mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. and SYBASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., <br><br> Defendant. | Case No. C 06-02451-PVT <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Date: September 12, 2006 <br> Time: 10:00 a.m. <br> Before The Honorable Magistrate-Judge Patricia V. Trumbull |

Defendants Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (collectively, "Ablaise") respectfully move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) because there is no subject matter jurisdiction supporting Count I requesting declaratory judgment on issues of infringement and validity of Ablaise's '737 patent. There is no actual controversy between Ablaise and Plaintiffs on these issues, and Plaintiffs' Amended

Complaint fails to allege any facts sufficient to give rise to such a controversy.

As a separate ground for dismissal with respect to Plaintiff Sybase, the Amended Complaint fails to allege any controversy between Ablaise and Sybase, the latter of which Plaintiffs merely identify as the parent corporation of Plaintiff FFI. This allegation is insufficient to confer subject matter jurisdiction over Sybase's claim.

## I. RELEVANT FACTS

As alleged in Plaintiffs' Amended Complaint, Defendant Ablaise Ltd. is a British corporation with its principal place of business in London, and Defendant GIIA is a British Virgin Islands corporation with its principal place of business in Tortola, BVI. Collectively, Ablaise Ltd. and GIIA own the '737 and '530 patents. Ablaise does not compete with Plaintiffs and has never had any contact with them, let alone contact that would warrant an apprehension by Plaintiffs that Ablaise intended to file a lawsuit against them for patent infringement. Nor did Ablaise ever compete or have contact with HFN, one of the predecessors-in-interest to FFI referred to in the Amended Complaint. Indeed, before Plaintiffs filed this action, Ablaise had never heard of FFI or HFN, and was only generally aware of Sybase, a large software company specializing in database-related products. Notwithstanding, on April 6, 2006, Plaintiffs filed this action seeking declaratory relief with respect to Ablaise's '737 and '530 patents.

As alleged in the Amended Complaint, on February 6 and February 7, 2006, Ablaise sent letters to Bank of America and First Horizon (collectively, the "Alleged Infringers"), respectively, notifying these banks that their websites infringe the '737 patent. The Alleged Infringers operate unique, complex, and customized websites for the use of their banking customers. The functionality and operation of those websites was the subject of Ablaise's notice letters. The homepages of the accused websites identify the sites as belonging to the Alleged Infringers or their related affiliates. To Ablaise's knowledge, the accused websites are owned and operated by the Alleged Infringers and make no mention of Plaintiffs.

As also alleged, Ablaise's notice letters to the Alleged Infringers were accompanied by multimedia infringement analyses contained on CD-ROMs. Each analysis provided a representative example of the Alleged Infringer's infringement of claim 1 of the '737 patent.

2

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.  SFO 340725v1 67939-3
Case No. C 06-02451-PVT  DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Claim 1 is a "method" (or "process") claim, meaning that a direct infringer must perform each step identified as an element of the claim. Two of the several steps of claim 1 are "storing content data" and "maintaining a user database comprising information relating to user preferences."

Ablaise does not know whether Plaintiffs perform *any* steps of claim 1 or any other method claim of the '737 patent, let alone all of the steps of a claim as would be required to support a claim of direct infringement. The Amended Complaint makes no allegations to clarify this point. Notably, Plaintiffs' original Complaint alleged that "[t]he websites implicated by Ablaise in its notice letters *were developed at least in part by FFI* … under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software." Compl. ¶ 23 (emphasis added). The Amended Complaint makes no similar allegation. Even if it did, however, such an allegation would be insufficient to give rise to a justiciable controversy between the parties. The allegation that the accused websites were "developed at least in part" is too ambiguous to indicate which, if any, claim elements of the '737 patent are satisfied by Plaintiffs' systems or processes.

At least with respect to the steps of storing content data and maintaining a user database, it is unlikely that Plaintiffs perform these steps on their own. Specifically, much of the "content data" referred to in Ablaise's multimedia infringement analyses relate to the confidential financial information of the Alleged Infringers' banking customers. Most likely, this confidential financial data is maintained and stored on secure servers operated by the Alleged Infringers. The same is likely true of data concerning banking customers' user preferences. For these and other reasons, Ablaise addressed the issue of infringement with the Alleged Infringers − and not Plaintiffs, of which Ablaise had been unaware until receiving a copy of the original Complaint.

The Alleged Infringers are responsible for their own acts of patent infringement. They are "direct" infringers of Ablaise's '737 patent, and, as such, are proper parties to a patent infringement action in the event that Ablaise chooses to so proceed.

Plaintiffs' Complaint comes "out of the blue." Ablaise has made no threat or charge of infringement against Plaintiffs directly or indirectly and taken no action which would create any apprehension by Plaintiffs that they are about to be sued by Ablaise, as is required for declaratory-

3

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                                                                                    SFO 340725v1 67939-3
Case No. C 06-02451-PVT    DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

judgment jurisdiction. Before filing their Complaint, Plaintiffs never communicated with Ablaise about anything.

Presumably, Plaintiffs are one of many suppliers of components that can be used in a system that, once built, *may* allow users to perform the steps of a method, or use or operate a system, that falls within the scope of claims of the '737 patent. As a supplier of components, Plaintiffs' liability would likely be that of one who "actively induces" infringement, see 35 U.S.C. §271(b), or a "contributory infringer," 35 U.S.C. §271(c). As discussed, Plaintiffs have not alleged that they operate systems that perform, for example, the steps of method claim 1 of the '737 patent. More germane to the instant analysis, however, Ablaise has no basis for making such an assertion – it has no idea of what, if any, relevance Plaintiffs' systems or services have to the Alleged Infringers' infringement.

## II. STANDARD FOR SUBJECT MATTER JURISDICTION

A motion contesting subject matter jurisdiction requires review of evidence submitted on the issue, and fact finding by the Court. "Federal Circuit law governs [the] review as to whether an actual controversy exists under the Declaratory Judgment Act when the underlying merits of an action involve patent infringement and/or validity." *Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 940 (Fed. Cir. 2006). The Plaintiffs have the burden to support their allegations with proof, *West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992), and to demonstrate that there is an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. §2201: *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005).

There is a recognized, two-part test for an "actual controversy" when a party requests a declaratory judgment on issues of patent infringement and validity. The Plaintiffs must demonstrate both:

(1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff which could constitute infringement or concrete steps taken by the declaratory

4

judgment plaintiff with the intent to conduct such activity.

*Teva Pharmaceuticals,* 395 F.3d at 1330 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 855 (Fed. Cir. 1999)). This is an objective test applied to the facts at the time the Amended Complaint was filed, June 14, 2006. *West Interactive*, 972 F.2d at 1297; *Sumitomo Mitsubishi Silicon Corp. v. MEMC Electronic Materials, Inc.*, 2006 U.S. Dist. LEXIS 39994 * 12 (N.D. Cal.) (Exhibit A) ("The burden is on the claimant to establish that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the counterclaim was filed.").

"Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." *Teva Pharmaceuticals*, 395 F.3d at 1331; *see also Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ("When there is no actual controversy, the court has no discretion to decide the case. When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary.").

### III.  PLAINTIFFS CANNOT PROVE AN ACTUAL CONTROVERSY

To constitute an actual controversy, Plaintiffs must show an objectively "reasonable apprehension" of suit against them, based on conduct by Ablaise. *Shoom, Inc. v. Electronic Imaging Systems of America, Inc.*, 2006 U.S. Dist. LEXIS 39594 *8-9 (N.D. Cal.) (Exhibit B) (quoting *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887-8 (Fed. Cir. 1992)); *see also West Interactive*, 972 F.2d at 1297. They cannot meet this burden because Ablaise has had no contact with Plaintiffs at all. Plaintiffs' concern about the '737 patent is a matter of their own devising, not the result of any action by Ablaise. In *West Interactive*, the plaintiff feared an infringement suit (which proved true months later) based on statements of a licensee and the filing of suits against others. *Id.* at 1296, 1298. But in the absence of any communication between the patent owner and the plaintiff – the necessary conduct *by the patentee* – the plaintiff could not establish an objective reason to fear a suit. *Id.* at 1297-8.

Having no basis to fear a suit by Ablaise, Plaintiffs rely on Ablaise's notice letters to the Alleged Infringers and the existence of other lawsuits Ablaise has filed for infringement of its

5

FINANCIAL FUSION ET AL V. ABLAISE LTD. ET AL.                                                            SFO 340725v1 67939-3
Case No. C 06-02451-PVT   DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

patents. While there are cases where a product manufacturer was permitted to sue for declaratory judgment based on infringement accusations against customers, the facts here fall within contrary authority for the reasons stated in *Dow Chemical Co. v. Viskase Corp.*, 892 F. Supp. 991 (N.D. Ill. 1995). *Dow* properly distinguishes between cases where the customer merely purchased a complete infringing product, which supported a manufacturer's suit, and cases where the customer used the manufacturer's product to make an infringing device, which does not give rise to jurisdiction for a manufacturer's declaratory judgment. *Id.* at 995. Plaintiffs, as component suppliers, *cannot* use the notice letters to the Alleged Infringers or the fact of other litigation as a basis for jurisdiction in the absence of any threatening conduct by Ablaise against them. *Id.* (citing *Viking Injector Co. v. Chemtron, Inc.*, 1993 WL 625543 at *3 (M.D. Pa. Nov. 9, 1993) (Exhibit C)). As discussed, Plaintiffs make no allegations *at all* concerning how the structure or functionality of their products or services relate to the claims of the '737 or '530 patents.

Although the point is unclear in the Amended Complaint, Plaintiffs' interest appears to be limited to a concern that the Alleged Infringers may be using Plaintiffs' components as part of an infringing system. As in *Dow*, this is not the legal interest needed to create declaratory-judgment jurisdiction. *Id.* at 997. The only charges of infringement made by Ablaise have been against the Alleged Infringers, each of whom is a direct infringer using one or more unique systems that perform unique processes.

As stated above, Ablaise has charged the Alleged Infringers with infringement because they own and operate, and their customers use, a system covered by claims of the '737 patent. Plaintiffs, on the other hand, are one of many providers of hardware and software components that can be used in such a system.

Ablaise has properly pursued those who have made and used the infringing systems as direct infringers: the Alleged Infringers. That does not give Plaintiffs, or any other component supplier, the right to file their own suit on the '737 patent. Ablaise did not sue Plaintiffs or others similarly situated for the very reason that they are component providers, not the ones who ultimately operate, use and make available the infringing websites.

In sum, Plaintiffs cannot use their role as a component supplier to bootstrap Ablaise's

DAVIS WRIGHT TREMAINE LLP

communications with the Alleged Infringers into a reasonable apprehension of a coming suit by Ablaise against Plaintiffs.

## IV. SYBASE IS NOT A PROPER PARTY TO THIS SUIT

The Amended Complaint fails to allege any nexus between a product or service of Plaintiffs and the claims of the '737 or '530 patents. The relationship between Sybase and the Ablaise patents is even more tenuous. Sybase's only apparent connection to the facts of this case is that FFI is a wholly-owned subsidiary of Sybase. Amend. Compl. ¶ 4. No Sybase product or service is mentioned in the Amended Complaint. Nor do Plaintiffs allege that Sybase was a party to any indemnification agreements with the Alleged Infringers.

The absence of any connection between Sybase and the facts of this case are a separate ground for dismissal of Sybase's claim.

## V. CONCLUSION

For the foregoing reasons, Ablaise respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated: July 26, 2006.    Respectfully Submitted,

/S/  Martin L. Fineman
Martin L. Fineman, California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
One Embarcadero Center, Suite 600
San Francisco, California  94111-3834
Phone:  (415) 276-6500
Fax:     (415) 276-6599
E-Mail: martinfineman@dwt.com

Thomas G. Scavone, Member of the N.D. Cal. Bar
Matthew G. McAndrews, Pro Hac Vice Application Pending
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax:     (312) 239-3137
E-Mail: scavone@nshn.com; mmcandrews@nshn.com
Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.