# EXHIBIT G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. and SYBASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., <br><br> Defendants. | Case No.: C- 06-2451   PVT <br><br> **ORDER DENYING MOTION TO DISMISS; TENTATIVELY GRANTING MOTION TO DISMISS SYBASE AS AN IMPROPER PARTY; AND REFERRING CASE FOR EARLY JUDICIAL SETTLEMENT CONFERENCE** |

On September 26, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1]
Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' Motion is Denied.

**I.    FACTUAL BACKGROUND**

Plaintiffs Financial Fusion Inc. ("FFI") and its parent company, Sybase Inc., filed this action seeking declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,961,737 (the '737 patent).[2] Defendants Ablaise Ltd and General Inventions Institute A, Inc. (GIIIA) co-own the '737 patent. Plaintiffs provide website development and hosting services.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The '737 is a continuation of U.S. Patent No. 6,295,530 ("the '530 patent"). The '737 issued in November of 2005.

ORDER, *page 1*

1 Ablaise threatened to sue two of Plaintiffs' customers, Bank of America and First Horizon.³ At issue is Claim 1 of the '737 patent, a method claim that includes steps of "storing content data" and "maintaining a user database comprising information relating to user preferences." The notice letters sent by Ablaise allege that the Bank of America and First Horizon websites practice the invention of the '737 patent. (Amended Complaint ("AC"), ¶ 6.) Plaintiffs allege that the implicated websites were developed at least in part by FFI, a wholly-owned subsidiary of Sybase, or its predecessors. (Complaint, ¶ 23.)⁴

Plaintiff's predecessor in interest, Home Financial Network ("HFN") provided web-based software for performing financial transactions and website development services to customer First Tennessee and its parent company, First Horizon National Corporation ("First Horizon"), pursuant to a licensing and development agreement. (AC, ¶2.) The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement. (AC, ¶3.) FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement. (AC, ¶5.) In accordance with agreements between the parties, both customers sent copies of the letters from Ablaise alleging infringement to FFI, which shares a legal department with Sybase. (Thayer Decl., ¶1.)

When Plaintiffs' counsel investigated the Defendants and their claims, they became aware that Defendants had filed at least four other patent infringement lawsuits in United States District Courts in the previous year involving either the '737 patent or its parent, and so advised the customers. (Thayer Decl., ¶2.) Thus, Ablaise has demonstrated an intent to enforce its patent rights. However, Ablaise has never threatened to sue FFI or Sybase or even had any contact with FFI or Sybase.

---

³After this motion was filed, Ablaise filed a patent infringement suit against Bank of America in the United States District Court for the District of Delaware. Ablaise represented at the argument that no suit is currently pending against First Horizon.

⁴This allegation was inadvertently omitted from the amended complaint. (Thayer Decl., ¶4.)

ORDER, *page 2*

Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) arguing that there is no subject matter jurisdiction. Defendants assert that there is no actual controversy between Ablaise and Plaintiffs. Defendants argue, in the alternative, that even if jurisdiction exists, the court should exercise its discretion not to hear this declaratory judgment suit and grant the motion to dismiss.

## II. LEGAL STANDARDS

Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. A court must presume lack of jurisdiction until the plaintiff establishes otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (The party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction is proper.).

When a defendant makes a "facial attack," a challenge to the sufficiency of the allegations in the Complaint, the Plaintiff enjoys the same standards and safeguards as apply to a motion under Rule 12(b)(6): the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. Doe v. Schacter, 804 F. Supp. 53, 56 (N.D. Cal. 1992); Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990).

The Declaratory Judgment Act permits federal courts to "declare the rights and legal obligations of an interested party '[i]n a case of actual controversy.'" 28 U.S.C. § 2201. "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41 (1937). Additionally, "[e]ven if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction." Teva Pharmaceuticals USA, Inc. v. Pfizer Inc., 395 F.3d 1324, 1331 (Fed. Cir. 2005).

There is an accepted two prong test for declaratory judgment actions in patent cases:

> The Plaintiffs must demonstrate both: (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff which could constitute infringement or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity.

Teva., 395 F.3d at 1330 (citation omitted.)  However, the standard is also stated more broadly to include "acts of plaintiff that might subject it **or its customers** to suit for patent infringement." Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 737 (Fed. Cir. 1988)(emphasis added).

## III.  DISCUSSION

### A.  Jurisdiction is Present

The question presented is whether Defendants' threats against FFI's customers create a reasonable apprehension sufficient to confer jurisdiction upon this court.  Plaintiffs argue that suits against customers are sufficient. Arrowhead, 846 F.2d at 736; Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc., 655 F.2d 938 (9th Cir. 1981).  In those cases, however, the seller supplied a whole infringing product, not merely a component part.  Here, FFI has not alleged that it developed the implicated websites.  It has alleged that it developed "at least part" by FFI.  (Complaint ¶ 23.)

The Federal Circuit recently explained that apprehension of customers being sued does not, absent an adverse *legal* interest, satisfy the reasonable apprehension prong. Microchip Tech. Inc. v. The Chamberlain Group, Inc., 441 F.3d 936, 942 (Fed. Cir. 2006).  "Without an underlying *legal* cause of action, any adverse *economic* interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." Microchip, 441 F.3d at 943 (emphasis added.)  The court went on to note that an indemnity agreement between a supplier and its customers could create the legal relationship sufficient to satisfy the reasonable apprehension prong. Id., see also Dow Chemical Corp. v. Viskase Corp., 892 F. Supp. 991, 997 (N.D. Ill. 1995).

FFI has alleged the existence of an indemnity agreement between itself and its customers. This allegation is sufficient to satisfy the reasonable apprehension prong.

### B. This Court Will Exercise Its Discretion to Hear This Case

The question now shifts to whether this court should exercise its discretion not to exercise jurisdiction over this case. A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800 (9th Cir. 2002), *citing* Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942). The first consideration does not apply here where only federal jurisdiction is involved. The second two considerations are less clear. Plaintiffs assert that they chose this forum because it is where they are based and where the facts and witnesses are located. Plaintiffs also assert that, as the first filed suit, their choice of jurisdiction should be honored. Finally, Plaintiffs assert that this one declaratory judgment action will be more efficient than defending suits against multiple customers in multiple forums. In contrast, Defendants assert that their later filed suit should be the one to proceed because their suit for patent infringement should take precedence over Plaintiff's declaratory judgment action. Defendants assert that, because Bank of America is incorporated in Delaware, Delaware will be a more convenient forum.

The facts currently in front of the court are insufficient for the court to determine which forum is better suited to resolve the issues of patent validity and infringement. At present, the Court is not convinced that Delaware is a more appropriate forum than the Northern District of California.[5] Accordingly, the court will exercise its discretion to entertain this suit.

### C. Plaintiff Sybase Has Not Been Shown to Be a Proper Party

Defendants argue that Sybase is an improper Plaintiff because it is merely the parent company of FFI. Plaintiffs argue Sybase is a proper declaratory plaintiff because it could be sued as the parent of FFI. The general rule is that a parent is not liable for the acts of its subsidiary absent some showing of fraud, unusual control, or intent to evade the law. See e.g. Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523, 538 (2000) (Corporate veil only pierced "when the corporate form is used to perpetrate a fraud, circumvent a statute, or

---

[5] The Court expresses no opinion on the merits of a motion to transfer this suit to Delaware or on a motion to transfer the Delaware suit to the Northern District of California.

ORDER, *page 5*


1. accomplish some other wrongful or inequitable purpose.") As one court noted, albeit in dicta,

> just as a having a parent/subsidiary relationship is not sufficient, without more, to warrant a suit against the parent for patent infringement by its subsidiary, being a parent corporation is not sufficient to give a party the right to seek a declaratory judgment regarding the legality of its subsidiary's conduct.

Boler Co. v. Raydan Mfg., Inc., 415 F. Supp.2d 896, 902 n.5 (N.D. ll. 2006) (citations omitted).

At this time, Sybase has not plead any case or controversy directly between it and defendants. Therefore, Sybase does not appear to be a proper party and the court tentatively grants Defendants' motion to dismiss Sybase as a party. Because neither side focused on the issue of the propriety of Sybase as a party, Sybase may submit additional briefing on the matter. If Sybase chooses to submit additional briefing, Defendants may submit a responsive brief.

**IV. CONCLUSION**

For the foregoing reasons, It Is Hereby Ordered that:

1. Defendants' Motion to Dismiss is Denied;

2. Defendants' Motion to Dismiss Plaintiff Sybase is tentatively granted;

3. Sybase may submit, within two weeks of this Order, additional briefing on the issue of whether it is a proper party; Defendants may submit a responsive pleading, limited to the issue of whether Sybase is a proper party, within two weeks of any additional brief by Sybase on this issue; if Sybase does not file additional briefing within two weeks of this Order, the tentative dismissal of Sybase will become the final order of the court; and

4. The parties are referred to Magistrate Judge Richard Seeborg for a judicial settlement conference to take place no later than December 1, 2006 and the parties shall contact Judge Seeborg's Secretary Ms. Bernie Kunkel at 408-535-5357 within two weeks of the date of this Order to obtain a settlement conference date.

Dated: 9/27/06

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge