# EXHIBIT K

MARTIN L. FINEMAN (California State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, 8th Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
E-Mail: martinfineman@dwt.com

THOMAS G. SCAVONE, Member of the N.D. Cal. Bar
MATTHEW G. MCANDREWS, Admitted Pro Hac Vice
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 239-3137
E-Mail: scavone@nshn.com
mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC.<br><br>Plaintiff,<br><br>v.<br><br>ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.,<br><br>Defendants. | Case No. C 06-02451-PVT<br><br>**DEFENDANTS ABLAISE AND GENERAL INVENTIONS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Date: December 12, 2006<br>Time: 10:00 a.m.<br>Judge: The Honorable Patricia V. Trumbull |

### I. INTRODUCTION

By motion filed November 2, 2006, plaintiff Financial Fusion, Inc. ("FFI") seeks leave to file a Second Amended Complaint against defendants Ablaise Ltd. and General Inventions Institute A, Inc. (collectively, "Ablaise") to add counts for declaratory relief concerning the

1

validity and infringement of Ablaise's U.S. Patent No. 6,295,530 ("the '530 patent"). As the record now stands, however, there is no subject matter jurisdiction to support FFI's sought claim for declaratory relief. Defendants have not accused FFI of infringing the '530 patent. Nor, by its own admission, does FFI have any connection to the websites of its customer, Bank of America, which have been accused of infringing the '530 patent. The parties do not dispute these issues.

Because there is no actual controversy between FFI and Ablaise concerning the validity and infringement of the '530 patent, the amendment FFI seeks would be futile. The futility of FFI's proposed amended claims is dispositive of the issue at bar. As a matter of law, FFI's motion should be denied for lack of subject matter jurisdiction over declaratory judgment claims concerning the '530 patent.

## II.  RELEVANT FACTS

On February 6 and February 7, 2006, Ablaise sent letters to Bank of America and First Horizon, respectively, notifying these banks that their websites infringe claims of Ablaise's U.S. Patent No. 6,961,737 ("the '737 patent"). Ablaise was unaware when it sent these notice letters, but has since learned, that FFI provided website design services to Bank of America and First Horizon. On April 6, 2006, FFI filed this declaratory judgment action against Ablaise for the alleged purpose of defending its customers, Bank of America and First Horizon, pursuant to an indemnification agreement against patent infringement claims by Ablaise.

In materials that accompanied Ablaise's initial notice letter to Bank of America, and in correspondence and telephone conversations with Bank of America and FFI since April 6, 2006, Ablaise has identified two specific sections of Bank of America websites that infringe the '737 patent, namely the "Financial News" section of the bank's militarybankonline.bankofamerica.com site and the "My Portfolio" section of the bank's allmyaccounts.bankofamerica.com site. *See* Declaration of Thomas G. Scavone ("Scavone Decl."), ¶ 1, Ex. A, T. Scavone letter to L. Thayer, 5/1/2006 (identifying "Financial Page" facility of Bank of America/Military Bank site as infringing the '737 patent); Scavone Decl., ¶ 2, Ex. B, T. Scavone letter to M. Springs, 7/26/2006 (identifying "My Portfolio" facility of allmyaccounts.bankofamerica.com site as infringing the '737 patent); Scavone Decl., ¶ 4.

2

Over the course of Ablaise's dealings with FFI, FFI has given the impression – and Ablaise has assumed – that FFI, as a service provider or supplier, was only responsible for design or development work associated with a single Bank of America website, the Bank of America/Military Bank site (i.e., the militarybankonline.bankofamerica.com site). *See* Scavone Decl. ¶ 3. On November 17, 2006, counsel for FFI confirmed Ablaise's understanding in this regard, acknowledging that, to the best of plaintiff's counsel's knowledge, FFI has performed design, development and/or service work only in connection with the Bank of America/Military Bank website. *See* Declaration of Matthew G. McAndrews ("McAndrews Decl."), ¶ 1. Based on its analysis to date, Ablaise has not identified the Bank of America/Military Bank website as, or accused the site of, infringing the '530 patent. Thus, to the extent Ablaise has any justiciable controversy with FFI, that controversy is necessarily limited to the Bank of America/Military Bank website's infringement of *the '737 patent*.

On the correct understanding and assumption that it has independent and distinct legal claims against Bank of America that are unrelated to FFI, Ablaise filed suit against Bank of America in the District Court of Delaware on August 28, 2006. Subsequently, after further review of Bank of America's websites by Ablaise's technical and legal teams, Ablaise identified a third Bank of America website, mbnanetaccess.com,[1] which infringes the '530 patent. On October 10, 2006, Ablaise amended its complaint in the Delaware action as a matter of right to include a claim of infringement of the '530 patent against Bank of America. As stated, Ablaise has not alleged that the Military Bank website – the sole Bank of America site having any relationship to FFI – infringes the '530 patent.

FFI alleges that it filed the instant declaratory judgment action to defend Bank of America against Ablaise's patent infringement claims pursuant to an indemnification agreement. FFI's Mem. in Support of Mot. for Leave to File 2nd Amend. Complaint at 1. However, FFI has offered no evidence – and it is implausible – that its indemnity agreement with Bank of America requires or allows FFI to defend Bank of America against claims having no relationship to FFI, such as Ablaise's claim in the Delaware action that Bank of America's mbnanetaccess.com website

---

[1] MBNA is a subsidiary of Bank of America.

infringes the '530 patent. Regardless of its terms, the indemnity agreement cannot confer subject matter jurisdiction where, as here, there is no controversy between FFI and Ablaise concerning the '530 patent, let alone infringement of the '530 patent by a website to which FFI has no relationship.

### III. THERE IS NO LEGAL BASIS FOR FFI'S SOUGHT AMENDMENT

To prevail on its Motion for Leave to File a Second Amended Complaint, FFI must satisfy the Ninth Circuit's standard for amendment under Federal Rule of Civil Procedure 15(a) and, as with any other claims, demonstrate that there is subject matter jurisdiction over its proposed claims for declaratory judgment of non-infringement and invalidity of the '530 patent. Because the undisputed facts reveal that there is no controversy between FFI and Ablaise concerning the '530 patent, FFI cannot satisfy either standard, and its motion must be denied.

#### A. Amendment Should Be Denied Because The Sought Claims Are Futile

Despite the liberal amendment standards of Rule 15(a), Ninth Circuit law requires that a motion to amend be denied if the amendment would be futile. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). An amendment is futile if a claim's defeat on summary judgment would be inevitable. *Roth*, 942 F.2d at 628-29. It follows that, as here, an amendment is futile if there is no subject matter jurisdiction over the proposed amended claims.

In the case at bar, the undisputed record demonstrates that Ablaise's claim for infringement of its '530 patent in the Delaware action has nothing to do with FFI. FFI has affirmatively acknowledged that it was not involved in the "design, development or servicing" of the mbnanetaccess.com website – the only Bank of America website identified to date as infringing the '530 patent. McAndrews Decl., ¶ 1; Scavone Decl., ¶ 4. Notably, FFI fails to address whether its declaratory judgment claim for non-infringement of the '530 patent is not futile. Instead, FFI leapfrogs that part of the analysis and argues that it "seeks leave to add a claim of invalidity of the '530 Patent on the basis of prior art of which it has become aware." FFI's Mem. at 6. Without an actual controversy concerning the *infringement* of the '530 patent, however, FFI has no basis to challenge the validity of the patent. A contrary rule would allow any party to bring a declaratory judgment claim challenging the validity of any patent at any time. That is not the law. *See, e.g.,*

4

*Medimmune, Inc. v. Genentech, Inc.*, 427 F.3d 958, 964 (Fed. Cir. 2005) (holding that the Declaratory Judgment Act requires a "definite and concrete controversy" concerning patent infringement and that "the district court did not err in holding that [the declaratory judgment plaintiff], since under no threat of apprehension or suit, did not have standing to bring a declaratory challenge to the [patent-in-suit]").

In its brief, FFI makes much of the fact that the '530 patent is the "parent" of the '737 patent, the latter of which is, at least in part, at issue in the case at bar. FFI's Mem. at 1, 5-6. FFI appears to argue that because the Court has ruled that it has subject matter jurisdiction over some of Ablaise's claims for infringement of the '737 patent it follows that there is subject matter jurisdiction over FFI's declaratory judgment claim concerning invalidity of the parent '530 patent. This argument, too, is contrary to the law. Courts are not only to apply the "actual controversy" analysis on a patent-by-patent basis, but also on a "claim-by-claim" basis with respect to a patent-in-suit. *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984) (the existence of a case or controversy is evaluated on a "'claim-by-claim' basis"); *see also Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1581 n.8 (Fed. Cir. 1993). Thus, the fact that the '530 patent is the parent of the '737 patent is irrelevant to the present jurisdictional analysis. The relevant inquiry is whether there is an actual controversy between FFI and Ablaise concerning the infringement of the '530 patent.

### B. There Is No Actual Controversy Concerning The '530 Patent

FFI bears the burden of demonstrating that there is an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. §2201. *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005). Specifically, FFI must demonstrate both:

> (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff which could constitute infringement or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity.

*Teva Pharmaceuticals*, 395 F.3d at 1330 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172

DAVIS WRIGHT TREMAINE LLP

1   F.3d 852, 855 (Fed. Cir. 1999)).

2       The analysis begins and ends with FFI's admission that it has no connection to the Bank of America website accused by Ablaise of infringing the '530 patent in the Delaware action. Ablaise has not alleged infringement of the '530 patent in the instant action, and the parties have not discussed infringement of the '530 patent by any website other than the one at issue in the Delaware action. FFI does not have a dog in the Delaware fight. FFI's motion asks the Court to create a controversy where none exists. The Court should decline to do so by denying FFI's motion.

    As discussed, there is no justiciable controversy between the parties concerning the '530 patent. Instead, Ablaise has properly brought its separate and distinct legal claims against Bank of America, the party that, on this record, is solely responsible for infringing the '530 patent. However, even if the Court determined that a controversy did exist, it should exercise its "substantial discretion" by declining jurisdiction. *See, e.g., Teva Pharmaceuticals*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) ("Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has *substantial discretion* to decline that jurisdiction." (emphasis added). Two out of three of the accused websites in this and the Delaware actions have no relationship to FFI. Ablaise should be able to pursue claims concerning those two websites against Bank of America in the Delaware action, rather than in the Northern District of California against FFI.

## IV. CONCLUSION

For the foregoing reasons, Ablaise respectfully submits that FFI's Motion for Leave to File a Second Amended Complaint should be denied.

Dated: November 20, 2006.   Respectfully Submitted,

    /s/ Martin L. Fineman
Martin L. Fineman
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Ste. 800
San Francisco, California 94111-3834
Phone: (415) 276-6500
Fax: (415) 276-6599
E-Mail: martinfineman@dwt.com

| | |
|---|---|
| 1 | |
| 2 | Thomas G. Scavone |
| | Matthew G. McAndrews |
| 3 | NIRO, SCAVONE, HALLER & NIRO |
| | 181 West Madison Street, Suite 4600 |
| 4 | Chicago, Illinois 60602 |
| | Phone: (312) 236-0733 |
| 5 | Fax:    (312) 239-3137 |
| | E-Mail: scavone@nshn.com; mmcandrews@nshn.com |
| 6 | |
| 7 | Attorneys for Defendants |
| | ABLAISE LTD. and GENERAL |
| 8 | INVENTIONS INSTITUTE A, INC. |

DAVIS WRIGHT TREMAINE LLP

7

FINANCIAL FUSION v. ABLAISE LTD, ET AL                                                                SFO 352843v1 67939-3
Case No. C 06-02451-PVT   OPP. TO MTN TO FILE SECOND AMENDED COMPLAINT