# EXHIBIT L

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FINANCIAL FUSION, INC., | ) | Case No.: C- 06-2451   PVT |
|---|---|---|
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING MOTION TO RELATE CASE** |
| v. | ) |  |
| ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC., | ) |  |
| Defendants. | ) |  |

On December 12, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on FFI's Motion for Leave to File a Second Amended Complaint.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that FFI's Motion is Granted.

**I.   FACTUAL BACKGROUND**

Plaintiff Financial Fusion Inc. ("FFI") filed this action seeking declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,961,737 (the '737 patent). The '737 is a continuation of U.S. Patent No. 6,295,530 ("the '530 patent"). The '737 issued in November of

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

2005. Defendants Ablaise Ltd ("Ablaise") and General Inventions Institute A, Inc. ("GIIIA", collectively "Ablaise") co-own the '737 patent. FFI provides website development and hosting services.

Ablaise threatened to sue two of FFI's customers, Bank of America and First Horizon. The notice letters sent by Ablaise allege that the Bank of America and First Horizon websites practice the invention of the '737 patent. (Amended Complaint ("AC"), ¶ 6.) FFI alleges that it developed, at least in part, the implicated websites. (Complaint, ¶ 23.)[2] FFI has provided, and continues to provide, website development and hosting services to customer Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement. (AC, ¶ 5.) On August, 28, 2006, after this lawsuit was filed, Ablaise filed a patent infringement suit against Bank of America in the United States District Court for the District of Delaware (the "Delaware Action").

Ablaise moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) arguing lack of subject matter jurisdiction. Ablaise asserted that no actual controversy existed between them and FFI. Ablaise argued, in the alternative, that the court should exercise its discretion not to hear this declaratory judgment suit and grant the motion to dismiss. The Court found that FFI has a reasonable apprehension of suit, creating an actual controversy and jurisdiction and denied the Motion to Dismiss.

On October 10, 2006, Ablaise amended the Delaware Action to add a claim of infringement of the '530 Patent against Bank of America. FFI now seeks to file a Second Amended Complaint to add the '530 Patent to this Declaratory Judgment Action. On October 26, 2006, counsel for FFI contacted Counsel for Ablaise and sought a stipulation to allow FFI to file a Second Amended Complaint. (Thayer Decl. ¶ 4.) At that time, Ablaise had not yet filed an Answer to the Amended Complaint and FFI suggested that Ablaise stipulate to the filing of the Second Amended Complaint and answer only that Complaint. (*Id.*) As of the filing of this

---

[2] This allegation was inadvertently omitted from the amended complaint. (Thayer Decl., ¶4.)

1 motion on November 2, 2006, Ablaise had not responded to FFI's request for a stipulation. (*Id.*
2 at ¶¶5-6). On October 30, 2006, Ablaise filed an Answer and a Counterclaim asserting that FFI
3 is infringing the '737 patent.
4       On November 21, 2006, Yodlee, Inc., a vendor to Bank of America for a different portion
5 of its website, filed an action in the Northern District of California entitled *Yodlee, Inc. v.*
6 *Ablaise Ltd. et al*, 5:06-CV-07222 RMW (the "Yodlee Action"). As in this case, Yodlee claims
7 that it has an indemnity obligation to Bank of America for claims made against the portion of the
8 website provided by Yodlee. (Yodlee Complaint ¶ 7.) On December 5, 2006, FFI filed a motion
9 to relate the Yodlee case to this case.

10 **II.    DISCUSSION**
11     **A.    Motion for Leave to Amend**
12       A party's right to amend his or her pleadings is governed by Rule 15(a) of the
13 Federal Rules of Civil Procedure, which provides that "leave shall be freely given when justice
14 so requires." Fed. R. Civ. P. 15(a). The Supreme Court has declared that the requirement of
15 Rule 15(a) that leave to amend shall be freely given when justice so requires "is to be heeded."
16 *Foman v. Davis*, 371 U.S. 178, 182 (1962) Similarly, the Ninth Circuit has directed district
17 courts to apply the rule favoring amendments to pleadings with "extreme liberality." *DCD*
18 *Programs, Ltd. v. Leighton*, 833 F.2d 183,186 (9th Cir. 1987). Four factors are commonly used
19 to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to
20 the opposing party, and futility of amendment. *DCD Programs*, 833 F.2d at 186.
21     Ablaise opposes the motion, claiming that amendment would be futile because this court
22 lacks jurisdiction over FFI's claims relating to the '530 patent. Ablaise does not assert any bad
23 faith, undue delay or prejudice. Because this case is in the early stages, the court finds no bad
24 faith, undue delay or prejudice. Accordingly, the only issue is whether the amendment would be
25 futile.
26     Ablaise asserts that the amendment would be futile because there is no actual
27 controversy. In order to proceed with a declaratory judgment actions in patent cases, a plaintiff
28 must demonstrate both: (1) an explicit threat or other action by the patentee which creates a

reasonable apprehension on the part of the declaratory judgment plaintiff or its customers that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff or its customers which could constitute infringement. *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1330-31 (Fed. Cir. 2005); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 737 (Fed. Cir. 1988). In the absence of an express charge of infringement, courts examine "the totality of the circumstances" to determine whether there is a controversy. *Vanguard Research, Inc. v. PEAT, Inc.,* 304 F.3d 1249, 1254-55 (Fed. Cir. 2002).

Ablaise claims that FFI cannot show reasonable apprehension. Ablaise asserts that they have not identified the portion of the Bank of America website that FFI is involved with, the military bank site, as infringing the '530 patent. Additionally, Ablaise has not asserted the '530 patent in their counterclaim in this action. Ablaise further claims that it has only identified mbnanetaccess.com, a Bank of America website, as infringing. Because FFI does not owe indemnity to Bank of America for the MBNA website, Ablaise argues that there is no reasonable apprehension of suit. Ablaise thus argues that FFI "does not have a dog in the Delaware fight." (Opp. at 6:6.)

Ablaise's First Amended Complaint in the Delaware Action alleges: "BofA has infringed one or more claims of the '737 and the '530 patent by making, using, and operating, its bankofamerica.com **and related websites** throughout the Untied States, including this judicial District." (Delaware Action First Amended Complaint ¶ 8, Thayer Decl. Exh. B.)(emphasis added) The address for Bank of America's Military Bank Website is www.bankofamerica.com/military/. (Thayer II Decl. ¶ 9.) Thus, the Military Bank Website is a "related website" to the bankof america.com website and is implicated in the Delaware Action. Moreover, FFI has asked Ablaise to amend the Delaware First Amended Complaint to exclude the Military Bank Website and Ablaise has failed to do so. (Thayer II Decl. ¶¶6-7.) Thus, while Ablaise may not have identified the Military Bank Website as infringing, their First Amended Complaint in the Delaware Action is worded so broadly as to implicate it.

Additionally, Ablaise has suggested to FFI that its customers might be infringing the '530 patent and that FFI should consider licensing both patents. (Thayer II Decl. ¶¶3-4; Scavone

Decl. Exh. B.)  Finally, Ablaise has asserted the '530 patent in other litigation against other parties, a factor relevant to the reasonable apprehension analysis.  *See Plumtree Software, Inc. v. Datamize, LLC*, 2005 WL 2206495 (N.D. Cal. Sept. 12, 2005) (finding jurisdiction over declaratory judgment action for continuation patent based on assertion of parent patent against plaintiff and assertion of continuation patent against others) .

Accordingly, there is an actual controversy and amendment would not be futile.

**B.     Motion to Relate Cases**

Civil Local Rule 3-12 (a) defines related cases as those where: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

In this case, the first requirement is met because the same defendants are involved and the same "property", the '737 patent and its parent  the '530 patent are involved.  Ablaise opposes the relation, claiming that different parties are involved.  Even though different plaintiffs are involved, both plaintiffs are vendors providing services under indemnification agreements to the same accused infringer, Bank of America.  Thus, Bank of America has an interest as a customer and indemnitee in efficient and consistent management of these litigations.  Moreover, the Yodlee action was filed, at least in part, because of the Delaware action against Bank of America.  (Yodlee Complaint ¶ 5.)  Accordingly, substantially the same parties and property are involved.

The second element is also met.  Having two different judges govern discovery disputes and construe claims in the same patents would be an unduly burdensome duplication of labor and raise the danger of conflicting results.  Ablaise claims that different websites are involved: www.bankofamerica.com/military in this case and allmyacounts.bankofamerica.com in Yodlee.  However, whether the two addresses are regarded as part of a single Bank of America website or two related Bank of America websites, the potential for burdensome duplication remains.  A patent "claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device. . . . It is only after

1 the claims have been *construed without reference to the accused device* that the claims, as so
2 construed, are applied to the accused device to determine infringement." *SRI Int'l. v. Matsushita*
3 *Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985)(en banc)(emphasis in original). Thus,
4 even if the accused devices are not identical, the claim construction process will contain, at a
5 minimum, sufficient overlap to create duplication of effort. Ablaise also argues that different
6 patent claims or terms may be involved in the same suits. Again, this does not eliminate the
7 potential for burdensome duplication. The fact that some terms might be different does not mean
8 that it makes sense for different judges to construe the claims and terms that might be in
9 common.

10 Ablaise also asserted that the timing of FFI's motion to relate was "suspicious." Ablaise
11 argues that FFI filed the motion to relate in order to bolster its motion to relate and in an
12 improper attempt to forum shop. The motion to relate was filed shortly after the Yodlee action
13 was filed. The Court finds nothing suspicious about the timing of the motion and no reason to
14 believe that FFI filed the motion to relate for any improper purpose.

15 Finally, at the hearing, Ablaise opposed relation claiming that it will be prejudiced by
16 delay in this suit. Relation is not consolidation. Two related cases may still proceed on different
17 schedules. Thus, if the Yodlee action lags significantly behind this action, this action can
18 proceed on its own timetable.[3]

19 **III. CONCLUSION**

20 For the foregoing reasons, It Is Hereby Ordered that:

21     1. FFI's Motion for Leave to File a Second Amended Complaint is Granted;
22        and

23 //
24 //
25

---

26 [3]Ablaise also argued that Yodlee involved both the '737 and '530 patents whereas this case involved only the '737 patent. This argument fails for two reasons. First, because the '530 is the
27 parent of the '737, the claims, specification, and file history of the '530 patent would necessarily have to be considered in this action. Second, this Order grants FFI the right to amend the
28 complaint to add claims of non-infringement and invalidity of the '530 patent.

2. The Motion to Relate Cases is Granted and C-06-7222 RMW, *Yodlee Inc. v. Ablaise Ltd. Et al.* shall be reassigned to Judge Trumbull.

Dated: December 15, 2006

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge