# EXHIBIT M

MARTIN L. FINEMAN, California State Bar No. 104413
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Phone: (415) 276-6500
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com

THOMAS G. SCAVONE, Member of the N.D. Cal. Bar
MATTHEW G. MCANDREWS, Admitted Pro Hac Vice
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax:    (312) 239-3137
E-Mail: scavone@nshn.com
        mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL
INVENTIONS INSTITUTE A, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE, LTD. and GENERAL INVENTIONS INSTITUTE A, INC., <br><br> Defendants. | Case No. C06-02451 SBA <br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIMS AND JURY DEMAND** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively "Defendants"), answer the Complaint of Plaintiff, Financial Fusion, Inc. ("Plaintiff"), as follows:

**Introduction and Background**

1. Financial Fusion, Inc. ("FFI" or "Plaintiff") hereby brings this action for declaratory judgment against Ablaise Ltd. ("Ablaise") and General Inventions Institute A, Inc. ("GIIA") (together "Defendants"). Specifically, Plaintiff seeks, among other things, declaratory judgments of non-infringement, invalidity, and unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals" and non-infringement and invalidity of U.S. Patent No. 6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals Including Commands for Browser Execution." The '737 patent is a continuation of the '530 patent. True and complete copies of the '530 and '737 patents are attached as Exhibits A and B, respectively.

**RESPONSE:**

Admitted.

2. Pursuant to a licensing and development agreement with First Tennessee Bank National Association ("First Tennessee"), Home Financial Network, Inc. ("HFN") provided web-based software for performing financial transactions and website development services to First Tennessee and First Horizon National Corporation ("First Horizon"). On information and belief, First Horizon is First Tennessee's parent company.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 2 and therefore deny the same.

3. The license agreement between HFN and First Tennessee includes an indemnification provision allowing HFN to defend and settle claims of infringement involving software developed under the agreement.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 3 and therefore deny the same.

4. In 2000, HFN merged with the Financial Server Software division of Sybase, Inc., creating FFI, a wholly-owned subsidiary of Sybase, Inc.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 4 and therefore deny the same.

5. FFI provided website development and hosting services to Bank of America Technology and Operations, Inc. ("BATO") under an agreement that includes an indemnification

provision allowing FFI to defend and settle claims of infringement involving software developed under the agreement.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 5 and therefore deny the same.

6. On or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to BATO alleging that its militarybank.bankofamerica.com website implements "core features" of the '737 patent. On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a virtually identical letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent. With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites. The "infringement analysis" came in the form of a CD-ROM entitled "Ablaise Patent Information Kit," that compared elements of claim 1 to each of the subject websites. Each CD-ROM contained a section titled "Infringement of Ablaise's '737 patent."

**RESPONSE:**

Admitted that on or about February 6, 2006, U.S. counsel for Defendant Ablaise sent a letter to Mr. Kenneth Lewis, President of Bank of America Corp. alleging that the militarybank.bankofamerica.com website implements "core features" of the '737 patent. On or about February 7, 2006, U.S. counsel for Defendant Ablaise sent a letter to First Horizon alleging that the websites of First Tennessee and First Horizon also practice the invention of the '737 patent. With both letters, Ablaise provided what it called a "representative infringement analysis for Claim 1 of the '737 patent" using screenshots from the accused websites. The "infringement analysis" came in the form of a CD-ROM entitled "Ablaise Patent Information Kit," that compared elements of claim 1 to each of the subject websites. Each CD-ROM contained a section titled "Infringement of Ablaise's '737 patent." Denied as to the other averments in paragraph 6.

7. In both letters, Ablaise stated it has initiated "a licensing program" in the United States in 2005. As part of this "licensing program," Ablaise has licensed one or more of its U.S. patents to at least the following corporations: CDW Corporation, Citigroup Corporation, E*Trade Securities, LLC, Salesforce.com, and Shopping.com. On information and belief, Salesforce.com is a corporation residing in this district in San Francisco, CA, and Shopping.com is a company residing in this district in Brisbane, CA.

**RESPONSE:**

Admitted that Ablaise stated it has initiated "a licensing program" in the United States in 2005. It is also admitted that Ablaise has licensed one or more of its U.S. patents to at least the following corporations: CDW Corporation, Citigroup Corporation, E*Trade Securities, LLC, Salesforce.com, and Shopping.com. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 7 and therefore deny the same

8. First Horizon promptly responded to Ablaise's U.S. counsel on February 16, 2006, indicating that it would consider the applicability of the '737 patent to its websites and respond to Ablaise shortly. First Horizon then contacted FFI, which began its own analysis of Ablaise's claims. BATO also provided a copy of the patent demand letter and materials it received from Ablaise to FFI.

**RESPONSE:**

Admitted that First Horizon responded to Ablaise on or about February 16, 2006. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 8 and therefore deny the same.

9. Before FFI had completed its analysis, and only a little more than a month after sending the initial notice letters, Ablaise sent First Horizon a second letter on March 24, 2006, threatening the initiation of a lawsuit for patent infringement. A true and correct copy of this letter is attached as Exhibit C. The letter indicates that Ablaise received the February 16, 2006, correspondence from First Horizon, and thus knew that First Horizon was considering its claims.

**RESPONSE:**

Admitted that Ablaise sent First Horizon a second letter on March 24, 2006, threatening the initiation of a lawsuit for patent infringement. A true and correct copy of this letter was attached as Exhibit C. The letter indicates that Ablaise received the February 16, 2006, correspondence from First Horizon, and thus knew that First Horizon was considering its claims. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 9 and therefore deny the same.

10. The websites implicated by Ablaise in its notice letters were developed at least in part by FFI or its predecessors, under license and development agreements containing indemnification provisions allowing FFI to defend and settle claims of infringement relating to the provided software.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 10 and therefore deny the same.

11. As of April 6, 2006, the filing of Plaintiff's Complaint, Defendants Ablaise and GIIA had filed at least four separate lawsuits in United States District Courts alleging infringement of the '530 patent, the parent to the '737 patent. Defendants sued CDW Corporation and J & R Electronics in the Northern District of Illinois in October, 2005, and January, 2006, respectively; and sued Salesforce.com, Inc. and E*Trade Securities, LLC in the Northern District of California in February, 2005, and September, 2005, respectively. The fact that Defendants have on two occasions chosen to file lawsuits in the Northern District of California involving related subject matter indicates Defendants' willingness to subject themselves to jurisdiction in this forum.

**RESPONSE:**

Admitted as to all averments except those included in the last sentence of paragraph 11, which averments call for a legal conclusion to which no response is required.

12. Since Plaintiff filed this action, Defendants have acknowledged a letter dated May 1, 2006, that the First Horizon web site does not in fact infringe the '737 patent. Defendants, however, continue to allege that the Bank of America Military Bank website infringes at least the '737 patent.

**RESPONSE:**

Admitted that Defendants continue to allege that the Bank of America website infringes at least the '737 patent. Denied as to the remaining averments in paragraph 12.

13. On May 12, 2006, Defendants filed another patent infringement litigation involving the '530 and '737 patents, this time against Lycos, Inc. in the Northern District of Illinois. *See Ablaise Ltd and General Inventions Institute A, Inc. v. Lycos, Inc.*, 01 CV2666 (N.D. Ill.).

**RESPONSE:**

Admitted.

14. On August 28, 2006, Defendants filed an infringement litigation in the District of Delaware alleging infringement of the '737 patent by websites operated by Bank of America. *See Ablaise Ltd and General Inventions Institute A, Inc. v. Bank of America*, 1:06-CV-00530 (D. Del.). On October 10, 2006, Defendants filed a First Amended Complaint adding infringement of the '530 patent as a claim against Bank of America.

**RESPONSE:**

Admitted.

### Parties

15.  Plaintiff FFI is a Delaware corporation with a place of business at One Sybase Drive, Dublin, CA, and doing business in this district. FFI is a wholly-owned subsidiary of Sybase, Inc.

**RESPONSE:**

Admitted that Plaintiff FFI is a Delaware corporation with a place of business at One Sybase Drive, Dublin, CA, and doing business in this district. Defendants lack sufficient information with which to form a belief as to the truth of the remaining averments in paragraph 15 and therefore deny the same.

16.  Defendant Ablaise is, on information and belief, a British corporation with its principal place of business at 40 Queen Anne Street, London, W1 G9EL, United Kingdom.

**RESPONSE:**

Admitted.

17.  Defendant GIIA is, on information and belief, a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

Admitted.

### Jurisdiction

18.  Plaintiff brings this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgments of non-infringement, invalidity, and unenforceability with respect to the '737 patent, and non-infringement and invalidity with respect to the '530 patent.

**RESPONSE:**

Admitted.

19.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

**RESPONSE:**

Admitted.

20. On information and belief, Defendants Ablaise and GIIA are subject to personal jurisdiction in this forum. Defendants Ablaise and GIIA have purposefully availed themselves of the privilege of doing business in California by negotiating and granting licenses with Salesforce.com, a company residing in San Francisco, CA, and Shopping.com, a company residing in Brisbane, CA, and presumably deriving income therefrom. Defendants have also initiated litigation against two California corporations, Salesforce.com, and E*Trade Securities, LLC, in the Northern District of California in February, 2005, and September, 2005, respectively: Both litigations alleged infringement of the `530 patent and/or the parent '737 patent.

**RESPONSE:**

Admitted.

21. In addition, jurisdiction is proper in Northern District of California under Fed. R. Civ. P. 4(k)(2). The cause of action arises under federal law. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction of any particular state. Additionally, Defendants Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States in the form of the '737 and '530 patents, announced that they have granted licenses to a number of major United States companies under one or more patents and are presumably deriving income therefrom, entered into negotiations with United States companies to license the '737 patent and related patents, and initiated litigation against United States companies in various United States District Courts, including the Northern District of California. Furthermore, Defendant Ablaise has used U.S. counsel to send notice letters to both First Horizon and BATO falsely alleging that they infringe the '737 patent.

**RESPONSE:**

Admitted as to all averments except that Ablaise has used U.S. counsel to send notice letters to First Horizon and BATO falsely alleging that they infringe the '737 patent, which averment is denied.

22. Venue is proper in this court under 28 U.S.C. § 1391(d).

**RESPONSE:**

Admitted.

### INTRADISTRICT ASSIGNMENT

23. The San Jose Division of the Northern District of California is the proper division to hear this matter because Plaintiff does business in the San Jose division and Plaintiff has suffered injury in this Division.

**RESPONSE:**

Admitted as to all averments except that Plaintiffs have suffered injury in this Division, which averment is denied.

### Count One:

### Declaratory Judgments of Non-Infringement and Invalidity of the '737 Patent

24. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 23 and incorporates. them by reference.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-23 of Plaintiffs' Amended Complaint.

25. Plaintiff does not infringe, directly, indirectly, contributorily, or otherwise, any valid and enforceable claim of the '737 patent.

**RESPONSE:**

Denied.

26. The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

27. As evidenced by the threatening letter of March 24, 2006, from counsel for Defendant Ablaise to First Horizon and the willingness of Defendants Ablaise and GIIA to initiate litigation involving the '737 and '530 patents, and owing to the indemnification provision allowing FFI to defend and settle, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '737 patent. Denied as to the other averments in paragraph 27.

28. Plaintiff is entitled to a judgment declaring that it has not infringed any valid and enforceable claim of the '737 patent and that the '737 patent is invalid.

**RESPONSE:**

Denied.

### Count Two

### Declaratory Judgment of Unenforceability of the '737 Patent

29. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 28 and incorporates them by reference.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-29 of Plaintiffs' Amended Complaint.

30. Defendants and/or the named inventors unreasonably and inexcusably delayed prosecution of several claims, including at least claim 1 of the '737 patent, which has been specifically asserted against Plaintiff's customers, First Horizon and BATO. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

**RESPONSE:**

Paragraph 30 includes conclusions of law to which Defendants are not required to respond. To the extent a response is required, Defendants admit that the prosecution file history of the '737 patent is a matter of public record. Plaintiffs characterizations of that record, in

paragraph 30, which are not contained in the '737 prosecution file history, are denied.

31. The claims of the '737 patent are unenforceable pursuant to the doctrine of prosecution laches. The unreasonable and inexcusable delay of nine years in seeking and obtaining the claims of the '737 patent has caused harm to Plaintiff. This delay constitutes laches and renders the claims of the '737 patent unenforceable.

**RESPONSE:**

Paragraph 31 includes conclusions of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations in paragraph 31.

## Count Three

**Declaratory Judgments of Non-Infringement and Invalidity of the '530 Patent**

32. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 31 and incorporates them by reference.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-31 of Plaintiffs' Amended Complaint.

33. Plaintiff does not infringe, directly, indirectly, contributorily, or otherwise, any valid and enforceable claim of the '530 patent.

**RESPONSE:**

Denied.

34. The claims of the '530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United Stated Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

35. As evidenced by the filing of the lawsuit against Bank of America in the District of Delaware, the willingness of Defendants Ablaise and GIIA to initiate litigation involving the 737 and '530 patents, and the fact that the '737 patent is a continuation of the '530 patent, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants'

1  allegations of patent infringement.

2  **RESPONSE:**

3      Admitted that there is a real, substantial, and continuing justiciable controversy between
4  the parties regarding Plaintiff's infringement of the '530 patent. Denied as to the other averments
5  in paragraph 35.

6

7      36.    Plaintiff is entitled to a judgment declaring that it has not infringed any valid and
enforceable claim of the '530 patent and that the '530 patent is invalid.

8  **RESPONSE:**

9      Denied.

10 **COUNTERCLAIMS**

11 **COUNT ONE**

12     Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc.
13 (collectively "Ablaise"), bring this counterclaim for infringement of the '737 patent:

14     1.    This is a claim for patent infringement and arises under the patent laws of the
15 United States, Title 35 of the United States Code. This Court has original jurisdiction over the
16 subject matter of the Complaint under 28 U.S.C. § 1338(a).

17     2.    Ablaise is a British corporation.

18     3.    GIIA is a British Virgin Islands Corporation.

19     4.    On information and belief, Plaintiff-counter-defendant Financial Fusion, Inc.
20 ("FFI") is a Delaware corporation with a place of business at One Sybase Drive, Dublin, CA, and
21 doing business in this district.

22     5.    Ablaise owns and has standing to sue for infringement of United States Patent No.
23 6,961,737 ("the '737 patent") (Ex. A.), entitled, "Serving Signals."

24     6.    The '737 patent was duly and legally issued by the United States Patent and
25 Trademark Office on November 1, 2005.

26     7.    FFI has infringed, induced, or contributed to the infringement by others of one or
27 more claims of the '737 patent as defined in 35 U.S.C. § 271, in this judicial district and

28

1  throughout the United States by making, using selling, offering to sell, supplying, and causing to
2  be supplied web-based software for performing financial transactions and website development
3  services, such as those described in paragraphs 2 and 10 of plaintiff's Second Amended
4  Complaint, throughout the United States, including this judicial district. On information and
5  belief, FFI knew or should have known its actions would induce actual infringement of the '737
6  patent by others.

7        8.     FFI's infringement of the '737 patent will continue unless enjoined by this Court.
8        9.     On information and belief, FFI's infringement of the '737 patent has always been
9  deliberate and willful.
10       10.    Ablaise has been damaged by the infringing acts of FFI.
11       11.    Ablaise will continue to be damaged unless and until FFI is restrained from its
12  infringing acts by this Court.

13  WHEREFORE, Ablaise prays for judgment as set forth below.

14
15  **COUNT TWO**
16  Ablaise brings this counterclaim for infringement of the '530 patent:
17       12.    Ablaise incorporates by reference and realleges paragraphs 1 through 11 above as
18  if fully set forth herein.
19       13.    Ablaise owns and has standing to sue for infringement of United States Patent No.
20  6,295,530 ("the '530 patent") (Ex. B.), entitled, "Internet Service of Differently Formatted
21  Viewable Data Signals Including Commands For Browser Execution."
22       14.    The '530 patent was duly and legally issued by the United States Patent and
23  Trademark Office on September 25, 2005.
24       15.    FFI has infringed, induced, or contributed to the infringement by others of one or
25  more claims of the '530 patent as defined in 35 U.S.C. § 271, in this judicial district and
26  throughout the United States by making, using selling, offering to sell, supplying, and causing to
27  be supplied web-based software for performing financial transactions and website development
28  services, such as those described in paragraphs 2 and 10 of plaintiff's Second Amended

1 Complaint, throughout the United States, including this judicial district. On information and
2 belief, FFI knew or should have known its actions would induce actual infringement of the '530
3 patent by others.

4     16.    FFI's infringement of the '530 patent will continue unless enjoined by this Court.

5     17.    On information and belief, FFI's infringement of the '530 patent has always been
6 deliberate and willful.

7     18.    Ablaise has been damaged by the infringing acts of FFI.

8     19.    Ablaise will continue to be damaged unless and until FFI is restrained from its
9 infringing acts by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Ablaise demands judgment against FFI, including FFI's affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

(a) Dismissal of Plaintiff's Second Amended Complaint and denial of all the relief sought in such Complaint;

(b) An order enjoining FFI from infringing, inducing others to infringe, and/or contributing to the infringement of the '737 and '530 patents or, in the alternative, entry of a compulsory license;

(c) An award to Ablaise of such damages as it shall prove at trial against FFI, after a full accounting of all damages that Ablaise has suffered as a result of FFI's unlawful conduct, said damages to be no less than a reasonable royalty;

(d) An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

(e) A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

(f) Such other relief as this Court and/or a jury may determine to be proper and just.

# DEMAND FOR JURY TRIAL

Ablaise and General Inventions Institute hereby demand a trial by jury of all issues in this action.

Dated: February 5, 2007    Respectfully Submitted,

/s/ Martin L. Fineman
Martin L. Fineman
DAVIS WRIGHT TREMAINE LLP
One Embarcadero Center, Suite 600
San Francisco, California 94111-3834
Phone: (415) 276-6500
Fax: (415) 276-6599
E-mail: martinfineman@dwt.com

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 239-3137
E-Mail: scavone@nshn.com
         mmcandrews@nshn.com

Attorneys for Defendants
ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.