# EXHIBIT O

1   MARTIN L. FINEMAN, California State Bar No. 104413
    DAVIS WRIGHT TREMAINE LLP
2   505 Montgomery St., Suite 800
    San Francisco, California 94111-6533
3   Phone: (415) 276-6500
    Fax:  (415) 276-6599
4   E-mail:  martinfineman@dwt.com

5   THOMAS G. SCAVONE, Member of the N.D. Cal. Bar
    MATTHEW G. MCANDREWS, Admitted Pro Hac Vice
6   NIRO, SCAVONE, HALLER & NIRO
7   181 West Madison Street, Suite 4600
    Chicago, Illinois 60602
8   Phone: (312) 236-0733
    Fax:    (312) 239-3137
9   E-Mail: scavone@nshn.com
            mmcandrews@nshn.com
10

11  Attorneys for Defendants
    ABLAISE LTD. and GENERAL
12  INVENTIONS INSTITUTE A, INC.

13

14                  UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                       OAKLAND DIVISION

17  YODLEE, INC.,                    | Case No.  C 06 7222 SBA

18              Plaintiff,           | **DEFENDANTS' ANSWER TO
                                     | PLAINTIFF'S COMPLAINT,**
19              v.                   | **COUNTERCLAIMS, AND JURY DEMAND**

20  ABLAISE LTD. and GENERAL         | **DEMAND FOR JURY TRIAL**
    INVENTORS INSTITUTE A, INC.
21
                Defendants.
22

23

24          Defendants, Ablaise Ltd. and General Inventions Institute A, Inc. (collectively

25  "Defendants"), answer the Complaint of Plaintiff, Yodlee, Inc. ("Plaintiff"), as follows:

26                    **INTRODUCTION AND BACKGROUND**

27          1.      Yodlee, Inc. ("Yodlee") hereby brings this action for declaratory judgment against

28  Ablaise Ltd. ("Ablaise") and General Inventors Institute A, Inc. ("GIIA"). Specifically, Yodlee

1   seeks, among other things, declaratory judgment of non-infringement, invalidity and

2   unenforceability of U.S. Patent No. 6,961,737 ("the '737 patent"), titled "Serving Signals," and

3   declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No.
    6,295,530 ("the '530 patent"), titled "Internet Service of Differently Formatted Viewable Signals
    Including Commands for Browser Execution."

4   **RESPONSE:**

5       Admitted.

6

7       2.      Yodlee is a software company that was founded by four software engineers who

8   invented a new technology that collects personal information from various sites throughout the
    Internet so that the information can be presented to an end user in one location. Although Yodlee

9   itself is hardly a household name, its patented software has been adopted by dozens of well-
    known financial institutions, such as Bank of America and Compass Bank. Yodlee has 20 United

10  States patents and more than 35 pending U.S. applications related to its data aggregation
    technology.

11  **RESPONSE:**

12      Defendants lack sufficient information with which to form a belief as to the truth of the

13  averments in paragraph 2 and therefore deny the same.

14

15      3.      Upon information and belief, Ablaise is a patent holding company that makes no

16  products and whose principal business is licensing and enforcing patents. GIIA and Ablaise claim
    to collectively own the '737 and '530 patents at issue in this suit. The '737 patent purports to be a

17  continuation of the '530 patent.

18  **RESPONSE:**

19      Defendants admit that they claim ownership of the '737 and '530 patents at issue in this

20  suit and that the '737 patent is a continuation of the '530 patent.   Denied as to the remaining

21  averments in paragraph 3.

22      4.      On or about July 26, 2006, counsel for Ablaise sent a letter to Bank of America

23  alleging that the "My Portfolio" facility of the Bank of America web site "practice[s] the method
    recited in claim 1 of the '737 patent." This letter included a purported "infringement analysis,"

24  which compared screenshots from Bank of America's website to Claim 1 of the '737 patent. This
    letter also referred Bank of America to an Ablaise licensing proposal.

25  **RESPONSE:**

26      Admitted.

27

28

SFO SFO 356431v1 0067939-000005                     - 2 -              DEFENDANTS' ANSWER TO COMPLAINT,
Yodlee v. Ablaise Case No. C06-7222 SBA                                COUNTERCLAIMS, AND JURY DEMAND

5.      On August 28, 2006, Ablaise and GIIA filed suit against Bank of America in the District of Delaware, alleging that Bank of America "infringed one or more claims of the '737 patent by making, using, and operating its bankofamerica.com and related websites throughout the United States," and seeking damages, preliminary and permanent injunctions. On October 10, 2006, Ablaise and GIIA filed a first amended complaint adding the '530 patent to that suit.

**RESPONSE:**

Admitted.

6.      Bank of America is a customer of Yodlee. Specifically, Bank of America and Yodlee are parties to an agreement entitled "Aggregation Services Agreement No. 23373-001" whereby Yodlee agreed to provide and Bank of America agreed to use certain Yodlee products to provide Bank of America's customers online information.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 6 and therefore deny the same.

7.      The "My Portfolio" facility of the Bank of America website identified by Ablaise in its July 26th letter to Bank of America was created by, developed by, provided by and supported by Yodlee under its agreements with Bank of America. Yodlee and Bank of America have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Bank of America for claims made against those portions of the Bank of America website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 7 and therefore deny the same.

8.      On or about April 10, 2006, counsel for Ablaise sent a letter to Compass Bank ("Compass"), alleging that its "compassweb.com website practices the inventions claimed in the '737 patent." This letter included a "representative infringement analysis for Claim 1 of the '737 patent," which compared screenshots from the compassweb.com website to elements in Claim 1 of the '737 patent. The letter also noted that "the compassweb.com website infringes a number of other '737 patent claims."

**RESPONSE:**

Admitted.

9.      Compass Bank is also a customer of Yodlee. As early as June 22, 2001, Compass and Yodlee signed a "Standard Co-Branded Service Agreement" whereby Yodlee agreed to

provide and Compass agreed to use Yodlee's products to provide Compass' customers online information on the compassweb.com website.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 9 and therefore deny the same.

10.     The portions of the Compass website identified by Ablaise in the presentation it sent along with its April 10th letter to Compass involved those portions of the Compass website created by, developed by, provided by and supported by Yodlee under its agreements with Compass. Compass and Yodlee have also entered into an indemnification agreement, whereby Yodlee has agreed to indemnify Compass for claims made against the portions of the compassweb.com website provided by Yodlee.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 10 and therefore deny the same.

11.     In addition to the Bank of America litigation, upon information and belief Ablaise and GIIA have also filed suits and/or have been involved in litigation against a number of other companies alleging infringement of the '737 and/or '530 patents, including: CDW Corporation; J&R Electronics; Lowe's Home Centers, Inc.; Investools, Inc.; Salesforce,com, Inc.; E*Trade Securities, LLC; Financial Fusion, Inc.; Lycos, Inc.; and Dow Jones & Company, Inc. Upon information and belief, the Salesforce.com, E*Trade Securities, and Financial Fusion litigations were all filed in the Northern District of California.

**RESPONSE:**

Admitted.

**THE PARTIES**

12.     Yodlee is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

**RESPONSE:**

Defendants lack sufficient information with which to form a belief as to the truth of the averments in paragraph 12 and therefore deny the same.

13.     Upon information and belief, Ablaise is a British corporation with its principal place of business at 40 Queen Anne Street, London, WIG9EL, United Kingdom.

**RESPONSE:**

Admitted.

14.     Upon information and belief, GIAA is a British Virgin Islands corporation with a principal place of business at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**RESPONSE:**

Admitted.

## JURISDICTION AND VENUE

15.     This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the causes of action stated herein pursuant to 35 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331, 1338(a) and 2201.

**RESPONSE:**

Admitted.

16.     Upon information and belief, Ablaise and GIIA are subject to personal jurisdiction in this forum because they have purposefully availed themselves of the privilege of doing business in California, including negotiating and granting licenses in California, and engaging in litigation in the Northern District of California.

**RESPONSE:**

Admitted.

17.     Alternatively, jurisdiction is proper in the Northern District of California under Fed. R. Civ. P. 4(k)(2). This cause of action arises under the patent laws of the United States. Defendants Ablaise and GIIA are not subject to the jurisdiction of the courts of general jurisdiction in any particular state. Additionally, Ablaise and GIIA have at least minimum contacts with the United States because, among other things, Defendants have obtained patent rights in the United States including the '737 and '530 patents, granted licenses to a number of major United States companies and presumably derive income from those licenses, entered into negotiations with United States companies to license the '737 and '530 patents, engaged in litigation against United States companies in various United States District Courts, including the Northern District of California, and used attorneys located in the United States to send notice letters to U.S. companies including Bank of America and Compass Bank.

- 5 -

**RESPONSE:**

    Admitted.

    18.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b) because Ablaise and GIIA are alien corporations, Yodlee is located in this judicial district, several acts that allegedly constitute infringement took place in this judicial district, and defendants have engaged in significant activity in this district, including negotiating and granting licenses and engaging in litigation in this district.

**RESPONSE:**

    Admitted.


### COUNT ONE:  NON-INFRINGEMENT OF THE '737 PATENT


    19.    Yodlee incorporates by reference and realleges paragraphs 1 through 18 above as if fully set forth herein.

**RESPONSE:**

    Defendants repeat and incorporate their responses to paragraphs 1-18 of Plaintiff's

Complaint.


    20.    The products and services provided by Yodlee and utilized by its customers do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '737 patent.

**RESPONSE:**

    Denied.


    21.    As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

    Admitted that there is a real, substantial, and continuing justiciable controversy between

the parties regarding Plaintiff's infringement of the '737 patent.  Denied as to the other averments

in paragraph 21.

22.     Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the 137 patent.

**RESPONSE:**

Denied.

## COUNT TWO:  INVALIDITY OF THE '737 PATENT

23.     Yodlee incorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-22 of Plaintiff's Complaint.

24.     The claims of the '737 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

25.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of the '737 patent.  Denied as to the other averments in paragraph 25.

26.     Yodlee is entitled to a judgment declaring that the '737 patent is invalid.

**RESPONSE:**

Denied.

## COUNT THREE:  UNENFORCEABILITY OF THE '737 PATENT

27.     Yodlee incorporates by reference and realleges paragraphs 1 through 26 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-26 of Plaintiff's

Complaint.

28.     Defendants are barred by the equitable doctrine of unclean hands from enforcing the '737 patent against Yodlee and its customers.

**RESPONSE:**

Paragraph 28 includes conclusions of law to which Defendants are not required to

respond.  To the extent a response is required, Defendants deny the allegations in paragraph 28.

29.     Defendants are also barred by the equitable doctrine of prosecution laches from enforcing the '737 patent against Yodlee and its customers. Specifically, the inventors and assignees of the '737 patent unreasonably and inexcusably delayed the prosecution of several claims of the '737 patent, including at least claim 1 of the '737 patent. Numerous claims, including claim 1 of the '737 patent, were presented to the USPTO years after the filing of the original application from which the '737 patent claims priority, including many claims presented as late as February 25, 2005, which is almost nine years after the May 15, 1996, filing of U.S. Patent Application No. 08/647,769. On information and belief, Defendants and/or named inventors submitted these claims after an unreasonable and inexcusable delay in an attempt to wrongly acquire for themselves the publicly-known developments of the Plaintiff and others – developments that were made without any knowledge or reliance on the alleged invention disclosed in U.S. Patent Application No. 08/647,769.

**RESPONSE:**

Paragraph 29 includes conclusions of law to which Defendants are not required to

respond.  To the extent a response is required, Defendants admit that the prosecution file history

of the '737 patent is a matter of public record. Plaintiffs characterizations of that record, in

paragraph 29, which are not contained in the '737 prosecution file history, are denied.

30.     As evidenced by the threatening letters to Yodlee' s customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding the enforceability of the '737 patent. Denied as to the other averments in paragraph 30.

31.     Yodlee is entitled to a judgment declaring that the `737 patent is unenforceable due to unclean hands and/or prosecution laches.

**RESPONSE:**

Denied.

### COUNT FOUR: NON-INFRINGEMENT OF THE '530 PATENT

32.     Yodlee incorporates by reference and realleges paragraphs 1 through 31 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-31 of Plaintiff's Complaint.

33.     The products and services provided by Yodlee do not infringe, directly, indirectly, contributorily, or otherwise, any claim of the '530 patent.

**RESPONSE:**

Denied.

34.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding Defendants' allegations of patent infringement.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between the parties regarding Plaintiff's infringement of the '530 patent. Denied as to the other averments in paragraph 34.

35.     Yodlee is entitled to a judgment declaring that Yodlee and its customers do not infringe any claim of the '530 patent.

**RESPONSE:**

Denied.

## COUNT FIVE:  INVALIDITY OF THE '530 PATENT

36.     Yodlee incorporates by reference and realleges paragraphs 1 through 35 above as if fully set forth herein.

**RESPONSE:**

Defendants repeat and incorporate their responses to paragraphs 1-35 of Plaintiff's

Complaint.

37.     The claims of the `530 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including, without limitation the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RESPONSE:**

Denied.

38.     As evidenced by the threatening letters to Yodlee's customers, including Bank of America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer Bank of America and against other defendants in this and other judicial districts, there is a real, substantial, and continuing justiciable controversy between the parties regarding the validity of Defendants' patents.

**RESPONSE:**

Admitted that there is a real, substantial, and continuing justiciable controversy between

the parties regarding validity of the '530 patent.  Denied as to the other averments in paragraph

34.

39.     Yodlee is entitled to a judgment declaring that the '530 patent is invalid.

**RESPONSE:**

Denied.

1

2 <u>**COUNT SIX:  UNENFORCEABILITY OF THE '530 PATENT**</u>

3

4     40.     Yodlee incorporates by reference and realleges paragraphs 1 through 39 above as
if fully set forth herein.

5 <u>**RESPONSE:**</u>

6     Defendants repeat and incorporate their responses to paragraphs 1-39 of Plaintiff's

7 Complaint.

8

9     41.     Defendants are barred by the equitable doctrines of unclean hands from enforcing
the '530 patent against Yodlee and its customers.

10 <u>**RESPONSE:**</u>

11     Paragraph 41 includes conclusions of law to which Defendants are not required to

12 respond.  To the extent a response is required, Defendants deny the allegations in paragraph 41.

13

14     42.     As evidenced by the threatening letters to Yodlee's customers, including Bank of
America and Compass Bank, and as evidenced by the lawsuits filed against Yodlee's customer
15 Bank of America and against other defendants in this and other judicial districts, there is a real,
substantial, and continuing justiciable controversy between the parties regarding the
16 enforceability of Defendants' patents.

17 <u>**RESPONSE:**</u>

18     Admitted that there is a real, substantial, and continuing justiciable controversy between

19 the parties regarding enforceability of the '530 patent.  Denied as to the other averments in

20 paragraph 34.

21

22     43.     Yodlee is entitled to a judgment declaring that the `530 patent is unenforceable due
to unclean hands.

23 <u>**RESPONSE:**</u>

24     Denied.

25

26

27

28

1

## COUNTERCLAIMS

2

## COUNT ONE

3
Defendants-counter-complainants, Ablaise Ltd. and General Inventions Institute A, Inc.

4
(collectively "Ablaise"), bring this counterclaim for infringement of the '737 patent:

5
1.     This is a claim for patent infringement and arises under the patent laws of the

6
United States, Title 35 of the United States Code.  This Court has original jurisdiction over the

7
subject matter of the Complaint under 28 U.S.C. § 1338(a).

8
2.     Ablaise is a British corporation.

9
3.     GIIA is a British Virgin Islands Corporation.

10
4.     On information and belief, Plaintiff-counter-defendant Yodlee, Inc. ("Yodlee") is a

11
corporation organized and existing under the laws of the State of Delaware having its principal

12
place of business at 3600 Bridge Parkway, Suite 200, Redwood City, California 94065-1170.

13
5.     Ablaise owns and has standing to sue for infringement of United States Patent No.

14
6,961,737 ("the '737 patent") (Ex. A.), entitled, "Serving Signals."

15
6.     The '737 patent was duly and legally issued by the United States Patent and

16
Trademark Office on November 1, 2005.

17
7.     Yodlee has infringed, induced, or contributed to the infringement by others of one

18
or more claims of the '737 patent as defined in 35 U.S.C. § 271, in this judicial district and

19
throughout the United States by making, using selling, offering to sell, supplying, and causing to

20
be supplied web-based software for performing financial transactions and website development

21
services, such as those described in paragraphs 2 and 7 of plaintiff's Complaint. On information

22
and belief, FFI knew or should have known its actions would induce actual infringement of the

23
'737 patent by others.

24
8.     Yodlee's infringement of the '737 patent will continue unless enjoined by this

25
Court.

26
9.     On information and belief, Yodlee's infringement of the '737 patent has always

27
been deliberate and willful.

28
10.     Ablaise has been damaged by the infringing acts of Yodlee.

1    11.    Ablaise will continue to be damaged unless and until Yodlee is restrained from its

2  infringing acts by this Court.

3    WHEREFORE, Ablaise prays for judgment as set forth below.

4

5    **COUNT TWO**

6    Ablaise brings this counterclaim for infringement of the '530 patent:

7    12.    Ablaise incorporates by reference and realleges paragraphs 1 through 10 above as

8  if fully set forth herein.

9    13.    Ablaise owns and has standing to sue for infringement of United States Patent No.

10  6,295,530 ("the '530 patent") (Ex. B.), entitled, "Internet Service of Differently Formatted

11  Viewable Data Signals Including Commands For Browser Execution."

12    14.    The '530 patent was duly and legally issued by the United States Patent and

13  Trademark Office on September 25, 2005.

14    15.    Yodlee has infringed, induced, or contributed to the infringement of one or more

15  claims of the '530 patent as defined in 35 U.S.C. § 271, in this judicial district and throughout the

16  United States by making, using selling, offering to sell, supplying, and causing to be supplied

17  web-based software for performing financial transactions and website development services, such

18  as those described in paragraphs 2 and 7 of plaintiff's Complaint, throughout the United States,

19  including this judicial district. On information and belief, FFI knew or should have known its

20  actions would induce actual infringement of the '530 patent by others.

21    16.    Yodlee's infringement of the '530 patent will continue unless enjoined by this

22  Court.

23    17.    On information and belief, Yodlee's infringement of the '530 patent has always

24  been deliberate and willful.

25    18.    Ablaise has been damaged by the infringing acts of Yodlee.

26    19.    Ablaise will continue to be damaged unless and until Yodlee is restrained from its

27  infringing acts by this Court.

28

**PRAYER FOR RELIEF**

WHEREFORE, Ablaise demands judgment against Yodlee, including Yodlee's affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

(a)     Dismissal of Plaintiff's Complaint and denial of all the relief sought in such Complaint;

(b)     An order enjoining Yodlee from infringing, inducing others to infringe, and/or contributing to the infringement of the '737 and '530 patents or, in the alternative, entry of a compulsory license;

(c)     An award to Ablaise of such damages as it shall prove at trial against Yodlee, after a full accounting of all damages that Ablaise has suffered as a result of Yodlees' unlawful conduct, said damages to be no less than a reasonable royalty;

(d)     An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;

(e)     A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of this action and reasonable attorneys' fees; and

(f)     Such other relief as this Court and/or a jury may determine to be proper and just.

**DEMAND FOR JURY TRIAL**

Ablaise and General Inventions Institute hereby demand a trial by jury of all issues in this action.

///
///
///
///
///
///
///

1    Dated:  February 5, 2007                    Respectfully Submitted,

2
                                                 /s/ Martin L. Fineman
3                                                Martin L. Fineman
                                                 DAVIS WRIGHT TREMAINE LLP
4                                                One Embarcadero Center, Suite 600
                                                 San Francisco, California 94111-3834
5                                                Phone: (415) 276-6500
                                                 Fax:  (415) 276-6599
6                                                Email:  martinfineman@dwt.com

7                                                Thomas G. Scavone
                                                 Matthew G. McAndrews
8                                                NIRO, SCAVONE, HALLER & NIRO
                                                 181 West Madison Street, Suite 4600
9                                                Chicago, Illinois 60602
                                                 Phone:  (312) 236-0733
10                                               Fax:  (312) 239-3137

11                                               Attorneys for Defendants
                                                 ABLAISE LTD. and GENERAL INVENTIONS
12                                               INSTITUTE A, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28