# EXHIBIT T

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABLAISE LTD. and GENERAL            )
INVENTIONS INSTITUTE A, INC.,       )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   C.A. No. 06-530-SLR
                                    )
BANK OF AMERICA CORPORATION,        )
                                    )
            Defendant.              )

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT BANK OF AMERICA CORPORATION'S MOTION TO STAY

MORRIS, NICHOLS ARSHT, & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER &NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733

January 25, 2007

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS ....................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ............................................................................................................................. 3

I.  THE COURT SHOULD DENY BANK OF AMERICA'S MOTION TO STAY, BECAUSE THE UNDUE PREJUDICE TO ABLAISE OUTWEIGHS ANY COMPETING INTERESTS ........................................................................................ 3

    A.   Granting a stay would be reversible error because the California actions cannot resolve all of the issues in the instant action—indefinitely stalling the resolution of claims against Bank of America ........................................................................... 4

        1.   Bank of America's website contains separate features that potentially infringe, which are unrelated to any software supplied by Financial Fusion or Yodlee ................................................................................................. 5

        2.   The substantive difference between claims of contributory infringement and inducement against Yodlee and Financial Fusion means the California suits will not resolve the issues in this case ................................ 5

        3.   The assertion of method claims means the California suits cannot resolve the instant case ............................................................................................ 7

    B.   The fact that Bank of America is not a party to the California cases prejudices Ablaise ........................................................................................................................ 8

    C.   Even if the Court believes that all of the issues should be resolved together, the only reasonable remedy is a transfer, not a stay ................................................... 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**Cases**

A.P.T., Inc. v. Quad Envn'l Techs. Corp, Inc.,
   698 F. Supp. 718 (N.D. Ill. 1988)......................................................................................4, 8

Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.,
   133 F. Supp. 2d 354 (D. Del. 2001) ........................................................................................6

American Academy of Science v. Bank of America,
   24 U.S.P.Q.2d 386 (N.D. Cal. 1992)......................................................................................6

Cognex Corp. v. Nat'l Instruments Corp.,
   2001 U.S. Dist. LEXIS 25555 (D. Del. June 29, 2001) ..........................................................4

Dentsply Int'l, Inc. v. Kerr Mfg. Co.,
   734 F. Supp. 656 (D. Del. 1990) ...........................................................................................10

Kahn v. General Motors Corp.,
   889 F.2d 1078 (Fed. Cir. 1989) ......................................................................................4, 5, 8

Landis v. North American Co.,
   299 U.S. 248 (1936) .............................................................................................................3, 8

Mitsubishi Elec. Corp. v. IMS Tech.,
   1996 U.S. Dist. LEXIS 12239 (N.D. Ill. Aug. 21, 1996) .......................................................7

Mitutoyo Corp. v. Central Purchasing, Inc.,
   2003 U.S. Dist. LEXIS 7931 (E.D. Ill. May 8, 2003) .........................................................4, 8

Zemel Bros. v. Dewey Electronics Corp.,
   218 U.S.P.Q. 722 (N.D.N.Y. 1982)........................................................................................8

## INTRODUCTION

Bank of America's website contains features unrelated to Financial Fusion and Yodlee's software that may *also* infringe the two patents in suit. It is extraordinarily prejudicial for Ablaise to be forced to wait for suppliers of two Bank of America features to defend their cases while a completely unrelated infringing feature escapes litigation.

Moreover, the Federal Circuit has stated that it is reversible error to stay a patentee from litigating a suit against a direct infringer in preference of a suit concerning a manufacturer or supplier that is a contributory infringer. This is good policy because contributory infringers and/or inducers, such as Financial Fusion and Yodlee, have different defenses against the patentee's claims. Consequently, the cases in the Northern District of California against contributory infringers will not resolve several issues relevant to Bank of America's defenses. Based on Federal Circuit law and the oppressive delay resulting from a stay, this Court should deny Bank of America's motion to stay the instant litigation pending the outcome of the contributory infringement litigation.

## NATURE AND STAGE OF PROCEEDINGS

On April 6, 2006, Financial Fusion sued Ablaise in the Northern District of California for a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,961,737 ("'737 patent") related to Financial Fusion's contribution to the militarybankonline feature of Bank of America's website. At that time, Ablaise had only discussed licensing with Bank of America, not Financial Fusion. [Marsden Decl.,[1] Ex. A.]

Four months later, Ablaise instituted the instant action against Bank of America, alleging that Bank of America, through the bankofamerica.com website, infringed the '737 patent.

---

[1] "Marsden Decl." refers to the Declaration of William J. Marsden, Jr. in Support of Defendant Bank of America Corporation's Motion to Stay. [D.I. 12]

1

[D.I. 1] On October 10, 2006, Ablaise amended its complaint to include an allegation of infringement of one or more claims of U.S. Patent No. 6,295,530 ("'530 patent"). [D.I. 6] This action included all Bank of America infringements, not just militarybankonline. Id.

Nearly three months after Ablaise filed its complaint in Delaware, Yodlee filed a complaint for declaratory judgment of noninfringement and invalidity of the '737 and '530 patents in the Northern District of California. [Marsden Decl., Ex. C] This suit, like the Financial Fusion Action, relates to Yodlee's contribution to or inducement of Bank of America's direct infringement.

## SUMMARY OF ARGUMENT

The Court should deny Bank of America's motion to stay, because the California suits deal with only a portion of the software features on Bank of America's website that potentially infringe. With respect to those features that the California actions do concern, the California suits only address them from the perspective of defending against claims of contributory infringement and inducement. Federal Circuit precedent indicates that it is an abuse of discretion to stay a direct infringement action in favor of a contributory infringement action related to the direct infringer's manufacturers or suppliers. This rule, outlined by several courts, prevents staying a direct infringement case, because a related case of contributory infringement and inducement will involve different defenses.

Thus, proceeding with the California cases in lieu of Ablaise's action against Bank of America fails to fully resolve Ablaise's claims. First, Bank of America's website may contain more features that infringe other than those features related to Ablaise's contributory infringement and inducement claims against Financial Fusion and Yodlee. Second, the litigation in California involves damages based on theories of inducement and contributory infringement,

2

so some claim limitations may only be relevant to elements practiced by Bank of America. Third, this allegation of infringement involves method claims, which the courts have held present the possibility that one party may be held liable for the use of the product while the other is not liable for the development of the product. A stay will only accomplish the feat of prejudicing Ablaise by delaying Ablaise's right to pursue its claims against Bank of America while allowing Bank of America to stand idle while the California suit issues are litigated for years.

Ultimately, if the goal is truly to conserve judicial resources, then it is more appropriate to deny the stay and give the parties an opportunity to approach the Court with an appropriate proposal to consolidate the cases in one forum or another.

## STATEMENT OF FACTS

Ablaise's suit against Bank of America is based on the allegation that Bank of America's website directly infringes two of Ablaise's patents. Financial Fusion and Yodlee's declaratory judgment actions in the Northern District of California are related, instead, to their respective acts of contributory infringement and inducement related to two distinct and independent features of Bank of America's websites: "militarybankonline" and "My Portfolio." Now, Bank of America seeks to stay the instant suit for direct infringement in deference to the contributory infringement cases in California.

## ARGUMENT

I. **THE COURT SHOULD DENY BANK OF AMERICA'S MOTION TO STAY, BECAUSE THE UNDUE PREJUDICE TO ABLAISE OUTWEIGHS ANY COMPETING INTERESTS.**

While the Court has the power to stay a case based on its inherent power to control its docket, the decision to stay "must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 255 (1936). One critical factor in evaluating a stay is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-

3

movant." Cognex Corp. v. Nat'l Instruments Corp., 2001 U.S. Dist. LEXIS 25555, at *4 (D. Del. June 29, 2001).

    A.    **Granting a stay would be reversible error because the California actions cannot resolve all of the issues in the instant action—indefinitely stalling the resolution of claims against Bank of America.**

The Federal Circuit has recognized that "[i]t is the duty of courts to avoid unnecessary delay in resolving the rights of litigants." Kahn v. General Motors Corp., 889 F.2d 1078, 1080 (Fed. Cir. 1989). Bank of America takes the incorrect position that judicial economy can be achieved without delaying Ablaise's rights to litigate against Bank of America, because all issues would be resolved by the California declaratory judgment actions involving the "manufacturers." This argument relies on the customer-suit exception rationale that "[s]ince a decision on the merits of the action between the manufacturer and the patentee will adjudicate completely the patent infringement question, courts give priority to the manufacturer's suit because all the necessary and real parties are before the court." A.P.T., Inc. v. Quad Envn'l Techs. Corp, Inc., 698 F. Supp. 718, 721 (N.D. Ill. 1988). However, that rationale is inapplicable here.

Courts have generally held that "where a patentee has a separate interest in litigating against the customer, the 'real party in interest' rationale for giving priority to the manufacturer's lawsuit is inapplicable." Id. at 721. A patentee has a separate interest in litigating against the customer when (1) "the customer is charged with infringements beyond those involving the manufacturer's product;" (2) "the customer is charged with direct infringement while the manufacturer is only charged with contributory infringement or inducement;" or (3) "the infringement involves method or process patents where the potential exists that the manufacturer's product can be found to be non-infringing but the customer's use of the product is deemed to be infringing." Mitutoyo Corp. v. Central Purchasing, Inc., 2003 U.S. Dist. LEXIS

4

7931, at *10-11 (E.D. Ill. May 8, 2003). All three separate interests are present in the instant case and prevent application of the customer-suit exception.

### 1. Bank of America's website contains separate features that potentially infringe, which are unrelated to any software supplied by Financial Fusion or Yodlee

Ablaise has an entirely separate interest in litigating against Bank of America because Bank of America's website includes features that were not supplied by Financial Fusion or Yodlee that potentially infringe the '530 and '737 patents. For instance, Bank of America's "Bill Pay" feature includes an option that allows a user to select the format of the content they are requesting by "Select[ing] a Page Layout." [Schladweiler Decl., Ex. A.] It is possible, depending on claim construction, that this functionality infringes the '530 and '737 patent. On information and belief, this feature was not developed or supplied by either Financial Fusion or Yodlee. Of course, Ablaise needs to pursue discovery against Bank of America itself before it can identify the true supplier for this and other features of the Bank of America website. Staying the instant case would forestall Ablaise's ability to investigate these separate potential infringements and risks the loss of valuable evidence during the lengthy wait.

### 2. The substantive difference between claims of contributory infringement and inducement against Yodlee and Financial Fusion means the California suits will not resolve the issues in this case.

Financial Fusion and Yodlee are contributory infringers and/or they induced infringement.[2] The Federal Circuit has held that it is reversible error to apply the customer-suit exception in a case in which the outcome of the declaratory judgment action would only resolve the issue of contributory infringement without resolving the issue of direct infringement action against the "customer." Kahn, 889 F.2d at 1082.

---

[2] Ablaise reserves the right to prove that Yodlee and Financial Fusion are direct infringers if discovery indicates that they, in fact, are directly infringing the patents in some form.

5

Bank of America is well aware that a manufacturer accused of contributory infringement cannot fully defend a customer accused of direct infringement. In <u>American Academy of Science v. Bank of America</u>, Novell attempted to apply the customer-suit exception in order to stay litigation against its then-indemnified customer, Bank of America, based on the argument that Novell created distributed databases and Bank of America merely used those databases. 24 U.S.P.Q.2d 1386, 1387 (N.D. Cal. 1992). The court, in that case, denied the stay because Novell was accused of contributory infringement and Bank of America was accused of direct infringement. <u>Id.</u> at 1387-88. In fact, this Court has previously held that the customer-suit exception cannot be used to stay a direct infringement action pending the outcome of a contributory infringement action, even when the patentee reserves the right to later accuse the alleged manufacturer of direct infringement. <u>Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.</u>, 133 F. Supp. 2d 354, 357 (D. Del. 2001) (Robinson, J.).

It is possible that Bank of America will assert that Yodlee and Financial Fusion practice all of the elements of the accused website, but such a bald assertion appears to be factually incorrect. First, given the breadth of customer content and tools available through the Bank of America website, it appears unlikely that Financial Fusion and Yodlee are running all aspects of the accused technology. Second, even the parties' own statements seem to show that Bank of America played a significant part in the development and integration of the features provided by Financial Fusion and Yodlee. For instance, Financial Fusion stated in its Second Amended Complaint that "[t]he websites implicated by Ablaise in its notice letters were developed at least *in part* by [Financial Fusion]." [Schladweiler Decl., Ex. B at ¶ 10] (emphasis added). Likewise, Yodlee's Press releases indicate that Yodlee is "integrating [its] technology with the personalization platform developed by Broadvision and the sophisticated planning tools and

6

content already available at bankofamerica.com." [Schladweiler Decl., Ex. C, at 2.] This press release alone raises the question of whether Bank of America is the party actually practicing the element of Claim 1 of the '530 patent that requires "Storing content data," given that Yodlee's technology is "integrat[ed]" with "content already available at bankofamerica.com."

The patents also include system claims requiring hardware, not just the software provided by Financial Fusion or Yodlee. For instance, claim 4 of the '737 patent deals with a "serving device" that requires "data storage means" and "processing means." It seems likely that Bank of America is actually the direct infringer of these claims as well, because the software provided by Yodlee and Financial Fusion is executed on Bank of America's servers.

Ultimately, questions regarding who actually practiced which elements of the alleged invention are open for debate. Consequently, it is entirely premature to stay the instant litigation before Ablaise has a chance to engage in discovery to determine for itself whether Bank of America is the actual party practicing certain elements of the invention.

### 3. The assertion of method claims means the California suits cannot resolve the instant case.

Bank of America's infringement involves method patents, which carry the *potential* of finding infringement against Bank of America's use while not finding infringement against Financial Fusion or Yodlee product as a so-called manufacturer. See, e.g., U.S. Patent No. 6,295,530 claim 1. For instance, it is possible under claim 1 of the '530 patent that discovery yields the conclusion that it is Bank of America who is in fact "identifying requests from browsing devices" and "storing content data" as opposed to the manufacturers. Several courts have recognized the unique interest a patentee has in pursuing method claims against customers. See, e.g., Mitsubishi Elec. Corp. v. IMS Tech., 1996 U.S. Dist. LEXIS 12239, at *9 (N.D. Ill. Aug. 21, 1996) (holding that the patentee has an interest in litigating method claims because "[i]t

7

is conceivable that [manufacturer's] System could be non-infringing; however, its use by the other Defendants could infringe on the method claim"); A.P.T., 698 F. Supp. at 721 (finding that the process "nature of its patent claim" gave defendant a unique interest in litigating against the customer); Zemel Bros. v. Dewey Electronics Corp., 218 U.S.P.Q. 722 (N.D.N.Y. 1982) (finding that the asserted method claims give the patentee a unique interest in litigating against the customer).

Therefore, Ablaise has shown that it meets all three of the reasons that the customer-suit exception should not be applied as outlined in the Mitutoyo case. Mitutoyo, 2003 U.S. Dist. LEXIS at *10-11. Consequently, a stay will only create the burden of delaying resolution of this claim without conserving judicial resources, because the separate litigation interests will require the case to be retried in Delaware. As the Federal Circuit has made clear "[t]he party requesting a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" Kahn, 889 F.2d at 1083 (quoting Landis, 299 U.S. at 255). Bank of America has failed to meet its burden.

### B. The fact that Bank of America is not a party to the California cases prejudices Ablaise.

There are certain advantages to maintaining Bank of America as a party to a lawsuit that Ablaise will lose if the case is stayed. First, Ablaise cannot be certain that Bank of America will settle any damage awards or injunctions ordered by the California courts. Bank of America has not agreed to be bound by the Northern District of California's judgments, nor has it guaranteed Ablaise that it will pay for any damages that are not covered by Yodlee or Financial Fusion. See Kahn, 889 F.2d at 1083 (holding that an action against a manufacturer in another jurisdiction would not be an "adequate and complete vehicle for the complete and prompt resolution of the

8

issues" because, in part, the customer was not a party and could not be held liable for damages or an injunction). Second, Ablaise will have a more difficult time conducting discovery if it is forced to issue third-party subpoenas against Bank of America.

### C. Even if the Court believes that all of the issues should be resolved together, the only reasonable remedy is a transfer, not a stay.

Finally, a stay, without transferring the case, unnecessarily burdens Ablaise. It is interesting that Bank of America has not asked the Court for a transfer, but instead asked solely to stay the proceedings pending the outcome of the California suits. A stay, without a transfer, would put Ablaise in the position of losing several tools it could use to resolve its legal claims, as identified above. If the Court finds that the concern of duplicating judicial resources is too great to deny a stay, despite the separate interests Ablaise has in litigating against Bank of America, then a transfer would be much better suited at achieving that goal without stalling Ablaise's right to pursue its claims against Bank of America.

If Bank of America's stay motion is denied, Ablaise intends to investigate the best way to handle these litigations and to discuss the matter with all parties involved. Ablaise believes this forum is appropriate to address all of Bank of America's infringing activities, but now that both Financial Fusion and Yodlee are also involved, it is possible that the cases should be consolidated in one forum or another. Ablaise will approach the Court soon with an appropriate proposal.

## CONCLUSION

Federal Circuit case law indicates that a suit against Bank of America, as a direct infringer, should not be stayed pending the outcome of a suit against Financial Fusion and Yodlee as contributory infringers. Relying on the Northern District of California cases to simplify the issues in the instant case is inappropriate, because those cases will not resolve the major underlying issues involving Bank of America's direct infringement. Delaware has recognized that a movant "must make a showing of a clear case of hardship or inequity before the Court can enter a stay order" if "there is even a fair possibility that a stay would work damage on another party." Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990) (quotations omitted). Bank of America has failed to show a clear case of hardship. On the contrary, a stay will exact substantial prejudice on Ablaise as outlined above. Consequently, the Court should deny Bank of America's motion to stay.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Thomas G. Scavone
Matthew G. McAndrews
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733

January 25, 2007
703982

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: William J. Marsden, Jr.

I also certify that on January 25, 2007, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY HAND & E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON, P.C.
919 Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

### BY E-MAIL

David M. Barkan
Jonathan L. Lamberson
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Nagendra (Nick) Setty
Douglas L. Bridges
Christopher O. Green
FISH & RICHARDSON P.C.
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309

/s/ *Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

703982