# EXHIBIT U

1 [COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC., | CASE NO. C06-02451 SBA |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT[1]; [PROPOSED] ORDER** |
| v. | |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | |
| Defendants. | |
| YODLEE, INC., | **RELATED CASE** |
| Plaintiff, | CASE NO. C06-07222 SBA |
| v. | |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | |
| Defendants. | |
| ABLAISE LTD., and GENERAL INVENTIONS INSTITUTE A, INC. | **RELATED CASE** |
| Plaintiffs, | CASE NO. C07-01995 SBA |
| v. | |
| BANK OF AMERICA CORPORATION, | |
| Defendant. | |

---

[1] While these three cases are related, but not consolidated, the parties are proposing one joint schedule and therefore are submitting one joint case management conference statement, which will be filed in all three cases.

**JOINT CMC STATEMENT**
**Case Nos. C 06-02451, C06-07222, C07-01995-SBA**

Financial Fusion, Inc., Yodlee, Inc., and Bank of America Corporation (collectively, "Accused Parties") and Ablaise Ltd. and General Inventions Institute A, Inc. (collectively, "Ablaise") hereby respectfully submit the following Joint Case Management Conference Statement.

**1.      Jurisdiction and Service**

This is an action arising under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over the claims and defenses of this action pursuant to 35 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331, 1338(a), and 2201.  The parties do not believe that there exist any jurisdiction or venue issues at this time.  No parties remain to be served.

**2.      A Brief Description of the Events Underlying the Action:**

      **A.      Joint Procedural History of the Cases**

On February 6, 2006, Ablaise sent a letter to Bank of America accusing the "military bank" feature of Bank of America's website of infringing U.S. Patent No. 6,961,737 ("the '737 Patent").  On April 6, 2006, Financial Fusion initiated this action for a declaratory judgment of non-infringement of the '737 patent owned by Ablaise ("Financial Fusion DJ Action").  On June 14, 2006, Financial Fusion filed an Amended Complaint seeking declaratory judgments of non-infringement and invalidity of the '737 patent.  This Financial Fusion DJ Action was originally assigned to Magistrate Judge Patricia V. Trumbull.

On August 28, 2006, Ablaise sued Bank of America in the District of Delaware alleging infringement of the '737 patent by the Bank of America website, *Ablaise Ltd. et al v. Bank of America Corporation*, C07-01995 ("Delaware Action").  Some of the features accused of infringing the '737 patent were developed by Yodlee, Inc. ("Yodlee").  On October 10, 2006, Ablaise amended its complaint in the Delaware Action to add claims for infringing U.S. Patent No. 6,295,530 ("the '530 patent").  On November 2, 2006, Financial Fusion filed for leave to add the '530 patent to the Financial Fusion DJ Action.  The Court granted Financial Fusion leave to add the '530 patent on December 18, 2006.

On November 21, 2006, Yodlee filed a declaratory judgment action in the Northern District of California, seeking judgment that its products do not infringe either the '530 or the '737

1  patent, namely, *Yodlee, Inc. v. Ablaise, Ltd.*, C06-07222 SBA ("Yodlee DJ Action"). The Yodlee
2  DJ Action was initially assigned to Judge Whyte.
3         On December 5, 2006, Financial Fusion filed an Administrative Motion to Relate Cases,
4  requesting that the Financial Fusion DJ Action be related to the Yodlee DJ Action. On December
5  18, 2006, Magistrate Judge Trumbull granted Financial Fusion's Motion to Relate Cases and the
6  Yodlee DJ Action was assigned to Magistrate Judge Trumbull.
7         On December 22, 2006, Bank of America filed a motion to stay the Delaware Action,
8  based on the grounds that the Financial Fusion DJ Action and the Yodlee DJ Action here will
9  resolve Ablaise's infringement claims against Bank of America. Ablaise opposed this motion.
10        On January 19, 2007, Ablaise filed a Declination to Proceed Before a Magistrate Judge,
11 and on January 22, 2007, both the Financial Fusion DJ Action and Yodlee DJ Action were then
12 assigned to Judge Armstrong.
13        On March 1, 2007, Chief Judge Robinson denied Bank of America's Motion to Stay, and
14 instead, transferred the Delaware Action to this District. After the transfer, the Bank of America
15 litigation was assigned to Judge Patel, who filed a notice of recusal. The Delaware Action was
16 then reassigned to Judge Alsup. On April 24, 2007, Financial Fusion filed an administrative
17 motion to relate the transferred Delaware Action with the Financial Fusion DJ Action and the
18 Yodlee DJ Action. This Court granted the Motion on May 7, 2007..
19        Two other cases involving the same patents have been ongoing before the United States
20 District Court of the District of Columbia, namely, *Dow Jones & Co. v. Ablaise Ltd.*, Civil Action
21 No. 1:06 CV 01014, and *Dow Jones Reuters Business Interactive, LLC v. Ablaise Ltd.*, Civil
22 Action No. 1:06 CV 01015 (collectively, "the *Dow Jones* cases"). The *Dow Jones* cases involve
23 claims for declaratory judgment and of infringement of the same patents at issue in the present
24 cases, namely, the '530 and '737 patents.
25        The court in the *Dow Jones* cases held a Markman hearing on June 6, 2007, and issued a
26 Markman Order, on July 11, 2007. While this decision is not binding on this Court, the parties
27 jointly agreed to stipulate to stay their respective proceedings until that decision was rendered in
28

1  recognition of the fact that the decision might affect the proceedings in the matters before this
2  Court.

### B. Ablaise's Statement

There is an ongoing dispute among the parties related to the scope of these actions. Ablaise contends these actions should be limited to the infringing acts of Bank of America and the accompanying infringement of Financial Fusion and Yodlee as it is related to Bank of America. The Accused Parties believe all infringing acts of all parties should be the focus of this action. Ablaise believes that if this action is not limited to the infringing actions of Bank of America, it must be able to amend its pleadings and include each infringing customer of Financial Fusion and Yodlee as Defendants in this lawsuit. This may require some discovery to determine what customers and websites are involved, and any deadline for infringement contentions may have to be extended, at least for the additional parties.

### C. Statement of the Accused Parties

The Patent Local Rules in this district specifically provide that a patent holder claiming infringement must first affirmatively state each claim of each patent that is allegedly infringed by each opposing party and identify each accused product "as specific as possible" before the accused parties are required to serve invalidity contentions. This rule applies not just to plaintiffs but also declaratory judgment defendants who file counter-claims alleging infringement – as Ablaise has done in both the Financial Fusion and Yodlee cases. This rule makes good sense for any number of reasons. First, as patent holder, Ablaise should have had a full understanding of the scope of its claims, and its good faith basis for alleging infringement, before it sent notice letters to Bank of America and others in early 2006. Indeed, it is only fair that the patent holder disclose to the alleged infringers first which claims it is asserting and what these claims cover. In this district, infringement contentions are routinely provided before discovery from the accused infringer is taken, regardless of whether the patent holder is postured procedurally as the plaintiff or as a counter-claiming declaratory relief defendant.

3. **Principal Factual Issues Disputed by the Parties**

- Whether any of the Accused Parties has infringed claims of the '530 or '737 patents;
- Whether claims of the '530 and/or the '737 patents are invalid under 35 U.S.C. §§ 101, 102, 103, or 112;
- Whether the '530 and/or the '737 patents are unenforceable;
- Appropriate damages amount for any infringement

4. **Principal Legal Issues Disputed by the Parties**

- Claim construction of terms for the '530 and the '737 patents;
- Whether claims of the '530 and/or the '737 patents are invalid under 35 U.S.C. §§ 101, 102, 103, or 112;
- Whether the '530 and/or the '737 patents are unenforceable;
- Whether and what relief should be granted;
- Whether the Court should enhance damages under 35 U.S.C. § 284; and
- Whether the Court should declare the case exceptional under 35 U.S.C. § 285 and award attorneys fees to the prevailing parties.

5. **Motions**

Prior motions:

- July 26, 2006: Ablaise filed a motion to dismiss for lack of a case or controversy. Magistrate Judge Trumbull denied the motion on September 28, 2006;
- November 2, 2006: Financial Fusion filed a Motion for Leave to File a Second Amended Complaint, which Ablaise opposed. Magistrate Judge Trumbull granted the motion on December 18, 2006.
- December 5, 2006: Financial Fusion filed an Administrative Motion to relate the Financial Fusion litigation with the Yodlee litigation. Magistrate Judge Trumbull granted this motion December 18, 2006.
- December 22, 2006: Bank of America filed a motion to stay the Delaware Action,

ultimately resulting Judge Robinson transferring the Delaware Action to this Court.

- April 24, 2007, Financial Fusion filed an administrative motion to relate the Bank of America case with the Financial Fusion and Yodlee litigations. That motion was granted.

There are no pending motions before the Court at this time.

**6.     Amendment of Pleadings**

The parties may amend their claims and defenses as discovery progresses, but do not plan to add or dismiss claims at this time.

**7.     Evidence Preservations**

The parties' proposal for document preservation is described in Section 8, below.

**8.     Disclosure**

The parties will exchange by September 12, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

**9.     Discovery**

**A.     Discovery Schedule**

Proposed dates for the completion of fact and expert discovery are provided in Section 17, below.

**B.     Discovery Limits**

The parties agree to the following limits on discovery:

- Maximum of 30 interrogatories, including contention interrogatories, for each party.
- Maximum of 50 requests for admission by each party, excluding those directed solely to authenticating exhibits for trial.

- Maximum of 50 requests for production by each party.
- The parties have differing preferences as to maximum total deposition hours. Ablaise believes it should be entitled to 60 deposition hours per Accused Party. The Accused Parties, however, believe each party should receive a maximum of a total of 60 deposition hours. Both parties agree that these deposition hours should include 30(b)(6) deposition hours but exclude expert depositions. The parties also agree that an additional 50 deposition hours should be allocated per party for third-party depositions. Depositions shall not commence until after the Court issues its claim construction order, except for the depositions of any inventors or experts who will be offering opinions in connection with claim construction.
- Discovery shall be limited to issues relating to claim construction until after the Markman hearing.
- With reference to expert reports and discovery, the parties agree that final expert reports and materials identified by the experts as relied upon by the experts in their reports are discoverable. (If an expert indicates in deposition that he relied upon a document or source not otherwise specified in the final report, that information is discoverable. This will facilitate full disclosure from the experts.) Attorney communications to and from an expert, draft reports and notes of experts relating to communication to or from attorneys are specifically not discoverable and do not need to be logged in a privilege log.

### C. Electronic Discovery and Document Preservation

In order to avoid discovery disputes, the parties make the following proposals concerning electronic discovery:

Preservation: Each party shall send a Document Retention Notice to employees it believes are likely to possess relevant, responsive electronic documents. This Document Retention Notice shall request that the identified employee refrain from deleting or destroying electronic documents for the pendency of the litigation. No claim for sanctions shall lie in the inadvertent deletion of

1  electronic documents.  No party shall suspend the recycling or deletion of backup tapes or backup
2  copies of electronic documents unless and until such suspension is explicitly requested by a
3  Requesting Party.  If such a request for suspension of backups is made, the Requesting Party shall
4  specifically identify the electronic documents that should be maintained, as well as the duration
5  for such maintenance.  The Requesting Party must pay the costs associated with maintaining said
6  backups, although the Requesting Party can choose to rescind or modify its request for the
7  suspension of recycling or deletion at any time.

<u>Discovery and Form of Production:</u> The parties agree to exchange electronic discovery as single page TIFF images with a corresponding load file.  The parties do not believe it is necessary to exchange search terms or to run electronic searches for responsive documents, but instead shall ask employees to identify electronic documents responsive to the discovery requests served in this litigation.

<u>Assertion of Privilege After Production:</u> The inadvertent production of any privileged material shall not be deemed a waiver of any claim of privilege of the information. Upon receiving oral or written notice from the Producing Party that privileged material has been inadvertently produced, all such privileged material and any copies thereof shall immediately be returned to the Producing Party and the receiving party shall not use any such privileged material or privileged information therein for any purpose absent further Order of this Court.

**10.    Class Actions**

This case is currently not a class action.

**11.    Related Cases**

The following three cases have been related before this Court:

*Financial Fusion, Inc. v. Ablaise, Ltd. et al.*, Case No. 06-02461 SBA

*Yodlee, Inc. v. Ablaise Ltd. et al.*, Case No. 06-47222 SBA

*Ablaise Ltd. et al v. Bank of America Corporation*, Case No. 07-01995

The following related cases are pending before another court or administrative body.

*Dow Jones & Co. v. Ablaise Ltd. et al.*, District of Columbia, Civil Action No. 1:06 CV 01014

*Dow Jones Reuters Business Interactive, LLC v. Ablaise Ltd. et al.*, District of Columbia, Civil Action No. 1:06 CV 01015

*Ablaise Ltd. et al v. Lycos, Inc. et al,* District of Massachusetts, 1:06-cv-11592-GAO

**12.     Relief**

Each of the Accused Parties seeks the following relief:

- Declare that each of the Accused Parties and their customers have not infringed any claim of the '737 and '530 patents;
- Declare that the '737 and '530 patents are invalid and unenforceable;
- Declare this case exceptional under 35 U.S.C. § 285 and award each of the Accused Parties its costs, disbursements, and attorney fees in connection with this action under 35 U.S.C. § 285, and any other authority deemed appropriate by the Court; and
- Award each of the Accused Parties any other and further relief as this Court may deem just and proper.

**Ablaise seeks the following relief:**

- Dismissal of the Complaints filed by Financial Fusion and Yodlee and denial of all the relief sought in the Complaints;
- An order enjoining the Accused Parties from infringing, inducing others to infringe, and/or contributing to the infringement of the '737 and '530 patents or, in the alternative, entry of a compulsory license;
- An award to Ablaise of such damages as it shall prove at trial against the Accused Parties, after a full accounting of all damages that Ablaise has suffered as a result of the Accused Parties' unlawful conduct, said damages to be no less than a reasonable royalty;

- An award to Ablaise of all damages so determined for willful infringement, in accordance with 35 U.S.C. § 284, together with prejudgment interest;
- A determination that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Ablaise of the costs of these actions and reasonable attorneys' fees; and
- Such other relief as this Court and/or a jury may determine to be proper and just.

**13.  Settlement and ADR**

The Financial Fusion case was referred to Magistrate Judge Richard Seeborg for a judicial settlement conference that was held on December 11, 2006. At this time, the parties do not believe that settlement efforts can be assisted. Neither the Yodlee DJ Action nor the Bank of America action have yet been assigned to any specific ADR program. Yodlee, Bank of America, and Ablaise have each indicated that they would elect to utilize the Court's ENE program and request assignment to that program.

**14.  Consent to Magistrate Judge for All Purposes**

Ablaise and Yodlee have previously filed declinations to proceed before a United States Magistrate Judge in the Financial Fusion matter and the Yodlee DJ matter.

**15.  Other References**

The parties do not believe that these cases are suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**16.  Narrowing of Issues**

The parties may reach agreements or file dispositive motions, but it is too early in the case to determine the number and subject matter of any such agreements or motions.

**17.    Expedited Schedule**

The parties proposed schedule can be found below. The parties do not believe there is any need for an expedited schedule.

**18.    Scheduling**

The parties propose that the Court adopt the same schedule in all three related cases, as follows:

| Case Event | Date |
|---|---|
| Parties will establish agreed upon procedures for production of documents pursuant to Pat. LR 3-2. | October 10, 2007 |
| Preliminary Infringement Contentions, per Pat. LR 3-1 and 3-2 | The Accused Parties Propose: November 1, 2007<br><br>Ablaise proposes: As soon as possible following agreed upon procedures for production of documents pursuant to Pat. LR 3-2. |
| Preliminary Invalidity Contentions, per Pat. LR 3-3 and 3-4 | Accused Parties Propose: December 17, 2007<br><br>Ablaise proposes: 45 days after Preliminary Infringement Contentions |
| Exchange Proposed Terms for Claim Construction, per Pat. LR 4-1 | Accused Parties Propose: January 7, 2008<br><br>Ablaise Proposes: 21 days after Preliminary Invalidity Contentions |

| | |
|---|---|
| Exchange Preliminary Claim Constructions and Extrinsic Evidence, per Pat. LR 4-2 | Accused Parties Proposes: January 28, 2008 |
| | Ablaise Proposes: 20 days after exchange of disputed terms |
| Joint Claim Construction and Prehearing Statement, per Pat. LR 4-3 | Accused Parties Propose: February 25, 2008 |
| | Ablaise Proposes: 67 days after Invalidity Contentions) |
| Claim Construction Discovery Ends, per Pat. LR 4-4 | Accused Parties Propose: March 26, 2008 |
| | Ablaise Proposes: 30 days after Joint Statement |
| Accused Parties serve Opening Claim Construction Brief, per Pat. LR 4-5 | Accused Parties Propose: April 10, 2008 |
| | Ablaise Proposes: 45 days after Joint Statement |
| Ablaise serves Responsive Claim Construction Brief, per Pat. LR 4-5 | Accused Parties Propose: April 24, 2008 |
| | Ablaise Proposes: 14 days after Opening Brief) |
| Accused Parties serve Reply Claim Construction Brief for First Phase of Hearings, per Pat. LR 4-5 | May 1, 2008 (7 days after Responsive Brief) |
| Tutorial | (Convenience of the Court) |
| *Markman* Hearing | (Convenience of the Court) |
| Case Management Conference Following *Markman* Ruling | (Convenience of the Court) |

**Explanation Regarding the Parties' Different Proposals for Timing of Patent L.R. 3-1 and 3-2 disclosures:**

The parties have not been able to agree on a schedule for the following reason. According to Ablaise, it has been preserving data that might contain documents to be produced pursuant to Patent L.R. 3-2. Ablaise represents that this data currently exists in its original native electronic form on various voluminous media including backup tapes, zip disks, and hard drives. Ablaise

1 contends that in order to ensure this data is not subject to modification or destruction and so that it
2 will not be subjected to claims of evidence spoliation, it needs extra time to establish procedures to
3 ensure the highest probability that they will remain preserved when produced. Under the local
4 rules, Ablaise's documents relating to conception and reduction to practice would be produced ten
5 days after the Case Management Conference, or by October 1, 2007. The Accused Parties have
6 agreed to work with Ablaise to establish mutually acceptable procedures for production by
7 October 10, 2007, and propose that Ablaise produce its conception and reduction to practice
8 documents by no later than November 1, 2007, an extension of one month. Ablaise represents that
9 it cannot at this point provide a certain date as to when it will be able to produce its documents
10 relating to conception and reduction to practice and therefore requests that the date for production
11 of these documents be set after October 10, 2007. The Accused Parties believe that Ablaise, as the
12 patent holder and the party who began asserting the patents almost two years ago, has had ample
13 time to collect and organize its documents relating to conception and reduction and therefore do
14 not agree with leaving the schedule "open-ended" until October 10, 2007.

**19. Trial**

This case will be tried by jury.

The parties request a trial date as follows: Fall, 2009

The parties expect that the trial will last for the following number of days: 14 trial days.

**20. Disclosure of Non-Party Interested Entities or Persons:**

There exist no non-party interested entities or persons.

**21. Other Issues: Claim Construction Proceeding, Pat. L.R. 2-1**

The parties currently do not anticipate the need for live testimony at the Claim Construction Hearing. If, however, a party does propose calling one or more witnesses at the Claim Construction Hearing, any such witnesses will be identified at the time of filing the Joint Claim Construction and Prehearing Statement pursuant to Patent Local Rule 4-3. The parties also

jointly agree that the Court should schedule a telephonic Claim Construction Pre-hearing Conference one month before the scheduled hearing to discuss the structure of the hearing.

By her signature below, counsel for Plaintiff FFI attests that counsel for all parties concur in the filing of this Joint Case Management Conference Statement.

Dated: September 6, 2007

By: /s/Linda J. Thayer
Linda J. Thayer, Esq. (SBN 195,115)
linda.thayer@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Tel.: (650) 849-6600
Fax: (650) 849-6666

Attorneys for Plaintiff
FINANCIAL FUSION, INC.

Dated: September 6, 2007

By: /s/Cyrus A. Morton
Cyrus A. Morton (*Admitted Pro Hac Vice*)
Robins Kaplan Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel.: (612) 349-8500
Fax: (612) 339-4181

Attorneys for Defendants
ABLAISE LTD. and GENERAL INVENTIONS INSTITUTE A, INC.

Dated: September 6, 2007

By: /s/David M. Barkan
David M. Barkan (SBN 160,825)
barkan@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel.: (650) 839-5070
Fax: (650) 839-5071

Attorneys for Plaintiff
YODLEE, INC.

Attorneys for Defendant
BANK OF AMERICA CORPORATION

**JOINT CMC STATEMENT**
**Case Nos. C 06-02451, C06-07222, C07-01995-SBA**

**[PROPOSED] ORDER**

The Court adopts the schedule above as its Case Management Order. In addition, the Court orders _____

ORDERED this ____ day of _____, 2007.

_____
The Honorable Saundra B. Armstrong
United States District Judge