David M. Barkan (CSB No. 160825/barkan@fr.com)
Craig R. Compton (CSB No. 215491/compton@fr.com)
Jonathan J. Lamberson (CSB No. 239107/lamberson@fr.com)
Christina D. Jordan (CSB No. 245944/jordan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for
YODLEE, INC. and BANK OF AMERICA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINANCIAL FUSION, INC. <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC. <br><br> Defendants. | Case No. C 06-02451 SBA <br><br> **FINANCIAL FUSION, YODLEE, AND BANK OF AMERICA'S RESPONSE TO ABLAISE'S MOTION FOR ADMINISTRATIVE RELIEF** |
| YODLEE, INC. <br><br> Plaintiff, <br><br> v. <br><br> ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC. <br><br> Defendants. | **RELATED CASE** <br><br> Case No. C 06-07222 SBA |
| ABLAISE LTD. and GENERAL INVENTORS INSTITUTE A, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br><br> Defendant. | **RELATED CASE** <br><br> Case No. C 07-01995 SBA |

1    Instead of simplifying the record, Ablaise's Motion for Administrative Relief further
2 confuses the procedural status of the '530 patent and does nothing to resolve the issues still
3 pending before the Court in Ablaise's original Motion for a Case Management Order, filed in
4 January.  (*See* D.I. 54).  Even worse, Ablaise's Motion incorrectly asserts that the case is currently
5 on hold because of requests made by the accused parties related to settlement discussions.  In fact,
6 the case's current status has nothing to do with settlement discussions or any request by the
7 accused parties – no *Markman* hearing is currently scheduled because of Ablaise's own pending
8 Motion for a Case Management Order, which will determine what patents remain in this suit.
9 Notably, Ablaise's current Motion omits any mention of the joint case management conference
10 statements the parties filed in May, where the accused parties made it clear that it was the
11 uncertainty surrounding the '530 patent – not settlement discussions – that made it impractical to
12 schedule a *Markman* hearing.

13   Ablaise begins by writing that the accused parties, "persuaded the Court to remove all
14 deadlines in these cases from the calendar pending what they represented to the Court was their
15 intention to settle the cases on the basis of a proposal made by Ablaise in April of this year."  This
16 is demonstrably false for at least two reasons: First, Ablaise itself joined in a stipulation stating
17 that the parties were, "actively engaged in settlement negotiations that seem likely to resolve these
18 three litigations in the next few weeks without the expense of a claim construction hearing."
19 (Lamberson Decl., Ex. A).  Second, the accused parties never requested the removal of all case
20 deadlines – they asked the Court to resolve the issues raised by *Ablaise* in its pending Motion for a
21 Case Management Order before engaging in claim construction. (Lamberson Decl., Ex. B).  Any
22 delay is the result of Ablaise's own representations to this Court, and its own Motion for a Case
23 Management Order, not the result of any actions by the accused parties.

24   Indeed, the Court would have had to resolve Ablaise's pending motion before it could hold
25 a *Markman* hearing.  As the Court may recall, Ablaise was the first party to inject the '530 patent
26 into these suits – it did so in October of 2006, when it amended its complaint in Delaware to assert
27 the '530 patent against Bank of America.  This gave both Yodlee and Financial Fusion reasonable
28 apprehension: they added the '530 patent to their declaratory judgment suits, and Ablaise

1

FINANCIAL FUSION, YODLEE, & BANK OF AMERICA'S
RESPONSE TO ABLAISE'S MOTION FOR ADMIN. RELIEF
Case No. C 07-01995 SBA

*counterclaimed that both infringed that patent.* Then, after accusing *every single party* of infringing the '530 patent, Ablaise completely failed to provide *any* infringement contentions under the '530 patent as required by the Patent Local Rules. Yet Ablaise still insisted on construing claims from that patent, and then moved shortly before claim construction to add infringement allegations against Bank of America. The accused parties asked the Court to strike these late allegations, and to dismiss the '530 patent with prejudice. The Court could not conduct a *Markman* hearing without knowing which patents it had to construe, and the Court stated that it would require additional briefing on these issues before it could engage in claim construction.

Ablaise's statement that it now "withdraws without prejudice its motion to amend its infringement contentions to include the '530 patent" has no impact, especially since Ablaise adds a footnote that it "reserves its right" to later move to add the '530 patent back into this suit. Ablaise appears to be asking the Court for the right to pursue piecemeal *Markman* proceedings – something not contemplated by the Local Rules or this Court's practice. Moreover, whether Ablaise wants to pursue this patent or not – a question that it apparently cannot answer – Yodlee and Financial Fusion have brought declaratory judgment claims seeking judgments of non-infringement and invalidity regarding the '530 patent. Yodlee and Financial Fusion also seek declaratory relief that customers other than Bank of America do not infringe both patents-in-suit. These customers use some of the same product suites that Ablaise accuses of infringement in this suit, and indeed Ablaise contacted some of these additional customers as it pursued licenses for its patents. If Ablaise wants to unilaterally remove the '530 patent from this suit, or unilaterally limit this suit to only the Bank of America website, it must give the parties a covenant not to sue.[1] Ablaise cannot simply hold these causes of action in abeyance and choose to assert them whenever it wishes at some unknown later date.

Indeed, Ablaise apparently attempted the same strategy in related litigation in the District of Columbia. Ablaise attempted to dismiss the '530 patent from the *Dow Jones* litigation, even offering the accused party in that litigation a limited covenant not to sue. But the district court in

---

[1] *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) (dismissing declaratory judgment suit once patentee unconditionally agreed not to sue).

1  Dow Jones denied Ablaise's motion to dismiss the '530 patent because Ablaise's proposed
2  covenant not to sue was not broad enough to comply with Federal Circuit precedent. (*See*
3  Lamberson Decl., Exs. C-F). In this case, Ablaise is not even offering a covenant not to sue, nor is
4  it suggesting that the '530 patent be dismissed from the litigation – Ablaise essentially seeks leave
5  to add and drop the '530 from these suits whenever it wishes. This defeats the purpose of the
6  accused parties declaratory judgment counterclaims, and runs contrary to the Patent Local Rules,
7  which require early disclosure of any infringement contentions.

8  By asking the Court to immediately proceed with a *Markman* hearing and discovery,
9  Ablaise invites piecemeal litigation. Ablaise apparently seeks claim construction only on the '737
10 patent, while reserving its right to seek construction of the '530 patent at a later date. Ablaise
11 seeks discovery on the Bank of America website, while again reserving its right to go after
12 additional customers of both Yodlee and Financial Fusion at a later date. This wastes the
13 resources of the parties and the Court, and the accused parties request that the Court resolve the
14 outstanding issues raised by Ablaise in its pending motions before proceeding with a *Markman*
15 hearing.[2]

16 **CONCLUSION**

17 Yodlee, Bank of America, and Financial Fusion are ready to provide any additional
18 briefing the Court may find of assistance on the several outstanding issues raised by Ablaise's
19 pending motions, including the dismissal of the '530 patent with prejudice (or conditioned on a
20 covenant not to sue that complies at a minimum with Federal Circuit precedent), and the status of
21 other Yodlee and Financial Fusion customers.

22 / / /
23 / / /

---

[2] The accused parties also request that the Court honor the stipulation between the parties that discovery only begin after claim construction. (*See* D.I. 38 at 7 ("Discovery shall be limited to issues relating to claim construction until after the Markman hearing")).

1  Dated: September 25, 2008                FISH & RICHARDSON P.C.

2

3                                                    By: /s/ Jonathan J. Lamberson
                                                         Jonathan J. Lamberson
4
                                                     Attorneys for YODLEE, INC. and BANK OF
5  50610487.doc                                      AMERICA CORP.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28