# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOW JONES & COMPANY, INC, ) | Civil Action No. 1:06-CV-01014 | |
| ) | | |
| Plaintiff, ) | Judge James Robertson | |
| ) | | |
| v. ) | | |
| ) | | |
| ABLAISE LTD. ) | | |
| and ) | | |
| GENERAL INVENTIONS ) | | |
| INSTITUTE A, INC., ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| DOW JONES REUTERS BUSINESS ) | Civil Action No. 1:06-CV-01015 | |
| INTERACTIVE, LLC d/b/a FACTIVA, ) | | |
| ) | Judge James Robertson | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| ABLAISE LTD. ) | | |
| and ) | | |
| GENERAL INVENTIONS ) | | |
| INSTITUTE A, INC., ) | | |
| ) | | |
| Defendants. ) | | |

## MOTION TO DISMISS THE '530 PATENT

### INTRODUCTION

Dow Jones can no longer maintain subject matter jurisdiction over its declaratory judgment claims relating to the '530 patent because Ablaise offers a covenant not to sue Dow Jones on the '530 patent. While dismissal of the '530 patent should not be controversial, Ablaise and GIIA (collectively "Ablaise") are required to file this motion because Dow Jones refuses to voluntarily dismiss its claims relating to the '530 patent—despite Ablaise's assurances that it

80265661.1

will not sue Dow Jones on the '530 patent for Dow Jones' existing products—unless Ablaise promises not to sue Dow Jones' parent company, News Corporation. Dow Jones' demand, of course, is legally irrelevant to whether this Court has jurisdiction over Dow Jones' claims on the '530 patent. Just as News Corporation's relationship as the parent company of Dow Jones is insufficient, absent piercing of the corporate veil, for Ablaise to sue News Corporation for Dow Jones' infringing activities; that same relationship is irrelevant to whether Dow Jones can maintain subject matter jurisdiction for Dow Jones' declaratory judgment action against Ablaise. Ablaise, therefore, respectfully requests that this Court dismiss Dow Jones' claims regarding the '530 patent for lack of subject matter jurisdiction.

## FACTS

**I.    There Is No Controversy Between Ablaise and Dow Jones Regarding the '530 Patent.**

Dow Jones filed this lawsuit seeking a declaratory judgment of non-infringement and invalidity of Ablaise's '530 and '737 patents. Since then, the parties have gone through the Markman process and conducted discovery. Before expert reports were due, Ablaise explained to Dow Jones that Ablaise would not assert infringement claims for the '530 patent against Dow Jones. Exh. A. Ablaise, furthermore, offered a covenant not to sue Dow Jones on the '530 patent for its current products if Dow Jones agreed to dismiss its declaratory judgment claims relating to the '530 patent. Exh. B.

Dow Jones, however, refused to dismiss the '530 patent from the case. Exh. B. While Dow Jones agreed that a covenant not to sue on the '530 patent for existing products—as opposed to a covenant for the future—was sufficiently tailored, Dow Jones explained that it would only dismiss the '530 patent from the case upon the excessive demand that Ablaise covenant not to sue Dow Jones' new parent corporation, News Corporation, as well. Exh. B.

Ablaise denied this demand, and is now left to seek relief from this Court to avoid unnecessary time and expense for the parties and the Court.

## ARGUMENT

Ablaise and Dow Jones have no dispute or controversy regarding the '530 patent. This Court, therefore, does not have subject matter jurisdiction to preside over Dow Jones' declaratory judgment action relating to the '530 patent. Dow Jones' further pursuit, moreover, is wasteful of the parties' costs and expenses, and this Court's time and resources. Likewise, Dow Jones' current position is meritless, as News Corporation is irrelevant to establishing a sufficient controversy over the '530 patent.

### I. Ablaise's Covenant Not to Sue Dow Jones on the '530 Patent Divests this Court of Subject Matter Jurisdiction to Preside Over Dow Jones' Declaratory Judgment Action Relating to the '530 Patent.

Dow Jones bears the burden of establishing and maintaining subject matter jurisdiction at all stages of its lawsuit. See, e.g., Benitec Australia, Ltd v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed. Cir. 2007). A case, therefore, must be dismissed for lack of subject matter jurisdiction if at any time there is not a live "case or controversy," even if jurisdiction existed at the time the complaint was filed Id. (citing Steffel v. Thompson, 415 U.S. 452 n.10 (1974)). Here, Dow Jones cannot meet its burden of establishing a live case or controversy and, therefore, subject matter jurisdiction over its claims relating to the '530 patent because Ablaise will unconditionally covenant not to sue Dow Jones on the '530 patent.

To maintain a declaratory judgment action in a patent case, Dow Jones must "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771 (2007). This standard replaced the Federal Circuit's previous "reasonable apprehension of suit" test. See, e.g., SanDisk

- 3 -

80265661.1

Corp. v. STMicroelectronics NV, 480 F.3d 1372, 1380 (Fed. Cir. 2007). Even if jurisdiction was initially present, however, the Federal Circuit has explained that a district court is divested of subject matter jurisdiction over an alleged infringer's declaratory judgment claims if the patentee covenants not to sue the alleged infringer before the issue of infringement is decided by the court or a jury. See, e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1348 (Fed. Cir. 2005) (recognizing that a covenant not to sue before consideration or resolution of the underlying infringement claim divests a court of subject matter jurisdiction over alleged infringer's declaratory judgment claims). While the Federal Circuit decided Super Sack before the MedImmune decision, the Federal Circuit has since affirmed that the Super Sack test applies with the same effect under the MedImmune declaratory judgment standard. See Nucleonics, 495 F.3d at 1346-48; Crossbow Tech., Inc. v. YH Tech., 531 F. Supp. 2d 1117, 1120 (N.D. Cal. 2007) ("The Federal Circuit's decision in Nucleonics, however, clarifies that a covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction, even under the new [MedImmune] legal standard.").

In this case, Dow Jones has been *Super Sacked*. Ablaise will unconditionally agree not to sue Dow Jones on the '530 patent before this Court or a jury has decided the issue of infringement.[1] This Court, therefore, no longer has subject matter jurisdiction over Dow Jones'

---

[1] For the sake of formality, Ablaise offers the following covenant: Ablaise, on behalf of itself and any successors-in-interest to the '530 patent, will release and unconditionally covenant not to sue Dow Jones & Company, Inc., or any of its subsidiaries or divisions, including but not limited to Dow Jones Reuters Business Interactive, LLC d/b/a Factiva ("Dow Jones"), for infringement of the '530 patent as of the date of this agreement based on Dow Jones' manufacture, importation, use, sale and/or offer for sale of currently existing products or use of methods. This covenant does not include Dow Jones' parent company, News Corporation, or any of News Corporation's subsidiaries, divisions or other affiliates which are not expressly included in the covenant.

Ablaise's recitation in this brief is sufficient to divest this Court of jurisdiction. See, e.g., Super Sack, 57 F.3d at 1059 (explaining that counsel's statement that "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based on the products currently manufactured and sold by Chase" in motion papers was a sufficient form to divest the court of jurisdiction).

- 4 -

claims relating to the '530 patent. Dow Jones' demand, moreover, that Ablaise include News Corporation in Ablaise's covenant not to sue is irrelevant.

## II. Dow Jones' Demand That Ablaise Covenant Not to Sue News Corporation Is Irrelevant and Immaterial.

Dow Jones is a legally distinct entity from News Corporation, and News Corporation has no effect on whether Dow Jones can establish subject matter jurisdiction over Dow Jones' declaratory judgment action. Absent a situation where piercing the corporate veil is appropriate, a parent company is a distinct entity from its subsidiary and the parent will not be liable for acts by the subsidiary. See, e.g., Penick v. Frank E. Basil, Inc. of Delaware, 579 F. Supp. 160, 165 (D.D.C. 1984). This fundamental principle of corporations, of course, is applicable in the context of patent law. In the patent law context, for instance, the Northern District of Illinois most clearly explained that "just as a having a parent/subsidiary relationship is not sufficient, without more, to warrant a suit against the parent for patent infringement by its subsidiary, being a parent corporation is not sufficient to give a party the right to seek a declaratory judgment regarding the legality of its subsidiary's conduct." Boler Co. v. Raydan Mfg., Inc., 415 F. Supp. 2d 896, 902 n.5 (N.D. Ill. 2006).

Here, News Corporation is legally irrelevant to whether Dow Jones can establish its continuing burden to maintain subject matter jurisdiction. There are no facts that suggest News Corporation would have standing to bring a declaratory judgment action on its own against Ablaise. Nor has Dow Jones ever previously suggested that Dow Jones is an *alter ego*, or mere instrumentality of News Corporation, warranting piercing of the corporate veil. There is simply no basis for Dow Jones to include News Corporation in a jurisdictional analysis. Ablaise's covenant not to sue Dow Jones on the '530 patent divests this Court of jurisdiction over that patent.

## Conclusion

For the foregoing reasons, Ablaise respectfully requests that Dow Jones' declaratory judgment claims relating to the '530 patent are dismissed for lack of subject matter jurisdiction.

DATED: July 21, 2008

**COCHRAN & OWEN LLC**

By: /s/ Amy S. Owen
    Amy S. Owen #411601
    aowen@cochranowen.com
    Ben Selan #495232
    bselan@cochranowen.com
    8000 Towers Crescent Drive, Suite 160
    Vienna, VA 22182
    Ph: 703-847-4480
    Fx: 703-847-4499

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

/s/ Patrick M. Arenz
Ronald J. Schutz
Jake M. Holdreith
Cyrus A. Morton
Patrick M. Arenz

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500
**ATTORNEYS FOR DEFENDANTS
ABLAISE LTD. AND
GENERAL INVENTORS INSTITUTE A, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Motion to Dismiss the '530 Patent** was sent by first class mail, postage prepaid, and/or electronic mail to the following on this 21st Day of July:

Steven Lieberman, Esq.
slieberman@rothwellfigg.com
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street NW, Suite 800
Washington, DC 20005
Ph: 202-783-6040
Fx: 202-783-6031

*Attorney for Plaintiffs*
*Dow Jones*

/s/ Amy Owen
Amy Owen #411601
Ben Selan #495232
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
Ph: (703) 847-4480
Fx: (703) 847-4494

*Counsel for Defendants*

MP-Primary 80024394.1