# EXHIBIT E

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOW JONES & COMPANY, INC, | ) | Civil Action No. 1:06-CV-01014 |
| | ) | |
| Plaintiff, | ) | Judge James Robertson |
| | ) | |
| v. | ) | |
| | ) | |
| ABLAISE LTD. | ) | |
| and | ) | |
| GENERAL INVENTIONS | ) | **Oral Hearing Requested** |
| INSTITUTE A, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DOW JONES REUTERS BUSINESS | ) | Civil Action No. 1:06-CV-01015 |
| INTERACTIVE, LLC d/b/a FACTIVA, | ) | |
| | ) | Judge James Robertson |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABLAISE LTD. | ) | |
| and | ) | |
| GENERAL INVENTIONS | ) | **Oral Hearing Requested** |
| INSTITUTE A, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY MEMORANDUM TO DOW JONES' OPPOSITION TO ABLAISE'S MOTION TO DISMISS THE '530 PATENT

## INTRODUCTION

The law is clear that a covenant not to sue before the Court or jury decides infringement divests a court of subject matter jurisdiction as a matter of law over a declaratory judgment claim or counterclaim of invalidity. Dow Jones offers no legal reason why News Corporation and its subsidiaries—separate legal entities—should factor into whether or not this Court has jurisdiction over Dow Jones' invalidity claims over the '530 patent. Ablaise, therefore, respectfully requests that the Court dismiss Dow Jones' invalidity claim relating to the '530 patent. In the alternative, if the Court retains jurisdiction over the '530 patent based on Dow Jones' representations that it is proceeding with its invalidity claim for News Corporation's interests and benefit, then Ablaise requests a ruling that News Corporation and all its subsidiaries are bound by the result of Dow Jones litigating the validity of the '530 and '737 patents.

## ARGUMENT

### I.    Dow Jones' Objections to Ablaise's Covenant Not to Sue Are Incorrect and Moot.

Ablaise offered a sufficient covenant not to sue that divests this Court of jurisdiction over Dow Jones's declaratory judgment action relating to the '530 patent. Dow Jones' objections that the covenant did not extend to past products or include licensees are mere smokescreens.[1] The parties met and conferred on this issue earlier, and Dow Jones explained that it had no objection to Ablaise's covenant not to sue except that the covenant did not include all of News Corporation. See Ablaise Mem. of Law Exh. B ("As you'll recall you indicated that, in order to dismiss the '530 patent from these cases, a covenant not to sue on currently existing products would be sufficient."). Except for News Corporation, in fact, the covenant not to sue that

---

[1] Similarly, Dow Jones' baseless assertion that Ablaise's decision not to assert infringement of the '530 patent is a strategic decision in the face of summary judgment is also a red herring—and incorrect. Ablaise is not asserting infringement of the '530 patent based on its review and analysis of the discovery—and specifically the source code—produced by Dow Jones. Indeed, the claim charts that Ablaise refers to were submitted on November 19, 2007 and explicitly note that they are preliminary and without Dow Jones' source code—which, of course, was not produced until January and through May, 2008. See Dow's Opp. Exh. 2.

Ablaise offered is almost identical to the covenant proposed by Dow Jones.  Cf. Dow's Opp.

Exh. 4 with Ablaise Mem. of Law at 4 n.1.  Accordingly, Dow Jones' trivial objections should be

ignored.

In addition, the covenant not to sue that Ablaise offered matches the covenant that the

Federal Circuit has found divest jurisdiction over claims of invalidity.    See, e.g., Benitec

Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1345-46 (Fed. Cir. 2007) (explaining that the

Super Sack Court held that "Super Sack's unconditional agreement 'not to sue Chase for

infringement as to any claim of the patents-in-suit based upon the products **currently**

manufactured and sold by Chase' was sufficient to divest the court of jurisdiction") (emphasis

added).  As a matter of law, then, Ablaise's covenant was sufficient because it matched the

requirements that the Federal Circuit has adopted.  To assuage Dow Jones' ostensible concerns,

nonetheless, Ablaise incorporates herein that Ablaise's covenant not to sue extends to Dow

Jones' past products or use and includes Dow Jones' licensees' use of any Dow Jones' website or

product.[2]

## II.    Ablaise's Covenant Not to Sue Divested this Court of Jurisdiction as a Matter of Law According to Federal Circuit Case Law.

As the Federal Circuit has made clear, Ablaise's covenant not to sue divested this Court

of jurisdiction as a matter of law to hear Dow Jones' invalidity claims over the '530 patent.  The

critical fact that Dow Jones ignores in its opposition is that neither this Court nor a jury has

decided the issue of infringement.  The law is clear: if a patentee covenants not to sue the patent

---

[2] Ablaise is willing to offer this covenant regarding Dow Jones' licensees even though Dow Jones' reliance on WS Packaging Group, Inc. v. Global Commerce Group, LLC is misplaced.  In WS Packaging, the court determined jurisdiction existed because the patentee had threatened the plaintiff's customers and the plaintiff had an indemnity agreement with one of the customers requiring the plaintiff to defend an infringement suit.  See 2007 U.S. Dist. LEXIS 5187, at *11.  The court determined this to be a sufficient legal harm to satisfy jurisdiction.  Id.  But Dow Jones has not made this showing here.  Dow Jones has not identified any licensees that Ablaise has threatened, nor has Dow Jones come forward with any indemnification agreements.  The critical facts that the court based its decision on in WS Packaging, therefore, are not present in this case.

challenger before the court or jury decides infringement, then the court is divested of jurisdiction to hear the patent challenger's invalidity claims. See, e.g., Super Sack Mfg., Corp. v. Chase Packaging, Corp., 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); Benitec, 495 F.3d at 1347-48; MedImmune, Inc. v. Genetech, Inc., 535 F. Supp. 2d 1000, 1005 (C.D. Cal. 2008) (explaining that a covenant not to sue eliminates subject matter jurisdiction for declaratory judgment claims as long as the covenant is "made before the Court considers and decides the issue of infringement"). The only time the Federal Circuit allows an invalidity challenge to go forward with their claims in spite of a covenant not to sue is in a "unique procedural posture" where the court or the jury has already decided infringement. See Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1348 (Fed. Cir. 2005) (finding covenant not to sue following jury verdict of non-infringement did not divest court of jurisdiction over challenger's counterclaims). Indeed, the only case that Dow Jones relies on to contend that this Court does have jurisdiction following Ablaise's covenant not to sue affirms this general rule of law.

Dow Jones' assertion that this case has "similar circumstances" to the Silicon Graphics Inc. v. ATI Techs., Inc. case is a misrepresentation and underscores Dow Jones' fundamental misunderstanding of the law in this field. In Silicon Graphics, unlike in this case, the court granted summary judgment of non-infringement to the defendant on 21 of the 25 claims asserted. See generally Silicon Graphics Inc. v. ATI Techs., Inc., 2008 U.S. Dist. LEXIS 7406 (W.D. Wis. Jan. 30, 2008). Literally on the eve of trial, moreover, the patentee withdrew the four remaining claims. See Silicon Graphics Inc. v. ATI Techs., Inc., U.S. Dist. LEXIS 2008 U.S. Dist. LEXIS 23775 at *3 (W.D. Wis. Mar. 25, 2008) (different citation). The Silicon Graphics Court, therefore, read the Fort James exception as applying "when a 'trial of the infringement issue has taken place,' or at least before the parties have expended the 'considerable effort' connected with preparing for a trial." Id. at *10. The court concluded that it has discretion to exercise

- 4 -

jurisdiction "once the infringement claims have been decided favorably to the alleged infringer." Id. at *12-13.

Here, the case is fundamentally different. Most critical to the analysis, this Court has not decided summary judgment of non-infringement—and will not do so for quite some time. Nor have the parties prepared for trial at all. There is not even a trial date. While this issue arose in July and should have been resolved then, even now the parties are in the middle of expert discovery. Quite simply, Dow Jones has no basis in Federal Circuit precedent or even non-precedential case law to make the assertion that this issue comes down to judicial economy.

Even if it did, Dow Jones does not even discuss the factors that the <u>Silicon Graphics</u> Court considered in deciding whether to exercise jurisdiction. Instead, Dow Jones makes conclusory assertions about judicial economy and ignores the explicit direction that the court provided. Specifically, the court decided to exercise jurisdiction based on four factors: whether (1) invalidity claims were raised as counterclaims rather than simply as affirmative defenses; (2) the court has expended significant effort in deciding the complex motion for summary judgment on the infringement claims; (3) there remains a possibility that the summary judgment ruling will be reversed on appeal; and (4) defendants have prepared for trial of the claims. Id. at *12-13. All these conditions were satisfied in <u>Silicon Graphics</u>. Id. at *13. Here, three of these four factors—all except the first factor—are not satisfied and weigh in favor of Ablaise.

## III.   News Corporation and Its Other Subsidiaries Have No Involvement or Relevance to This Motion.

At no point in Dow Jones' opposition does Dow Jones address how News Corporation and its other subsidiaries have any legal relevance to a jurisdictional analysis for Dow Jones. Indeed, Dow Jones cannot for two reasons.

First, contrary to Dow Jones' assertion, "Dow Jones [sic] affiliates" do not have "a real and substantial controversy with Ablaise over the validity of the '530 patent." Dow Opp. at 5. In regards to Dow Jones' speculation *imagining* if the New York Post decides to use Wall Street Journal technologies, the Federal Circuit has made clear that future products do not establish declaratory judgment jurisdiction even for a party that is currently in suit. See, e.g., Super Sack, 412 F.3d at 1060 ("The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity."); Taylor Brands, LLC v. SOG Specialty Knives, Inc., 2008 WL 413625 at *2 (E.D. Tenn. Feb. 13, 2008) (explaining that "nebulous future events" are not sufficient to satisfy jurisdiction). Similarly, Dow Jones' reference to Fox Business and Smartmoney.com entities is equally without merit. Ablaise has not had any contact with either of these entities and, therefore, courts have rejected the notion that they would have jurisdiction to bring a declaratory judgment action. See, e.g., SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (explaining that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, **without some affirmative act by the patentee**" (emphasis added)).

Second, even if News Corporation and its subsidiaries had a basis to bring a declaratory action, that has no bearing on whether Dow Jones has jurisdiction for its claim that the '530 patent is invalid because Dow Jones is a separate legal entity from News Corporation and its subsidiaries. "Except in unusual circumstances, courts will not disregard the separate identities of a parent and its subsidiary, even a wholly-owned subsidiary." Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d 25, 60 (D.D.C. 2007). Because Dow Jones and News Corporation have separate identities, Dow Jones' actions cannot be imputed to News

- 6 -

Corporation. This is the exact conclusion reached in <u>Boler Co. v. Raydan Mfg., Inc.</u>, 415 F. Supp. 2d 896, 902 n.5 (N.D. Ill. 2006), addressing this exact situation, which Dow Jones does not even attempt to address in its opposition. <u>See</u> <u>also</u> <u>Tegal Corp. v. Tokyo Electron Co.</u>, Ltd., 248 F.3d 1376, 1379 (Fed. Cir. 2001) (refusing to find parent company responsible for direct infringement based on subsidiary's actions absent piercing the corporate veil); <u>Aspex Eyewear, Inc. v. Altair Eyewear, Inc.</u>, 361 F. Supp. 2d 210, 216-217 (S.D.N.Y. 2005) (same). Dow Jones' silence on this point speaks loudly as a concession that Dow Jones has no rebuttal.

The alternative to the situation where Dow Jones and News Corporation have separate corporate identities, of course, is that they share one corporate identity. In that case, this is News Corporation's one chance to contest the validity of the '530 (and '737, for that matter) patent. <u>See</u> <u>generally</u> <u>Pactiv Corp. v. Dow Chemical Co.</u>, 449 F.3d 1227 (Fed. Cir. 2006) (finding *res judicata* barred infringer's claim that patents were invalid); <u>Hebert v. Lisle Corp.</u>, 99 F.3d 1109, 1113-14 (Fed. Cir. 1996) (refusing to grant infringer second trial on validity after jury found patent valid and party did not appeal). Quite simply, Dow Jones and News Corporation cannot have it both ways: they either have separate identities and interests, to which Dow Jones's actions cannot be imputed to News Corporation; or, they have one identity and interest and their interest in the validity of the patents-in-suit can only be litigated once.

## CONCLUSION

For the forgoing reasons, Ablaise respectfully requests that this Court dismiss Dow Jones' invalidity claim regarding the '530 patent. Alternatively, Ablaise requests that this Court hold that News Corporation and all its subsidiaries are bound by the result of Dow Jones litigating the validity of the '530 and '737 patents.

- 7 -

DATED:  August 20, 2008                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**


By:  s/ Patrick M. Arenz _____
     Ronald J. Schutz
     Jake M. Holdreith
     Cyrus A. Morton
     Patrick M. Arenz

     2800 LaSalle Plaza
     800 LaSalle Avenue
     Minneapolis, MN 55402-2015
     612-349-8500

**COCHRAN & OWEN LLC**

By:  s/ Ben Selan _____
     Amy Owen #411601
     Ben Selan #495232

     8000 Towers Crescent Drive, Suite 160
     Vienna, VA 22182
     703-847-4480

**ATTORNEYS FOR**
**DEFENDANTS ABLAISE LTD. AND**
**GENERAL INVENTORS INSTITUTE A, INC.**